UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                             Case No. 22-15694-SMG

DAREN C. DALY,                                     Chapter 11 (Sub V)

    Debtor
_____/

**DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY
ISAAC M. MARCUSHAMER AND THE LAW FIRM OF DGIM LAW, PLLC,
AS COUNSEL NUNC PRO TUNC TO THE PETITION DATE**

Debtor-in-Possession, DAREN C. DALY (the "Debtor"), respectfully submits this application (the "Application"), pursuant to 11 U.S.C. §§327 and 1184, Fed. R. Bankr. P. 2014, 2016, and Local R. S.D. Fla. 2014-1[1], requesting the Court enter an order authorizing it to employ Isaac M. Marcushamer, Esq. ("Marcushamer") of the law firm DGIM Law, PLLC ("DGIM Law") to represent it in this case, *nunc pro tunc* to the Petition Date, and states:

    1.    On July 26. 2022, the Debtor filed a voluntary petition under chapter 11 of the United States Bankruptcy Code (the "Petition Date").

    2.    Debtor desires to employ Marcushamer along with the DGIM law team that includes: Monique D. Hayes, Esq., Daniel Y. Gielchinsky Esq., and Colleen Hopkins as a senior paralegal as its attorneys in this case.

    3.    Debtor believes that Marcushamer and DGIM are qualified to practice in this Court and are qualified to advise Debtor on its relations with, and responsibilities to, the creditors and other interested parties.

---

[1] To the extent necessary, the Applicant seeks approval of the retainer held by DGIM pursuant to 11 U.S.C. §363(b). To the best of the applicant's knowledge there are no secured creditors in this case.

4. The professional services Marcushamer and DGIM will render are summarized as follows:

   a. To give advice to the debtor with respect to its powers and duties as a debtor in possession and the continued management of its business operations;

   b. To advise Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

   c. To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

   d. To protect the interests of Debtor in all matters pending before the Court; and

   e. To represent Debtor in negotiation with its creditors in the preparation of a Plan.

5. To the best of Debtor's knowledge, and except as otherwise disclosed in the Declaration of Isaac Marcushamer, Esq (as defined below), neither Marcushamer nor any DGIM employees have any connection with the creditors or other parties in interest or their respective attorneys. Neither Marcushamer nor any DGIM employees represent any interest adverse to Debtor.

6. Attached as **Exhibit A** to this Motion is the Declaration of Isaac Marcushamer, Esq. ("Marcushamer Declaration") demonstrating that Marcushamer and DGIM are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014. As set forth in the Marcushamer Declaration, DGIM has indicated that it is ready and willing to act as Debtor's counsel in this case and render necessary professional services as counsel to the Debtor on the terms described herein. The retention of DGIM is appropriate and necessary to enable the Debtor to faithfully execute its duties as Debtor and Debtor-in-possession.

7. Pursuant to Local Rule 2014-1, attached as **Exhibit B** is a copy of the executed Engagement Letter, executed by both Debtor and DGIM.

**WHEREFORE**, the Debtor, DAREN C. DALY respectfully requests that the Court enter an Order authorizing it to employ Isaac M. Marcushamer, Esq.. and DGIM Law pursuant to 11 U.S.C. §§ 327 and 330, *nunc pro tunc* from the Petition Date, and such other and further relief as the Court deems just and equitable.

The Debtor DAREN C. DALY
authorizes this filing.

By _____
DAREN C. DALY

DGIM Law, PLLC
*Proposed Counsel for the Debtor, Daren C. Daly*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

/s/ Isaac Marcushamer
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
Email: isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0843571
Email: monique@dgimlaw.com

3

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the forgoing Application was filed and served via CM/ECF notification to all parties registered to receive electronic notice on this 26th day of July, 2022.

/s/ Isaac Marcushamer
Isaac Marcushamer, Esq.
Florida Bar No. 0060373

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                            Case No. 22-

DAREN C. DALY,                                         Chapter 11 (Sub V)

    Debtor
_____/

**DECLARATION OF ISAAC M. MARCUSHAMER FOR DGIM LAW, PLLC, AS PROPOSED COUNSEL TO THE DEBTOR**

1. I am Isaac Marcushamer. I am an attorney admitted to practice law in the State of Florida, the United States District Court for the Southern District of Florida, and qualified to practice in this Court.

2. Through my professional association corporation, I am a member of the law firm DGIM Law, PLLC ("DGIM Law"). Our office is located at Turnberry, Plaza, 2875 NE 191st Street, Suite 705 Aventura, FL, 33180. I respectfully offer this declaration in support of the *Debtor-In-Possession's Application for Employment of Isaac Marcushamer and the Law Firm of DGIM Law, PLLC, as Counsel To the Debtor Nunc Pro Tunc to the Petition Date* (the "Retention Application").

3. I declare as follows:

    (a) This Declaration is based on facts which I have personal knowledge.

    (b) My DGIM Law colleagues and I have reviewed the materials the Debtor's management provided to us identifying its creditors and interested parties, as reflected on the matrix we filed with the Court. Under my direction, DGIM Law has searched the information we obtained from the Debtor's management against the information and files contained in DGIM Law's information technology system

for conflicts checks. Specifically, I have caused the following to occur: (i) a computer search of our firm's relevant records of the names of the Debtor and the known creditors, and (ii) disseminated a written request for information to all attorneys in our firm regarding connections to the Debtor and the creditors of the Debtor. I have determined that DGIM Law does not represent any entity in a matter which has an adverse interest to this case.

(c) DGIM Law's client conflict check system is comprised of records regularly maintained during business of the firm and we regularly make and maintain these records. I am one of the persons who is responsible for keeping our systems up-to-date, and I regularly use and rely on the information in these systems to perform of my duties with the law firm and in my law practice.

4. A search of the firm's conflict check system did not reveal any matter which constitutes the representation of a person or entity in a matter which has an adverse interest to this case or otherwise constitutes any conflict of interest defined by the Rules Regulating the Florida Bar. Accordingly, neither I nor DGIM Law represent any interest adverse to the debtor, or the estate. DGIM Law and I are disinterested persons as required by 11 U.S.C. §327(a).

5. Except for the continuing representation of the Debtor, neither I nor DGIM Law has or will represent any other entity in this case and neither I nor DGIM will accept any fee from any other party or parties in this case, except the debtor in possession or as disclosed below.

6. Prior to the Petition Date, DGIM Law received an advance retainer from Daren C. Daley, in the amount of $68,143.00 (the "Retainer). The Retainer was received in the following amounts on the following dates:

    1. June 21, 2022, DGIM received $10,000.00

2. July 17, 2022, DGIM received $58,143.00

DGIM has been paid the sum of $16,880.00 for fees and been reimbursed $1,738.00 in costs we incurred prior to filing this case. Accordingly, DGIM Law is holding $49,525.00 in our attorney trust account to be applied to any future compensation the Court approves in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on July 26, 2022

                                            By: /s/ Isaac Marcushamer
                                            Isaac Marcushamer, Esq.
                                            Individually and for DGIM Law, PLLC

# EXHIBIT B



GIELCHINSKY &
MARCUSHAMER

July 5, 2022

**Via E-mail only, Daren@allpaving.com**
Daren C. Daly
10248 NW 62nd Court
Parkland, Florida 33076

    Re:    *Representation of Daren C. Daly in filing a Sub Chapter V Chapter 11 Bankruptcy Case in the Southern District of Florida (the "Matter")*

Dear Mr. Daly:

    Pursuant to our Letter of Engagement dated June 14, 2022 (the "Engagement Letter"), you have decided that you wish to proceed with filing a Sub Chapter V Chapter 11 Petition in the Southern District of Florida (the "Bankruptcy Filing"). Your signature and acceptance of this supplement to the Engagement Letter expands the scope of our retention to include the Bankruptcy Filing. The expanded scope of professional services that we will render to you (the "Debtor") in the Bankruptcy Filing are generally summarized as follows:

    a.    Providing advice to the Debtor with respect to its powers and duties as a debtor-in-possession and the continued management of its financial affairs.

    b.    Advising the Debtor with respect to its responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and the rules of the Bankruptcy Court.

    c.    Preparation of motions, pleadings, proposed orders, applications, discovery, adversary proceedings and other legal documents as may be necessary in the administration of the case.

    d.    Representation of the Debtor in negotiations with its creditors and other interested parties.

    e.    Preparation of a plan of reorganization and related disclosure statement and taking necessary legal steps to have the Court confirm such a plan.

    f.    Appearing before the Bankruptcy Court and the United States Trustee to represent and protect the interests of the Debtor.

    g.    Performing all other legal services that may be necessary for the proper preservation and administration of this Chapter 11 case.

(305) 763-8708 | www.dgimlaw.com
2875 NE 191st Street, Suite 705, Aventura, FL 33180

    We are currently holding $10,000.00 of your initial retainer in trust and through June 30, 2022, we have incurred $6,405.00 in fees and expenses. By signing below, you agree that we may deduct $6,405.00 from the current retainer to pay our current fees and expenses. Once we have paid the June invoice, we will conclude the analysis stage of our retention, and move the remaining sum of $3,595 to a new matter for your bankruptcy filing. Additionally, we are requesting that you deposit or wire the sum of $56,405.00 of prefiling retainer and the filing fee of $1,738.00, for a total of $58,143, in our trust account to begin the bankruptcy preparation and filing phases of our engagement. These funds will be held in trust pursuant to the terms of the Engagement Letter. **Accordingly, the total amount to be wired to our Trust account below is $58,143.00**. Please make sure that the funds are wired from a bank account held in your personal name.

**TRUST ACCOUNT WIRE INSTRUCTIONS**

| PAYEE | DGIM Law, PLLC Trust Account |
|---|---|
| BANK NAME | |
| BANK ADDRESS | |
| ACCOUNT NO. | |
| ASA/ROUTING NO. | |
| SWIFT CODE | |

    Please do not hesitate to contact me with any questions or concerns. Thank you for your continued confidence in our firm.

Very truly yours,

Isaac Marcushamer

AGREED AND ACCEPTED THIS 11th day of July 2022.

By: _____
Name: Daren C. Daly

2

(305) 763-8708 | www.dgimlaw.com
2875 NE 191st Street, Suite 705, Aventura, FL 33180