UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In Re:

DAREN C. DALY,                                    Case No: 22-15694-SMG

    Debtor.                                       Chapter 11 (Sub V)

_____/

## MOTION TO DISMISS CHAPTER 11 CASE

Creditors/Movants, PATRICK DALY, ELIZABETH DALY, individually, and as the alleged majority owners and the only Directors on the Board of Directors of the Florida corporation ALL PAVING, INC., and ALL PAVING & SEALCOATING, LLC, by and through their undersigned counsel, hereby file their Motion to Dismiss the Chapter 11 Case of Debtor, DAREN C. DALY:

    1.    DAREN C. DALY filed a Chapter 11 Bankruptcy in the United States Bankruptcy Court, Southern District of Florida, Fort Lauderdale Division on July 24, 2022. The Debtor has filed an individual Chapter 11 Petition under Subchapter V of the Bankruptcy Code, but the documents filed in connection with this case by the Debtor make it transparent that he is seeking to reorganize two separate entities: ALL PAVING, INC. and RESURFACE INDUSTRIES, LLC.

    1.    The Debtor states in his Chapter 11 Case Management Summary [D.E. 17] that the Debtor is the 100% owner of All PAVING, INC., and is the 100% owner of RESURFACE, INDUSTRIES, LLC.

    2.    Movants vigorously dispute Debtor's alleged 100% ownership and control of the Florida corporation, ALL PAVING, INC., and assert that ELIZABETH DALY owns and holds 75% of the shares of ALL PAVING, INC., and that PATRICK DALY owns and holds 12.5% of

1

the shares of ALL PAVING, INC., giving them a combined 87.5% of the shares of ALL PAVING, INC.; and that Debtor only owns and holds 12.5% of the shares of ALL PAVING, INC..

3.        Debtor has been involved in litigation with his parents, movants PATRICK DALY and ELIZABERH DALY, regarding the ownership of ALL PAVING, INC. for more than five (5) years, since 2017.

4.        The Debtor's characterization as the having 100% ownership interest in ALL PAVING, INC. is incorrect, false and violative of the 17th Judicial Circuit Court Order in the 2017 case attached to this Motion as Exhibit "1", issued in the case of *All Paving, Inc. All Paving & Sealcoating , LLC, Patrick Daly and Elizabeth Daly vs. Daren C. Daly and Jamie A. Schindler*, Case No: CACE 17-014794 (09).  Said Circuit Court Order, dated September 29. 2021, ruled that "All pleadings filed by counsel for the Defendants and counsel for Plaintiffs are dismissed without prejudice as to All Paving, Inc. only, because majority ownership of that entity has not yet been adjudicated."

5.        Debtor is further involved in the 2018 case styled *All Paving, Inc, vs. All Paving & Sealcoating, LLC., Patrick Daly, Elizabeth Daly, and Robert Holland*, filed as Case No: CACE 18-021093 (09).

6.        A copy of the Agreed Order on Third Party Defendant's Motion to Dismiss Third Party Complaint and Staying this Case Pending Adjudication of Majority Ownership of All Paving, Inc. in 2017 Case, dated December 6, 2021, is attached to this Motion as Exhibit "2".

7.        Said Agreed Order provided that: "In recognition that this Court entered an Order on September 29, 2021 in Case No. CACE 17-014794 (09) ("2017 Case"), which ruled that claims filed on behalf of ALL PAVING, INC. may not proceed until majority ownership of that entity has been adjudicated, this entire 2018 Case, including all pleadings filed herein by all parties, is

hereby stayed without prejudice, pending resolution of the 2017 Case including an adjudication of majority ownership of ALL PAVING, INC., or pending further order of court."

8.    The parties to the 2017 and 2018 cases are further involved in the Case of *All Paving & Sealcoating, LLC, Patrick Daly and Elizabeth Daly, Appellants* v. *Daren C. Daly and Jamie A Schindler, Appellees,* pending in the Fourth District Court of Appeal as Case No. 4D22-1825.

9.    In that the ownership of the entity ALL PAVING, INC. has yet to be determined by the Broward Circuit Court in the inter-related cases, which is pending resolution of the 2017 Case including an adjudication of majority ownership of All Paving, Inc., Debtor DAREN C. DALY cannot validly make the conclusory statement to the Bankruptcy Court that he is the 100% owner and director of ALL PAVING, INC.

10.    Since the majority ownership of ALL PAVING, INC. is stayed subject to the Circuit Court's Orders attached hereto as Exhibits "1" and "2', the Debtor cannot validly claim that he constitutes the majority of the board of directors of ALL PAVING, INC.

11.    Based upon the Court's review of the filings of the Debtor, including but not limited to Debtor's Chapter 11 Case Management Summary [D.E. 17], the Debtor's Schedules [D.E. 23, items # 19 and 39], the Debtors Statement of Financial Affairs [D.E. 23, Page 38, Item #27], and the Debtor's Periodic Report Re: Value, Operations and Profitability of Entities in Which the Estate of the Debtor Holds a Substantial or Controlling Interest Filed by Debtor DAREN C. DALY. [D.E. 31] it should be manifestly evident to this Court that Debtor's Chapter 11, Subchapter V Case was filed to reorganize ALL PAVING, INC., and to stay and avoid the rulings of the Broward County Circuit Court.

12.    The Broward County Circuit Court is in the best position to determine the proper ownership of the Florida corporation, ALL PAVING. INC., due to the protracted and vigorously

litigated matter and issues which have taken place over the course of the past five years. The Docket for the 2017 case lists 642 Docket Entries, and the 2017 Case is set for trial in November, 2022.

13.    As the determination of the majority ownership of All Paving, Inc. has been stayed by the actions of the Circuit Court, there is no valid Board of Directors of the corporation to issue a corporate resolution of ALL PAVING, INC. to be a part of a Chapter 11, Subchapter V Bankruptcy proceeding

14.    PATRICK DALY (12.5%) and ELIZABETH DALY (75%) assert a claim contrary to Debtor's claim of 100% ownership of ALL PAVING, INC.; and allege that combined they own and hold 87.5% of the shares of ALL PAVING, INC. and are the sole directors on the Board of Directors for ALL PAVING, INC., which has been yet to be determined by the 17th Judicial Circuit Court.

15.    The Florida corporation, ALL PAVING, INC. was first formed in 2013 but did not commence business operations until 2015, and its startup costs were completely funded by All Paving & Sealcoating, LLC., PATRICK DALY and ELIZABETH DALY, who signed the initial Personal Guaranties for almost all of the equipment purchased by the corporation.

16.    On September 18, 2015, the corporation opened a bank account with BankUnited, and executed a Beneficial Ownership Certificate to the bank under penalty of perjury stating that ELIZABETH DALY is the 75% owner of ALL PAVING, INC., PATRICK DALY is the 12.5% owner of ALL PAVING, INC. and Daren Daly is the 12.5% owner of the corporation, ALL PAVING, INC. The Beneficial Ownership Certificate signed by Elizabeth Daly as the President of the corporation provided to BankUnited was executed in the presence of, and with the approval

of DAREN C. DALY and PATRICK DALY.  A copy of the Beneficial Ownership Certificate provided to Bank United is attached to this Motion as Exhibit "3".

17.    On September 20, 2015, Debtor, in his own handwriting, filled out a Credit Application to CAT Financial, stating that ELIZABETH DALY is the 75% owner of the corporation, PATRICK DALY is the 12.5 owner of the corporation, ALL PAVING, INC.  A copy of said Credit Application is attached to this Motion as Exhibit "4".  DAREN C. DALY'S sworn testimony on this Exhibit is attached hereto as Exhibit "9"

18.    An Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc. describes the history of the corporation, and details the actions that Debtor took regarding filings with the Florida Department of State to first remove ELIZABETH DALY as the President of the corporation in December, 2016, and then to remove PATRICK DALY as Vice President of the corporation in June, 2017.  A copy of the Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc. dated June 29, 2017, is attached hereto as Exhibit "5".

19.    Both Articles of Amendment filed by Debtor with the Florida Department of State in 2016 and 2017 violated Florida Statutes Sections 607.1006(5) and 607.0120(6)(b) because DAREN C. DALY misrepresented that shareholder or director approval was not required, and said filed Articles were unauthorized.

20.    The Exhibit "5" Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc. further recites a that "After having an argument with his father on June 17. 2017, DAREN DALY filed Articles of Amendment to Article of Incorporation of ALL PAVING, INC. which removed Patrick Daly as Vice President, and purportedly changed the name of the corporation to All Paving Incorpation [sic].  Said Articles of Amendment to the Articles of Incorporation similarly violated Florida Statutes Sections 607.1006(5) and 607.0120 (6)(b)

because DAREN C. DALY misrepresented that shareholder or director approval was not required such that both filed Articles of Amendment were unauthorized.

21.     DAREN C. DALY was scheduled to turn over the QuickBooks records of ALL PAVING, INC. to Movants, and movant's Expert on July 11, 2022.  Previously, DAREN C. DALY began using an unauthorized online QuickBooks database, and had excluded the majority owners of ALL PAVING, INC., ELIZABETH DALY and PATRICK DALY, from having access to the QuickBooks records.

22.     A meeting had been scheduled for July 11, 2022 for the turnover of the QuickBooks records to movants.  DAREN C. DALY did not appear for the meeting, which was intended for the turnover of the QuickBooks records to PATRICK DALY and ELIZABETH DALY, such that the QuickBooks records were not made available to the shareholders/creditors or their Expert.

23.     Instead of turning over the QuickBooks records for ALL PAVING, INC., DAREN C. DALY filed this Chapter 11 Subchapter V Petition with the United States Bankruptcy Court, Southern District of Florida, under Case No: 22-15694-SMG on July 24, 2022.

24.     Pursuant to Official Form 426, the Periodic Report Reporting Value, Operations and Profitability of Entities in Which the Debtor's Estate holds a Substantial or Controlling Interest filed August 18, 2022, as D.E. 31, the Report reveals that the Debtor, filing for ALL PAVING, INC. is not insolvent.  Pursuant to D.E. 31, ALL PAVING, INC. owns and holds, as of July 21, 2022, assets with a total value of $1,609,457.01.  At the same time D.E. 31 reflects that ALL PAVING, INC. has total liabilities of $1,213,536.32, leaving Shareholders' Equity of $395,920.19. The D.E. 31 Report reflects that All Paving, Inc. is not insolvent.  Thus, D.E. 31 proves Debtor is not insolvent and therefore does not qualify for Chapter 11, Subchapter V Bankruptcy Relief.

25.     Based upon Exhibit "3" and Exhibit "4" attached to this Motion, and the Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc.., (Exhibit "5"), at most, Debtor, DAREN C. DALY, owns 12.5 % of the Florida corporation ALL PAVING, INC., such that DAREN C. DALY did not have authority to file for ALL PAVING, INC. in his individual Chapter 11 Subchapter V Case.

26.     In addition to the foregoing, the 87.5% shareholders of ALL PAVING, INC., PATRICK DALY and ELIZABETH DALY do not consent and object to the Chapter 11 filing of DAREN C. DALY essentially involving ALL PAVING, INC., and assert that this Chapter 11 Bankruptcy case should be dismissed

## **MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS**

It is clear that pursuant to the Circuit Court's Order on Plaintiffs' Motion to Dismiss Amended Counterclaim filed by Defendant Daren C. Daly purportedly on behalf of Plaintiff, ALL PAVING, INC. (Exhibit "1" to this Motion) that all pleadings filed by counsel for Defendants [Daren C. Daly et al.] are dismissed with prejudice as to All Paving, Inc. only "because majority ownership of that entity has not yet been adjudicated."

Further pursuant to the Agreed Order on Third Party Defendant's Motion to Dismiss Third Party Complaint and Staying This Case Pending Adjudication of Majority Ownership of All Paving, Inc. in 2017 Case (Exhibit "2" to this Motion), the Circuit Court Order states that "[i]n recognition that this Court entered an Order on September 29, 2021, in Case No.: CACE 17-014794(09) ("2017 Case") which ruled that the claims filed on behalf of All Paving, Inc. may not proceed until majority ownership of that entity has been adjudicated, this entire 2018 case, including all pleadings filed herein by all parties, is hereby stayed without prejudice, pending

resolution of the 2017 case including an adjudication of majority ownership of ALL PAVING, INC., or pending further order of court."

This Bankruptcy Court should conclude from these two Orders that any action to be taken on behalf of ALL PAVING, INC. was stayed pending resolution of the majority ownership of ALL PAVING, INC. Therefore, there being no determination as to the majority ownership of All Paving, Inc., the officers and directors of the corporation are not capable of being determined until further order of the circuit court. It is clear that there were no authorized directors of the corporation on the date the Chapter 11 Petition was filed on July 24, 2022. This conclusion merits the dismissal of the case because the filing of the Chapter 11 case including ALL PAVING, INC. through DAREN C. DALY was not authorized by the Board of Directors of ALL PAVING, INC.

The Chapter 11 Case Management Summary [D.E. 17] recites at paragraph 5 "Reasons for filing Chapter 11. The Debtor is faced with mounting debts principally associated with his business operations and pending Litigation in Broward County and Fourth District Court of Appeal with the Debtor's father including *All Paving, Inc. v. Daren C. Daly et al.;* Case No. CACE 17-014794 (09), *All Paving, Inc. v. All Paving & Sealcoating, LLC et al.;* Case No. CACE 18-21093 (08) and *All Paving & Sealcoating, LLC v. Daren C. Daly et al.;* Appellate Case No. 4D22-1825. The Debtor intends to reorganize his debts and resolve litigation claims in this Chapter 11 case."

These cases involve the issue of the majority ownership of the Florida corporation ALL PAVING, INC. and Movants submit that the Chapter 11 Bankruptcy case was filed solely to invoke the automatic stay as to the pending determination of the majority ownership of ALL PAVING, INC. Furthermore, it is patently obvious that while the Debtor claims he is the 100% owner of ALL PAVING, INC. that the Debtor did not have the authority to file the Chapter 11 case for himself individually, reorganizing the business of ALL PAVING, INC. This is especially

8

true when the Court considers that the majority of ownership of ALL PAVING, INC. has not been determined by the Circuit Court, and is still pending.

It should also be clear to the Court from the Debtor's Schedules [D.E. 23] that the business creditors of ALL PAVING, INC. are substantially the same creditors listed on schedule D of DAREN C. DALY'S schedules. As set forth within the Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest [D.E. 31], the documents clearly show that it is the reorganization of ALL PAVING, INC., not the reorganization of entities alleged to be controlled by Debtor that is the proposed issue for resolution by this Court.

The caselaw in the Bankruptcy decisions for Bankruptcy Courts in the State of Florida have universally required that in order for a corporation to file a Bankruptcy Petition, the consent of that corporation's Board of Directors is required to authorize a resolution to file a Chapter 11 proceeding.

*In the Matter of Brandon Farmer's Market, Inc.,* 34 B.R. 148 (Bkrtcy. M.D. Fla 1983), there was a deadlock which developed between two directors concerning the management of the affairs of the debtor, and there was a pending state court litigation matter to resolve the controversy between the parties. The Court ruled that pursuant to the applicable laws of Florida as set forth in Section 607.111(1) Florida Statutes, unless it is otherwise provided for in the charter or in the articles of incorporation, a management of the affairs of the corporation is under the control and supervision of the Board of Directors. Judge Paskay ruled that "**it is obvious that it would be an abuse of the jurisdiction of this court to seek relief in this court for the sole purpose of achieving a purpose which is not a proper legitimate purpose to be achieved under any**

**provision of the bankruptcy code.**" (Emphasis added) The court determined that the petition was not filed in good faith, was not an authorized filing, and therefore, should be dismissed.

The court of I*n the Matter of Brandon Farmer's Market, Inc.* further observed that: "there is nothing in this record even to intimate that the institution of this Chapter 11 proceeding was done for any purpose but to evoke the automatic stay provision of the Court, Section 362 (a), in order to prevent a then pending State Court proceeding instituted by the Movants, which sought under the applicable local law, the liquidation of the corporation, injunction and appointment of a receiver pursuant to Chapter 607.274 of the Florida Statutes. There is nothing in this record even to intimate that this is really a legitimate corporate reorganization case instituted to effectuate the intent of Congress, i.e., to enable a financially distressed corporation to obtain rehabilitation under this Chapter." Due to the fact that there was no authorization by the board of directors the court ruled that there was no authority by the president of the corporation to file a Chapter 11 petition.

This proposition of law that the valid resolution from the Board of Directors is required to filed a Chapter 11 petition was further the basis for the ruling of the court in the case of *In re Bel-Aire Investments, Inc.* 97 B.R. 88 (Bkrtcy. M.D. Fla 1989). In the *Bel-Aire Investments, Inc.* case, the president of the debtor filed a voluntary petition on behalf of the debtor. In the case, there were two Board of Directors, but there was no resolution from the Board of Directors to authorize the president to file a petition for relief under Chapter 11. The *Bel-Aire Investments, Inc.* Court observed that the Movants contended that the filing by the president of the corporation was totally unauthorized, and therefore the motion to dismiss should be granted. The court found that it was well established that since the Bankruptcy Code itself does not establish the requisites for an initiation for a voluntary corporate bankruptcy case, the validity of all the individuals acting on

behalf of the corporation must be determined reference to the law of the state in which the corporation was chartered. *See, In re Autumn Press, Inc.,* 20 B.R. 60 (Bkrtcy. D. Mass. 1982).

The *Bel-Aire* court stated that it was called upon to consider an identical factual situation encountered in *In the Matter of Brandon Farmer's Market, Inc.,* and concluded that a corporate president who was one of the corporation's two directors was not authorized to file a Chapter 11 reorganization petition on behalf of the corporation without the consent of the other director. The court also pointed out that unlike *In the Matter of Brandon Farmer's Market, Inc.,* there was no evidence to show that this Chapter 11 case was instituted solely for the purpose of preventing a pending state court suit in which the Movants sought a dissolution and liquidation of the corporation and appointment of a receiver pursuant to Chapter 607.274 of the Florida Statutes. Even so, the *Bel-Aire* court dismissed the debtor's Chapter 11 case on the basis of lack of board of directors' approval.

Preventing a pending State Court action from proceeding appears to be the primary purpose for the filing by this Debtor of the instant Chapter 11 bankruptcy. There are numerous Florida Bankruptcy Court rulings for the principle that a valid resolution of the board of directors is necessary in order to initiate a voluntary case for a corporate Debtor. The court's ruling in the case of *In re Bel-Aire Investments, Inc*. cited to and was grounded upon the precedents established in *Al-Wyn Food Distributors, Inc.,* 8 B.R 42 (Bkrtcy. M.D. Fla 1980); *In Re American International Industries, Inc.* 10 B.R. 695 (Bkrtcy. S.D. Fla. 1981); *In Re Minor Emergency Center of Tamarac, Inc,* 45 B.R. 310 (Bkrtcy. S.D. Fla.1985). The Bankruptcy Courts for the Southern District of Florida and Middle District of Florida universally held that the valid resolution of the board of directors is necessary in order to initiate a voluntary bankruptcy case for a corporate Debtor, and the president lacks authority to institute a case on his own.

11

In the instant case, it is clear that the issue of the corporate governance of ALL PAVING, INC. has been an issue for determination by the Circuit Court since 2017, and that there is no present Board of Directors of ALL PAVING, INC. to authorize the Chapter 11 filing. Here, board ratification was necessary to initiate the voluntary bankruptcy proceeding for the ALL PAVING, INC., and that board ratification could not be obtained based on the status of the 17th Judicial Circuit Court cases.

It is further clear that assets and the equipment of ALL PAVING, INC were listed at Page 17 of 50 of D.E. 23, but the values of that equipment were not included on Schedule B of Debtor's Schedules. This further illustrates that Debtor's filing is in reality the filing of ALL PAVING, INC.

*In re Minor Emergency Center of Tamarac, Inc.,* 45 B.R. 310 (Bkrtcy. S.D. Fla 1985) furthered the requirement that the authority of the board of directors is required to file a Chapter 11 bankruptcy involving a corporate debtor. That court held that: "under Florida law the president of a corporation cannot file a Chapter 11 petition without authorization from its board of directors. The president, is, therefore, without authority to initiate a voluntary petition for the corporate debtor." The end result in that case was that the motion to dismiss was granted, and the pending motion for relief from the automatic stay was determined to be moot.

The case of *In re mpX Technology, Inc.,* 310 B.R. 453 (Bkrtcy. M.D. Fla 2004) is instructive in the instant matter. At the outset the court recognized that **"[t]he resolution of disputes involving corporate governance is generally not within the competence and jurisdiction of a bankruptcy court, even if the corporation is a debtor under Chapter 11 of the Bankruptcy Code."** *(*Emphasis added*) Citing to: In re Bush Terminal Co.,* 78 F.2d 662 (2d Cir. 1935); *In re The Lionel Corp.* 30 B.R. 327 (Bkrtcy. S.D.N.Y. 1983). The *mpX Technology,*

*Inc.* Court described the dispute under consideration in the contested matter is not about the control of a corporation, but involves the authority of the president to file a Petition for Relief under Chapter 11 for the debtor.

In the instant case, the matter of governance of the Florida corporation ALL PAVING, INC. is the exact and direct subject matter of the state Circuit Court actions. The determination of the majority ownership interest of the corporation has been stayed and is not determined until further consideration by the Circuit Court. The corporate governance of ALL PAVING, INC. should be a determination made by the Circuit Court, which has lived with these parties and issues for five years; not the bankruptcy court.

The Court in case of *mpX Technology, Inc.* also cites to the case of *AT Engineering, Inc.* 142 B.R. 990 (Bkrtcy. M.D. Fla. 1992) for support. That case held that closely held corporations with 50/50 shareholders had no authority to file petition due to a total deadlock. The *AT Engineering, Inc.* court also observed that the burden of persuasion is on the party who signed the petition to establish under applicable law, he had the capacity to sign the petition. *See also, In re Zaragosa Properties, Inc.* 156 B.R. 310 (Bkrtcy. M.D. Fla. 1993).

The *mpX Technology, Inc.* Court concluded that: "filing a Chapter 11 petition for the purpose of resolving an inter-company dispute is not one of the goals which is to be achieved in a Chapter 11 case, and it is totally improper to use the bankruptcy court and the provisions of the Code for this purpose." In the instant case, the Debtor, DAREN C. DALY, without authority from the board of directors (because there is no current board of directors), filed this case under his own name, but in reality, the Bankruptcy stay and protection is sought for ALL PAVING, INC.

WHEREFORE, based upon the lack of a corporate resolution approved by ALL PAVING, INC.'s Board of Directors, the improper purpose of staying Circuit Court resolution of the issues of corporate ownership and governance of ALL PAVING, INC., and the fact that ALL PAVING, INC. and Debtor is not insolvent, this Chapter 11, Subchapter V matter should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September _16_ 2022, I electronically filed the following document with the Clerk using CM/ECF, and that a true and correct copy of the Motion to Dismiss Chapter 11 Case was furnished via CM/ECF to Monique D. Hayes, Esq., monique@dgimlaw.com , and Isaac M. Marcushamer, Esq. isaac@dgimlaw.com  both with DGIM LAW, PLLC, and all interested parties via CM/ECF.

I HEREBY CERTIFY that I am admitted to the
Bar of the United States District Court  For the Southern
District of Florida and I am in compliance
with the additional qualifications
to practice in this court as set forth in Local
Rule 2090-1(c)(3).

C. DAVID TANGORA, P.A.
Attorney for Creditors/Movants,
Patrick & Elizabeth Daly,
and All Paving
& Sealcoating, LLC
200 S.E. 18th Court
Ft. Lauderdale, FL 33316
(954) 779-1005-Phone
(954) 764-4502-Facsimile
tangoralaw@bellsouth.net

By/s/ C. David Tangora
     C. David Tangora, Esq.
     Florida Bar No: 522104

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE17014794</u>   DIVISION <u>09</u>   JUDGE <u>Mily R Powell</u>

**All Paving Inc , et al**

Plaintiff(s) / Petitioner(s)

v.

**Daren C Daly, et al**

Defendant(s) / Respondent(s)

_____/

## <u>ORDER ON PLAINTIFFS' MOTION TO DISMISS AMENDED COUNTERCLAIM</u>
## <u>FILED BY DEFENDANT DAREN DALY PURPORTEDLY ON BEHALF OF</u>
## <u>PLAINTIFF ALL PAVING, INC.</u>

THIS CAUSE came before the Court for a hearing on September 27, 2021 at 2:30 p.m.

on: (1) Plaintiffs' Motion to Dismiss Amended Counterclaim filed by Defendant Daren Daly

Purportedly on Behalf of Plaintiff All Paving, Inc., and (2) Plaintiffs' Motion to Compel John P.

Kelly, Esq. to Vouch for Authority and for Entry of An Order Striking All Pleadings Purportedly

Filed by Said Attorney on Behalf of All Paving, Inc., and the Court having reviewed said

Motions and the other materials uploaded to CMS including the responses filed by Defendants,

having heard argument of counsel, and being fully advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

1.      Said Motions are hereby granted as follows.

2.      All pleadings filed by counsel for Defendants and counsel for Plaintiffs in this

case, purportedly on behalf of All Paving, Inc., are dismissed without prejudice as to All

Paving, Inc. only, because majority ownership of that entity has not yet been adjudicated.

3.      Accordingly, the Second Amended Complaint filed by counsel for Plaintiffs, and

the Amended Counterclaim filed by counsel for Defendants, shall otherwise remain pending,

except that all claims asserted on behalf of All Paving, Inc. have been dismissed without

**EXHIBIT**

**1**

prejudice.

4.       Counterdefendant PATRICK DALY shall file an Answer to the Amended Counterclaim as to the only remaining Counts, i.e. Counts I and II as asserted by Counterplaintiff DAREN DALY only, within 20 days of the date hereof.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on 09-29-2021.

CACE17014794 09-29-2021 2:20 PM

Hon. Mily R Powell

**CIRCUIT JUDGE**

Electronically Signed by Mily R Powell

**Copies Furnished To:**

Andrew V Cobbe , E-mail : eservice@sotolawgroup.com

Andrew V Cobbe , E-mail : rebecca@sotolawgroup.com

Andrew V Cobbe , E-mail : andrew@sotolawgroup.com

Bruce A Goodman , E-mail : bruce@bgoodmanlaw.com

Bruce A Goodman , E-mail : melissa@bgoodmanlaw.com

Bruce A Goodman , E-mail : bruceagoodman@bellsouth.net

John P Kelly , E-mail : jkelly@businesslitigation.com

John P Kelly , E-mail : rebecca@sotolawgroup.com

John P Kelly , E-mail : john@sotolawgroup.com

Senen Garcia , E-mail : claims@sgarcialaw.com

Senen Garcia , E-mail : office@sgarcialaw.com

Senen Garcia , E-mail : senen@sgarcialaw.com

Stanford Blake , E-mail : lisa@stanfordblakemediation.com

Stanford Blake , E-mail : stan@stanfordblakemediation.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE18021093</u>   DIVISION <u>09</u>   JUDGE <u>Mily R Powell</u>

**All Paving Inc**

Plaintiff(s) / Petitioner(s)

v.

**All Paving & Sealcoating LLC , et al**

Defendant(s) / Respondent(s)

_____/

## <u>AGREED ORDER ON THIRD PARTY DEFENDANT'S MOTION TO DISMISS</u> <u>THIRD PARTY COMPLAINT AND STAYING THIS CASE PENDING</u> <u>ADJUDICATION OF MAJORITY OWNERSHIP OF ALL PAVING INC. IN 2017</u> <u>CASE</u>

THIS CAUSE came before the Court upon the Motion to Dismiss Third Party Complaint filed by Third Party Defendant DAREN C. DALY, and the Court having been advised of an agreement of counsel regarding entry of this Agreed Order, and otherwise being advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

In recognition that this Court entered an Order on September 29, 2021 in Case No. CACE 17-014794(09) ("2017 Case") which ruled that claims filed on behalf of ALL PAVING INC. may not proceed until majority ownership of that entity has been adjudicated, this entire 2018 Case, including all pleadings filed herein by all parties, is hereby stayed without prejudice, pending resolution of the 2017 Case including an adjudication of majority ownership of ALL PAVING INC., or pending further order of court.

**EXHIBIT**

**2**

CaseNo: CACE18021093
Page 2 of 2

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>12-06-2021</u>.

CACE18021093 12-06-2021 4:12 PM

Hon. Mily R Powell

**CIRCUIT JUDGE**

Electronically Signed by Mily R Powell

**Copies Furnished To:**

All Paving, Inc. c/o Daren Daly , E-mail : daren@allpaving.com

Andrew V Cobbe , E-mail : eservice@sotolawgroup.com

Andrew V Cobbe , E-mail : rebecca@sotolawgroup.com

Andrew V Cobbe , E-mail : andrew@sotolawgroup.com

Bruce A Goodman , E-mail : bruce@bgoodmanlaw.com

Bruce A Goodman , E-mail : melissa@bgoodmanlaw.com

Bruce A Goodman , E-mail : bruceagoodman@bellsouth.net

Bruce E. Loren , E-mail : receptionist@lorenkeanlaw.com

Bruce E. Loren , E-mail : clucht@lorenkeanlaw.com

Glenn N Smith , E-mail : glenn.smith@gmlaw.com

Glenn N Smith , E-mail : jacqueline.kerr@gmlaw.com

Glenn N Smith , E-mail : clemencia.corzo@gmlaw.com

John P Kelly , E-mail : jkelly@businesslitigation.com

John P Kelly , E-mail : rebecca@sotolawgroup.com

John P Kelly , E-mail : john@sotolawgroup.com

Kyle W Ohlenschlaeger , E-mail : awhite@lorenkeanlaw.com

Kyle W Ohlenschlaeger , E-mail : kohlenschlaeger@lorenkeanlaw.com

Kyle W Ohlenschlaeger , E-mail : clucht@lorenkeanlaw.com

Stephen R Verbit Esq , E-mail : sverbit@verbitlawfl.com

Stephen R Verbit Esq , E-mail : lwyrnluv@gmail.com

 **BankUnited**

## BENEFICIAL OWNERSHIP CERTIFICATION

This Certification of the Beneficial Owner(s) of ALL PAVING, INC. _____ (the

"Depositor"), a business entity organized under the laws of FLORIDA _____, is made as of

09/18/2015 ____. For purposes of this Certification, the term Beneficial Owner will be deemed to

mean an individual (a natural person), either directly or indirectly, with a 10% or greater ownership

interest in the Depositor. I, being the duly authorized officer of the Depositor, hereby certify to

BankUnited, N.A. (the "Bank") under penalties of perjury that:

1. The true and complete name, Social Security number, date of birth, country of citizenship, street
   address (including city and country) and ownership interest of each Beneficial Owner is as
   follows*.

|  |  | % Ownership |
|---|---|---|
| Name: ELIZABETH DALY  SSN: ▉▉▉▉ | | 75 |
| Date of Birth: ▉▉ 1967   Citizenship: US | | ☑ Direct |
| Address: 8919 NW 20TH MANOR  CORAL SPRINGS, FL 33071 | | ☐ Indirect |
| Name: DAREN DALY  SSN: ▉▉▉▉ | | 12.5 |
| Date of Birth: ▉▉ 1986   Citizenship: US | | ☑ Direct |
| Address: 8919 NW 20TH MANOR  CORAL SPRINGS, FL 33071 | | ☐ Indirect |
| Name: PATRICK DALY  SSN: ▉▉▉▉ | | 12.5 |
| Date of Birth: ▉▉ 1966   Citizenship: US | | ☑ Direct |
| Address: 8919 NW 20TH MANOR  CORAL SPRINGS, FL 33071 | | ☐ Indirect |
| Name: _____  SSN: _____ | | _____ |
| Date of Birth: _____  Citizenship: _____ | | ☐ Direct |
| Address: _____ | | ☐ Indirect |
| Name: _____  SSN: _____ | | _____ |
| Date of Birth: _____  Citizenship: _____ | | ☐ Direct |
| Address: _____ | | ☐ Indirect |

(Rev. 10/14)

EXHIBIT

**3**

**BankUnited**

2. No other individual has an undisclosed ownership interest of 10% or more in the Depositor.

3. Written notice of any change in the beneficial ownership of the Depositor will be immediately sent to the Bank to its office where the Depositor's account is maintained. This notice will be signed by a duly authorized officer of the Depositor as reflected in the Bank's records.

4. The undersigned accept full responsibility that the foregoing information is true, accurate and complete.

  * *Include attachments of organizational charts and/or related information in support of identifying the ultimate beneficial owner, if applicable.*

**IN WITNESS WHEREOF,** the duly authorized officer of the Depositor has executed this Beneficial Ownership Certification as of the date first written above.

☐ Check here if there are no Beneficial Owners (natural persons), either directly or indirectly, with a 10% or greater ownership interest in the Depositor.

| | | |
|---|---|---|
| _Elizabeth Daly_ | ELIZABETH DALY, _President_ | 09/18/2015 |
| (Signature) | (Print Name, Title) | (Date) |

Page 2 of 2

(Rev. 10/14)



**CAT Financial**

**CREDIT APPLICATION**
Caterpillar Financial Services Corporation
Caterpillar Financial Commercial Account Corporation
Phone: (800) 651-0567   Fax: (615) 341-5925
Email: Credit.Department@cat.com

Check all that apply. I am financing:
- ☑ Equipment from a Cat Dealer
- ☐ Equipment from another party or refinance
- ☐ Parts, service, attachments or renting equipment from a Cat Dealer with Commercial Account

I have previously applied with Cat Financial for:
- ☑ Equipment Financing
- ☑ Commercial Account to pay for parts, service, attachments or to rent equipment from a Cat Dealer
- ☐ N/A

**SECTIONS 1-3 ARE REQUIRED FOR ALL CUSTOMERS**

**① CUSTOMER**

Exact Business Name **All Paving Inc.**   DBA (if any) _____

Type of Business ☑ Corporation ☐ Limited Liability Co ☐ General Partnership ☐ Limited Partnership ☐ Sole Proprietor ☐ Municipality ☐ Trust ☐ Other

Description of Business **Asphalt Paving**

Primary Contact Name **Elizabeth Daly**   Title **Owner**   Phone # **1-855-735-ROAD**   **Elizabeth@allpaving.com**

Physical Address **5121 Ehrlich Rd**   City **Tampa**   County **Hillsborough**   State/Zip **FL, 33624**

Billing Address (if different) **5121 Ehrlich Rd**   City **Tampa**   County **Hillsborough**   State/Zip **FL, 33624**

Phone # **1-855-735-ROAD**   Fax # **—**   Business Start Date **2012**   Years as Owner of this Business **3**

Federal Tax ID Number _____   State Incorporated **FL**   Sales Tax Exempt ☐ Yes (please attach certificate) ☐ No

Machine Fleet Size **15**

Prior bankruptcy? ☐ No ☐ Personal ☐ Current Business ☐ Prior Business

Active liens or judgments? ☐ No ☐ Liens ☐ Judgments

**② OWNERSHIP: Provide copy of government issued ID for all owners completing this section**

1) Name **Elizabeth Daly**   Date of Birth **1967**   SSN _____   % of Ownership **75 %**   Net Worth _____
Address **8817 NW 20th Mance**   City **Coral Springs**   State/Zip **FL, 33071**   Annual Income **52,000**

2) Name **Patrick Daly**   Date of Birth **1966**   SSN _____   % of Ownership **12.5 %**   Net Worth _____
Address **8817 NW 20th Mance**   City **Coral Springs**   State/Zip **FL, 33071**   Annual Income **86,000**

*For more than 2 owners, complete OWNERSHIP section and sign an additional Credit Application.*

**③ REFERENCES**

| | Phone # | Contact Name | Account # | Average Balance |
|---|---|---|---|---|
| Primary Bank (Checking Account Specific) **BB&T** | 1-800-226-5278 | Sonia Krows | | |
| Additional (Bank/Trade/Equipment Rental/Bonding) | | | | |
| 1) Berger Construction | 1-800-969-8407 | Keen | | |
| 2) Sunbelt Rentals | 1-800-667-9328 | | | |
| 3) Hertz | 1-888-777-2700 | | | |

**④ COMPLETE if you are financing PARTS, SERVICE, ATTACHMENTS or RENTING equipment from a Cat Dealer with Commercial Account**

Requesting a revolving credit limit range of (select ONE): ☐ $_____ ☐ $25,000 or less ☐ $25,000-$75,000 ☐ $75,000 or more (see FINANCIAL section below)

Billing preference (select ONE or statement billing will apply):

☐ **STATEMENT BILLING:** Receive one statement monthly that covers all transactions made during that period. A minimum payment of 10% (revolving) of the account balance plus interest is due each payment cycle, or pay in full without interest charges. Rental charges are due in full by the due date. As with all statement billing methods payments are applied to the oldest outstanding balance.

☐ **INVOICE BILLING:** Immediately receive a separate invoice bill that mirrors the dealer invoice for each transaction you make, plus receive a monthly summary of all paid and open invoices. The full payment of the invoice is due on the stated terms.

Name(s) of individual(s) authorized to charge on account: 1) Name _____   2) Name _____

*Contact Credit.Department@cat.com to request additional authorized users.*

**FINANCIAL: Attach the following if financing exceeds $350,000 for equipment purchases or is over $75,000 for a Commercial Account**

Financial statements for the last 2 fiscal year-ends, latest interim statements and comparable interims from prior year (if fiscal year-end is over 120 days), and a detailed list of work on hand. *Additional financial information may be required.*

REVISED 2013

EXHIBIT
**4**

## INDUSTRY SPECIFICS

**FORESTRY** - Attach a list of equipment owned with make, model, year, s/n, lender and balance owing.

1. Number of crews _____ 2. Avg. monthly revenues $_____ 3. Avg. monthly expenses $_____
4. Do you own the timber you normally harvest? ☐ Yes ☐ No
5. Primary Customer Names | Length of Relationship | Is there a contract?
a. _____ | _____ | ☐ Yes ☐ No
b. _____ | _____ | ☐ Yes ☐ No

**ENGINE/ GENERATOR SET** (select ONE):
☐ Mobile and mounted on vehicle or trailer.
  Assignment of title to Cat Financial will be required.
  - Attach copy of title if you own trailer.
☐ Fixed and fastened to land/building.
  - Attach a completed engine utilization form.
☐ Pallet/skid/pad mounted (not fixed to the property)

## VOCATIONAL TRUCKS

1. Products Hauled _____ 2. Fleet size?_____
3. Years Operating _____ Years Owning _____
4. Primary Customer Names | Length of Relationship | Is there a contract?
a. _____ | _____ | ☐ Yes ☐ No
b. _____ | _____ | ☐ Yes ☐ No

**HAZMAT** — COMPLETE this section and sign below for EVERY truck transaction.

Do you haul HAZMAT? ☐ Yes* ☐ No
*If hauling HAZMAT, attach a completed HAZMAT questionnaire and proof of insurance. Minimum environmental liability coverage required from an acceptable insurer.

## NOTICES

**Definitions:** The terms "you" and "your" will refer to the person applying for financing, each Guarantor and each Signatory signing this credit application. The terms "we", "us" or "our" will refer to Caterpillar Financial Services Corporation ("CFSC") and/or Caterpillar Financial Commercial Account Corporation ("CFCAC" and, together with CFSC, the "Cat Financial Companies"), either individually or collectively, as applicable. Collectively, the Cat Financial Companies, Caterpillar Inc. and their affiliates and subsidiaries are referred to herein as the "Caterpillar Companies".

**Representations and warranties:** You represent that the information provided by you in this credit application (i) is true, correct and complete and (ii) is provided for the purpose of you obtaining credit from us.

**Privacy Notice:** You authorize us, or our designee, to investigate or obtain from other Caterpillar Companies, sellers of Caterpillar products (each a "Dealer"), banks, consumer reporting agencies, financial institutions, merchants, customers or any other person or entity any personal or business information related to you that we may deem appropriate, including but not limited to consumer reports and credit histories, for the use described herein. You authorize and instruct each such person or entity to furnish, share or otherwise make accessible to us any such information in their possession. We may use and rely upon such information, and any information provided in this credit application, (a) to make a credit decision to extend credit now or in the future pursuant to a subsequent application or request, (b) to continue any previously provided credit, (c) to review your account, (d) to assist in any collection activity, (e) to otherwise investigate your credit, (f) to improve or market Caterpillar products and services, and (g) to share such information with any other person or entity, including but not limited to the Caterpillar Companies, Dealers, consumer reporting agencies, financial institutions, and merchants.

This application for credit is solely from us. A decision to grant or deny business credit by CFSC will be made by CFSC, and a decision to grant or deny credit by CFCAC will be made by CFCAC. We may, in our sole discretion, refuse to extend business credit, goods, or services to you and may terminate any such credit extended at any time. Any references to a requested amount of credit in this credit application will not be deemed a limitation of liability by you. You understand and agree that any credit granted by us to you will be governed by the provisions and conditions set forth in CFCAC's Customer Agreement (or similarly titled) between us where granted by CFCAC or the applicable agreements between us where granted by CFSC.

You acknowledge that this credit application is for business customers only (including sole proprietorships) and credit provided by us in connection with this credit application may not be used to acquire equipment or services for personal, household or family purposes. You acknowledge that you have read and fully understand the terms and conditions contained in this credit application.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning these creditors is the FTC Regional Office for the region in which the Cat Financial Companies operate or the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

If your application for business credit is denied, you have the right to a written statement of the specific reasons for the denial. To obtain the statement, contact us at the applicable address below within 60 days from the date you are notified of our decision. We will send you a written statement of the reasons for the denial within 30 days from receiving your request for the statement.

Caterpillar Financial Services Corporation, Attn: Credit Manager, 2120 West End Ave., P.O. Box 340001, Nashville, TN 37203

## SIGNATURES

**Required signatures:** If you are a legal entity (e.g., corporation, limited liability company or limited liability partnership), an authorized person must sign below on your behalf in addition to each owner listed in this credit application. If you are a partnership or a sole proprietorship, each owner must sign below.

Authorized Signature _Elizabeth Daly_ Date _9/20/2015_
Printed Name _Elizabeth Daly_ Title _Owner_

**Ownership** (To be completed by every owner identified in the OWNERSHIP Section of this Application; ID required)
1) Signature _Elizabeth Daly_ Printed Name _Elizabeth Daly_ Date _9/20/2015_
2) Signature _Patrick Daly_ Printed Name _Patrick Daly_ Date _9/20/2015_

## TO BE COMPLETED BY A CATERPILLAR REPRESENTATIVE OR CAT DEALER

Identity verified for all signatories listed above ☐ Yes ☐ No | Identification attached, if applying with Cat Financial Commercial Account ☐ Yes ☐ No
VOCATIONAL TRUCK / ENGINE / GEN SET: application number required for every transaction _____ . Attach truck and body build sheets for vocational trucks.

## ACTION BY WRITTEN CONSENT OF A MAJORITY OF OWNERS/SHAREHOLDERS OF ALL PAVING, INC.

The undersigned, Patrick Daly and Elizabeth Daly, husband and wife, together constituting a majority of the owners/shareholders of ALL PAVING, INC., a Florida corporation, Document Number P13000077541 filed with the Florida Department of State, FEI/EIN Number 46-3704275 (hereinafter, the "Corporation"), do hereby consent to and take the following action without a meeting pursuant to Florida Statutes Section 607.0704:

WHEREAS, Patrick Daly has been in the paving business since 1988 on a full time basis;

WHEREAS, on January 23, 2012, Patrick Daly formed All Paving & Sealcoating LLC, a Florida limited liability company, Document Number L12000010329 filed with the Florida Department of State, to engage in the paving business. Patrick Daly was the sole owner/member of that entity at that time and he and Elizabeth Daly provided all the startup funds;

WHEREAS, the 2015 tax return for All Paving & Sealcoating LLC reflects that Elizabeth Daly owns 51%, Patrick Daly owns 34%, and Robert Holland owns 15% of the interests in All Paving & Sealcoating LLC;

WHEREAS, in 2013, All Paving & Sealcoating LLC began employing Daren Daly on a part time basis. Daren Daly is a son of Patrick Daly and Elizabeth Daly;

WHEREAS, in 2013, Electronic Articles of Incorporation for the Corporation were filed by Daren Daly, in which he listed his fiancé Jamie Schindler as President, his father Patrick Daly as Vice President, and Daren Daly as Vice President;

WHEREAS, in 2014, Daren Daly filed the 2014 Annual Report for the Corporation with the Florida Department of State, stating by his electronic signature under oath that the three Officers of the Corporation were himself as President, Patrick Daly as Vice President, and Elizabeth Daly as Vice President;

EXHIBIT

**5**

Page 1 of 6

WHEREAS, the Corporation did not transact any business in 2013 and 2014;

WHEREAS, on April 23, 2015, Daren Daly filed the 2015 Annual Report for the Corporation with the Florida Department of State, stating by his electronic signature under oath that the three Officers of the Corporation were himself as President, Patrick Daly as Vice President, and Elizabeth Daly as Vice President;

WHEREAS, in September 2015, Patrick Daly and Daren Daly had discussions regarding the utilization of the Corporation (which had not yet begun operations) to expand the paving business using the "All Paving" name, with Daren Daly being given a 15% interest in the Corporation, and with Patrick Daly and Elizabeth Daly owning the remaining 85% of the Corporation, with the understanding that All Paving & Sealcoating LLC and Corporation will have equal rights to the All Paving name and the allpaving.com domain name;

WHEREAS, the Corporation did not begin actual operations until late 2015 and its startup costs were completely funded by All Paving & Sealcoating LLC, and Patrick Daly and Elizabeth Daly signed personal guaranties for most of the equipment purchased by Corporation;

WHEREAS, on September 18, 2015, the Corporation opened bank accounts with BankUnited and executed a Beneficial Ownership Certification to the bank under penalties of perjury, stating that Elizabeth Daly is the 75% owner of the Corporation, Patrick Daly is the 12.5% owner of the Corporation, and Daren Daly is the 12.5% owner of the Corporation. Elizabeth Daly signed the Beneficial Ownership Certification as President of the Corporation in the presence of and with the approval of Daren Daly and Patrick Daly. Pursuant to other documents signed the same day by Elizabeth Daly, Patrick Daly and Daren Daly, all three were designated as authorized signers for the Corporation's BankUnited bank accounts;

WHEREAS, on September 20, 2015, Daren Daly in his handwriting filled out all information on a credit application which was submitted to CAT Financial, including the representation that Elizabeth Daly is the 75% owner of the Corporation and Patrick Daly is the 12.5% owner of the Corporation. Elizabeth Daly and Patrick Daly signed said credit application filled out by Daren Daly below their representation that the information is true, correct and complete.

WHEREAS, on November 4, 2015, Elizabeth Daly, through the electronic signature of Elizabeth Daly on behalf of the Corporation and All Paving & Sealcoating LLC, registered the fictitious name "All Paving" with the Florida Department of State, and listed two owners of that fictitious name: the Corporation and All Paving & Sealcoating LLC;

WHEREAS, on January 15, 2016, Daren Daly filed the 2016 Annual Report for the Corporation with the Florida Department of State, stating by his electronic signature under oath that the three Officers of the Corporation were himself as President, Patrick Daly as Vice President, and Elizabeth Daly as Vice President;

WHEREAS, after having an argument with his mother, on December 12, 2016 Daren Daly filed Articles of Amendment to Articles of Incorporation of the Corporation which purported to remove Elizabeth Daly as President of the Corporation. Said Articles of Amendment violated Florida Statutes Sections 607.1006(5) and 607.0120(6)(b) because Daren Daly misrepresented that shareholder or director approval was not required, and said Articles of Amendment were otherwise unauthorized;

WHEREAS, on February 14, 2017, Daren Daly signed a Credit Application for Construction Equipment on behalf of the Corporation on a Wells Fargo Equipment Finance form, purporting to state that Daren Daly owns 50% of the Corporation, and that Patrick Daly owns 50% of the Corporation. Daren Daly signed this form; however, Daren Daly forged the signature of Patrick

Daly. This document is not only illegitimate because Patrick Daly's signature was forged, but also because it inaccurately states that Daren Daly owns 50% of the Corporation when in fact at no time has he held more than a minority interest;

WHEREAS, on March 8, 2017, Daren Daly filed the 2017 Annual Report for the Corporation with the Florida Department of State, stating by his electronic signature under oath that the two Officers of the Corporation were himself as President, and Patrick Daly as Vice President;

WHEREAS, after having an argument with his father, on June 12, 2017 Daren Daly filed Articles of Amendment to Articles of Incorporation of the Corporation which purported to remove Patrick Daly as Vice President of the Corporation, and purported to change the name of the Corporation to "All Paving Incorpation (sic)". Said Articles of Amendment violated Florida Statutes Sections 607.1006(5) and 607.0120(6)(b) because Daren Daly misrepresented that shareholder or director approval was not required, and said Articles of Amendment were otherwise unauthorized;

WHEREAS, beginning in December 2016, Daren Daly took several actions adverse to the Corporation including:

    a.     He misappropriated funds of the Corporation in the BankUnited bank accounts which led to BankUnited terminating its relationship with the Corporation in April 2017.

    b.     He opened one or more new bank accounts in the name of the Corporation with SunTrust Bank and did not include the majority owners of the Corporation, Elizabeth Daly and Patrick Daly, as authorized signers, and has used those accounts to transact business of the Corporation without the approval of its majority owners.

    c.     He began using a new unauthorized online QuickBooks database for the Corporation and has excluded the majority owners of the Corporation, Elizabeth Daly and Patrick Daly, from having access.

d.    Beginning in March 2017, he has misappropriated the domain name, website, and all email of allpaving.com including email addresses used by Elizabeth Daly and Patrick Daly, and has blocked All Paving & Sealcoating LLC, Patrick Daly and Elizabeth Daly from having access to their email, website, and domain name, which has seriously harmed the business of All Paving & Sealcoating LLC notwithstanding the fact the Corporation shares ownership of the All Paving name with All Paving & Sealcoating LLC including the allpaving.com domain, website and email. Daren Daly also misappropriated the allpavingandsealcoating.com domain.

e.    He removed Elizabeth Daly and Patrick Daly from the Florida Department of State corporate records as officers of the Corporation and changed the name of the Corporation to "All Paving Incorpation (sic)" through the unauthorized Articles of Amendment of Articles of Corporation filed on December 12, 2016 and June 12, 2017.

f.    He has asserted that All Paving & Sealcoating LLC is not authorized to use the All Paving name even though they are joint owners of the fictitious name registered with the Florida Department of State.

NOW, THEREFORE, in view of the above, the Board of Directors by a majority vote, take the following action:

1.    All WHEREAS clauses stated above are incorporated herein.

2.    The Undersigned representing the majority of the owners/shareholders of the Corporation, by their undersigned written consent and action hereby elect Patrick Daly and Elizabeth Daly the sole Directors of the Corporation and remove any other Directors who may have purported to assume such role including, without limitation, Daren Daly and Jamie Schindler.

3.    Articles of Amendment of the Articles of Corporation shall be executed and filed by the Corporation changing its name back to All Paving, Inc. (in order to counteract the unauthorized

Articles of Amendment to Articles of Incorporation filed by Daren Daly on June 16, 2017). Said Articles of Amendment to be filed shall properly reflect Patrick Daly as Director and President of the Corporation, and Elizabeth Daly as Director, Vice President, Secretary and Treasurer of the Corporation.

Elizabeth Daly, 75% Shareholder

Date
6/29/17

Patrick Daly, 12.5% Shareholder

Date
6-29-17

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.  CACE 17-014794 (07)

ALL PAVING, INC., a Florida corporation;
ALL PAVING & SEALCOATING LLC, a
Florida limited liability company; PATRICK
DALY and ELIZABETH DALY,

      Plaintiffs,

vs.

DAREN   C.   DALY   and   JAMIE   A.
SCHINDLER,

      Defendants.

_____/

**PLAINTIFFS' NOTICE OF FILING EXCERPT OF DEFENDANT DAREN C. DALY'S
SEPTEMBER 15, 2020 TRIAL TESTIMONY ADMITTING HE HANDWROTE AND
SUBMITTED A CREDIT APPLICATION DATED SEPTEMBER 20, 2015 TO CAT
FINANCIAL REFLECTING THAT ELIZABETH DALY IS THE 75% OWNER, AND
PATRICK DALY IS THE 12.5% OWNER OF ALL PAVING INC.**

Plaintiffs ALL PAVING, INC., ALL PAVING & SEALCOATING LLC, PATRICK DALY

and ELIZABETH DALY hereby notice they have filed the attached excerpt of Defendant DAREN

C. DALY's trial testimony on September 15, 2020 with Plaintiffs' Exhibit 72 attached, wherein

DAREN C. DALY admitted to submitting a credit application dated September 20, 2015 to Cat

Financial in his handwriting which reflects that ELIZABETH DALY is the 75% owner, and

PATRICK DALY is the 12.5% owner of ALL PAVING INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Email

through the Florida Courts E-Filing Portal to John P. Kelly, Esq., (john@sotolawgroup.com,

1

BRUCE A. GOODMAN, P.A.


EXHIBIT
**9**

jkelly@businesslitigation.com), Soto Law Group, P.A., Coastal Tower, 2400 E. Commercial Blvd.,

Suite 400, Fort Lauderdale, FL 33308, and   Jeffrey E. Streitfeld, Special Magistrate

(jstreitfeld@gmail.com), 101 NE Third Ave., Suite 1500, Fort Lauderdale, FL 33301, this 15th day

of October, 2020.

Respectfully submitted,

BRUCE A. GOODMAN, P.A.
Attorney for Plaintiffs
5531 N. University Drive
Suite 101
Coral Springs, Florida 33067
Tel: (954) 919-6000; Fax: (754) 222-5122
Email: bruce@bgoodmanlaw.com

By: **/s/ Bruce A. Goodman, Esq.**
    Florida Bar No. 602302

2

Page 1

1        IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
              IN AND FOR BROWARD COUNTY, FLORIDA

2
              CASE NO.  CACE 17-014794 (03)

3
4    ALL PAVING, INC., a Florida corporation;
     ALL PAVING & SEALCOATING, LLC, a Florida

5    limited liability company; PATRICK
     DALY and ELIZABETH DALY,

6
         Plaintiffs,

7
     vs.

8
     DAREN C. DALY and JAMIE A. SCHINDLER,

9
         Defendants.

10   _____/

11

12

13

                          Zoom Meeting
14                        Tuesday, 9:30 a.m.-3:30 p.m.
                          September 15, 2020

15

16

17            TRANSCRIPT OF TRIAL, DAY 2

18

19   Heard before the Honorable Nicholas R. Lopane
20   on behalf of the Plaintiffs; taken by Lisa
21   Gerlach, Court Reporter, Notary Public in and
22   for the State of Florida at Large, pursuant
23   to Notice of Hearing in the above cause.

24

25

Page 2

1       Appearances by Zoom:

2       Counsel for the Plaintiffs:

3       BRUCE A. GOODMAN, ESQUIRE

        Bruce A. Goodman, PA

4       5531 North University Drive

        Suite 101

5       Coral Springs, FL 33067

        954-919-6000

6       bruce@bgoodmanlaw.com

7

        Counsel for the Defendant:

8

        JOHN P. KELLY, ESQUIRE

9       Soto Law Group

        2400 East Commercial Boulevard

10      Suite 400

        Fort Lauderdale, FL 33308-4026

11      954-567-1776

        john@sotolawgroup.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1                              INDEX

2                                                          PAGE

3    DAREN DALY

4        Direct (continued) by Mr. Goodman              4

5    Certificate of Reporter                            213

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      A.  Yes.

2      Q.  Right?  Okay.

3          MR. GOODMAN:  Your Honor, I would offer

4      into evidence Plaintiffs' Exhibit 70.

5          THE COURT:  Any objection?

6          MR. KELLY:  No objection, your Honor.

7          (Plaintiffs' Exhibit 70 was moved into

8      evidence.)

9          MR. GOODMAN:  Thank you.

10  BY MR. GOODMAN:

11      Q.  Plaintiffs' Exhibit 71 seems to be the same

12  thing, so I'll skip that.

13          Plaintiffs' Exhibit 72 is an e-mail from your

14  dad to you, Daren, dated September 20, 2015, which

15  attaches a CAT Financial credit application.

16          Are you familiar with this e-mail and the

17  attached CAT Financial credit application?

18      A.  The e-mail, I'd have to go back and look up,

19  but I've seen the CAT application before, yes.

20      Q.  Do you see the e-mail right now on your

21  screen?  I shared it as Plaintiffs' Exhibit 72.

22      A.  I see it.  I don't remember it, but I see it.

23      Q.  Okay.  Do you recall filling out this CAT

24  Financial credit application in your handwriting and

25  asking your parents to sign?

1      A.   I know your Honor hasn't heard this before,

2   but I testified to this, saying that I have filled out

3   portions of this document and portions I have not

4   filled out.  And I testified that it was filled out

5   with All Paving & Sealcoating's information and we

6   both actually spoke about this on the record with you,

7   Bruce.

8      Q.   So, Daren, this is your handwriting here, is

9   it not?

10      A.   That's my handwriting, yes.

11      Q.   You acknowledge that this is two days after

12   the BankUnited bank account -- the first bank

13   account -- was opened for All Paving, Inc., right?

14      A.   That was -- yes -- 9/20/2015.

15      Q.   Okay.  So you wrote -- where it says "exact

16   business name," you wrote "All Paving, Inc."  Right?

17      A.   Yes.  This piece of equipment was to be

18   titled in All Paving, Inc.'s name.

19      Q.   And you checked this box where it refers to a

20   corporation; right?

21      A.   Yes, I believe so.

22      Q.   And you did not check the box that says

23   "limited liability company."  Right?

24      A.   No.  Again, as I previously testified, this

25   piece of equipment was to be titled in All Paving,

1    Inc.'s name.

2        Q.   You handwrote where it says that the primary

3    contact name is Elizabeth Daly; right?

4        A.   Yes, I did.

5        Q.   And you handwrote the title owner; correct?

6        A.   Yes, I did.

7        Q.   And you handwrote a phone number and her

8    e-mail address; right?

9        A.   I can't see the rest of that phone number.

10   It looks like there's a phone number in the e-mail.

11   Yes, that looks correct.  Elizabeth Daly was assisting

12   me in getting this piece of equipment.

13       Q.   And then you handwrote "Elizabeth Daly" under

14   Section 2 where it says "ownership."  Right?

15       A.   Can you scroll up a little bit, please?

16       Q.   Sure.

17       A.   Okay.  There's a few things -- this is where

18   I'm saying there's a difference.  See where there was

19   a business start date?  2012 is All Paving &

20   Sealcoating's information, the years as the owner of

21   the businesses.  All Paving & Sealcoating had been in

22   business in 2012, not All Paving, Inc.

23            So there's going to be information of All

24   Paving & Sealcoating on this document, as I mentioned

25   before, and we all discussed on the record before.

```
 1   BY MR. GOODMAN:
 2        Q.  Daren, so over here at date of birth, you
 3   wrote down 10, no day, 1967.  Right?
 4        A.  I did, yes.
 5        Q.  You weren't sure of your mom's exact day of
 6   October that she was born?
 7        A.  I think she was born on the 25th or 26th of
 8   October.
 9        Q.  It says here, "Percent of ownership,
10   75 percent."  Right?
11        A.  Yeah.
12        Q.  Okay.
13        A.  Can I finish that?  You asked me about this.
14   I did not write her Social Security number, and I've
15   testified to this before.  I don't think I wrote that
16   "75."  If you actually zoom in on the "75," you can
17   actually see the five and the seven are nothing like
18   any other handwriting on this document.  The five has
19   a hook that comes upwards, right?
20            On here, the only person who has that is
21   Elizabeth Daly, right here, where she writes Patrick
22   Daly's Social Security number.
23            If you look at any five on the rest of this
24   document, there's no hook anywhere.  And the seven
25   doesn't look like any seven.  Here's a seven on the
```

1    date of birth over here.  That does not look like the

2    same seven.

3            So, I've testified before, I don't think I

4    wrote those sections.

5            Q.  Under "Patrick Daly," is this your

6    handwriting?  This indicates his date of birth as July

7    10, 1966.

8            A.  That looks like my handwriting.

9            Q.  Okay.  So you filled out the names of the

10   owners, Elizabeth Daly and Patrick Daly.  That's your

11   handwriting, both of those names; right?

12           A.  Yes.  Bruce, this was, again, not for All

13   Paving, Inc.  This was to be titled in All Paving,

14   Inc., but all of the information on this document is

15   All Paving & Sealcoating's.  It was established in

16   2012.

17           The vendors down below -- you're kind of

18   zooming all over the place.  The vendors down below

19   are All Paving & Sealcoating's vendors.  It says

20   "fleet size."  They were the only ones who had a

21   fleet.  I didn't have a vehicle yet.

22           And the actual -- this thing actually

23   appeared on All Paving & Sealcoating's tax return as

24   an asset.

25           Q.  So this was done two days after the bank

Page 29

1   account was opened; right?

2        A.   This piece of equipment was purchased, yes.

3   It's no secret that Elizabeth Daly --

4        Q.   And it was purchased in the name of All

5   Paving, Inc., right?

6        A.   It was to be titled in All Paving, Inc., yes.

7        Q.   And it was in fact purchased in the name of

8   All Paving, Inc., right?

9        A.   Yes, it is in All Paving's name.

10       Q.   Okay.  Very good.  Very good.  And your name

11  is not listed anywhere in this document as an owner of

12  All Paving, Inc., correct?

13       A.   No, it is not.  Because, as I previously

14  said, we were using All Paving & Sealcoating's credit

15  and what they had been doing to get this piece of

16  equipment.  All Paving, Inc. didn't have credit.

17       The same way my mom had cosigned on my credit

18  cards and on my first car, she was assisting me to get

19  a piece of equipment qualified.

20       At this time -- you have to look at the

21  time -- date.  This is 9/20/2015.  Just like we were

22  discussing earlier, I was in the process of trying to

23  buy a home at the time, so I could not also be able to

24  finance other pieces of equipment, so she just

25  assisted me in financing equipment.

Page 30

1        Q.  Is this your mom's signature on the CAT

2   Financial credit app?

3        A.  That is my mom's signature.

4        Q.  Did you print her name there under her

5   signature?

6        A.  That looks like my handwriting, yes.

7        Q.  Is this your handwriting that says "owner"

8   adjacent to the word "title"?

9        A.  That is my handwriting.

10           MR. GOODMAN:  Your Honor, I would offer

11       into evidence Plaintiffs' Exhibit 72.

12           THE COURT:  Any objection?

13           MR. KELLY:  No objection, your Honor.

14           (Plaintiffs' Exhibit 72 was moved into

15       evidence.)

16   BY MR. GOODMAN:

17       Q.  Did you submit this credit application to CAT

18   Financial?

19       A.  That credit application did get submitted to

20   CAT Financial.  I think my mom signed those documents

21   electronically.  But, yes, the application got

22   submitted, the physical application.  The real

23   documents, I think, were electronic documents.

24           MR. GOODMAN:  Exhibit 73 is the identical

25       document that includes Exhibit 16, which is

**Plaintiffs' Exhibit 72**

All Paving, Inc. et al. v. Daren C. Daly et al.

**Case No. 17-014794 (03)**

| | |
|---|---|
| **From:** | Patrick Daly |
| **To:** | daren@allpaving.com |
| **Subject:** | Paper work |
| **Date:** | Sunday, September 20, 2015 7:55:35 PM |
| **Attachments:** | Scan0116.pdf |

EXHIBIT DD

P6

6-M-19   SG

**CAT Financial**

**CREDIT APPLICATION**
Caterpillar Financial Services Corporation
Caterpillar Financial Commercial Account Corporation
Phone: (800) 651-0567   Fax: (615) 341-5925
Email: Credit.Department@cat.com

Check all that apply. I am financing:
- ☑ Equipment from a Cat Dealer
- ☐ Equipment from another party or refinance
- ☐ Parts, service, attachments or renting equipment from a Cat Dealer with Commercial Account

I have previously applied with Cat Financial for:
- ☑ Equipment Financing
- ☑ Commercial Account to pay for parts, service, attachments or to rent equipment from a Cat Dealer
- ☐ N/A

## SECTIONS 1-3 ARE REQUIRED FOR ALL CUSTOMERS

### ① CUSTOMER

Exact Business Name __All Paving Inc__   DBA (if any) _____

Type of Business   ☑ Corporation   ☐ Limited Liability Co   ☐ General Partnership   ☐ Limited Partnership   ☐ Sole Proprietor   ☐ Municipality   ☐ Trust   ☐ Other

Description of Business __Asphalt Paving__

Primary Contact Name _Elizabeth Daly_   Title _Owner_   Phone # _1-855-735-ROAD_   Email _Elizabethpaving...com_

Physical Address _5121 Ehrlich Rd_   City _Tampa_   County _Hillsborough_   State/Zip _FL_ / _33624_

Billing Address _5121 Ehrlich Rd_   City _Tampa_   County _Hillsborough_   State/Zip _FL_ / _33624_
(if different)

Phone # _1-855-735-ROAD_   Fax # _—_   Business Start Date _2012_   Years as Owner of this Business _8_

Federal Tax ID Number _____   State Incorporated _FL_   Sales Tax Exempt   ☐ Yes (please attach certificate)   ☐ No

Machine Fleet Size _15_

Prior bankruptcy?   ☑ No   ☐ Personal   ☐ Current Business   ☐ Prior Business

Active liens or judgments?   ☑ No   ☐ Liens   ☐ Judgments

### ② OWNERSHIP: Provide copy of government issued ID for all owners completing this section

1) Name _Elizabeth Daly_   Date of Birth ▓ _1967_   SSN ▓   % of Ownership _75_ %   Net Worth _____
Address _8919 NW 20th_   City _Coral Spring_   State/Zip _FL_ / _33071_   Annual Income _52,000_

2) Name _Patrick Daly_   Date of Birth ▓ _1966_   SSN ▓   % of Ownership _13%_   Net Worth _____
Address _8919 NW 20th_   City _Coral Spring_   State/Zip _FL_ / _33071_   Annual Income _85,000_

*For more than 2 owners, complete OWNERSHIP section and sign an additional Credit Application.*

### ③ REFERENCES

| | Phone # | Contact Name | Account # | Average Balance |
|---|---|---|---|---|
| Primary Bank (Checking Account Specific) | | | | |
| BB&T | 1-800-226-5228 | Sonic Kroys | | |
| Additional (Bank/Trade/Equipment Rental/Bonding) | | | | |
| 1) Berger Construction | 1-800-969-9402 | Keen | | |
| 2) Sunbelt Rentals | 1-800-667-9328 | | | |
| 3) Hertz | 1-888-777-2700 | | | |

### ④ COMPLETE if you are financing PARTS, SERVICE, ATTACHMENTS or RENTING equipment from a Cat Dealer with Commercial Account

Requesting a revolving credit limit range of (select ONE):   ☐ $ _____   ☐ $25,000 or less   ☐ $25,000-$75,000   ☐ $75,000 or more (see FINANCIAL section below)

Billing preference (select ONE or statement billing will apply):

☐ **STATEMENT BILLING:** Receive one statement monthly that covers all transactions made during that period. A minimum payment of 10% (revolving) of the account balance plus interest is due each payment cycle, or pay in full without interest charges. Rental charges are due in full by the due date. As with all statement billing methods payments are applied to the oldest outstanding balance.

☐ **INVOICE BILLING:** Immediately receive a separate Invoice Bill that mirrors the dealer invoice for each transaction you make, plus receive a monthly summary of all paid and open invoices. The full payment of the invoice is due on the stated terms.

Name(s) of individual(s) authorized to charge on account: 1) Name _____   2) Name _____

*Contact Credit.Department@cat.com to request additional authorized users.*

### FINANCIAL: Attach the following if financing exceeds $350,000 for equipment purchases or is over $75,000 for a Commercial Account

Financial statements for the last 2 fiscal year-ends, latest interim statements and comparable interims from prior year (if fiscal year-end is over 120 days), and a detailed list of work on hand. *Additional financial information may be required.*

REVISED 2013

## INDUSTRY SPECIFICS

**FORESTRY – Attach a list of equipment owned with make, model, year, s/n, loader and balance owing.**

1. Number of crews _____    2. Avg. monthly revenues $_____    3. Avg. monthly expenses $_____
4. Do you own the timber you normally harvest? ☐ Yes ☐ No
5. Primary Customer Names                    Length of Relationship        Is there a contract?
a. _____    _____    ☐ Yes ☐ No
b. _____    _____    ☐ Yes ☐ No

**VOCATIONAL TRUCKS**

1. Products Hauled _____    2. Fleet size? _____
3. Years Operating _____    Years Owning _____
4. Primary Customer Names                    Length of Relationship        Is there a contract?
a. _____    _____    ☐ Yes ☐ No
b. _____    _____    ☐ Yes ☐ No

**ENGINE / GENERATOR SET (select ONE):**

☐ Mobile and mounted on vehicle or trailer.
  Assignment of title to Cat Financial will be required.
  - Attach copy of title if you own trailer.
☐ Fixed and fastened to land/building.
  - Attach a completed engine utilization form.
☐ Pallet/skid/pad mounted (not fixed to the property)

**HAZMAT – COMPLETE** this section and sign below for EVERY truck transaction.

Do you haul HAZMAT? ☐ Yes* ☐ No
*If hauling HAZMAT, attach a completed HAZMAT questionnaire and proof of insurance. Minimum environmental liability coverage required from an acceptable insurer.

## NOTICES

**Definitions:** The terms "you" and "your" will refer to the person applying for financing, each Guarantor and each Signatory signing this credit application. The terms "we", "us" or "our" will refer to Caterpillar Financial Services Corporation ("CFSC") and/or Caterpillar Financial Commercial Account Corporation ("CFCAC" and, together with CFSC, the "Cat Financial Companies"), either individually or collectively, as applicable. Collectively, the Cat Financial Companies, Caterpillar Inc. and their affiliates and subsidiaries are referred to herein as the "Caterpillar Companies".

**Representations and warranties:** You represent that the information provided by you in this credit application (i) is true, correct and complete and (ii) is provided for the purpose of you obtaining credit from us.

**Privacy Notice:** You authorize us, or our designee, to investigate or obtain from other Caterpillar Companies, sellers of Caterpillar products (each a "Dealer"), banks, consumer reporting agencies, financial institutions, merchants, customers or any other person or entity any personal or business information related to you that we may deem appropriate, including but not limited to consumer reports and credit histories, for the use described herein. You authorize and instruct each such person or entity to furnish, share or otherwise make accessible to us any such information in their possession. We may use and rely upon such information, and any information provided in this credit application, (a) to make a credit decision to extend credit now or in the future pursuant to a subsequent application or request, (b) to continue any previously provided credit, (c) to review your account, (d) to assist in any collection activity, (e) to otherwise investigate your credit, (f) to improve or market Caterpillar products and services, and (g) to share such information with any other person or entity, including but not limited to the Caterpillar Companies, Dealers, consumer reporting agencies, financial institutions, and merchants.

This application for credit is solely from us. A decision to grant or deny business credit by CFSC will be made by CFSC, and a decision to grant or deny credit by CFCAC will be made by CFCAC. We may, in our sole discretion, refuse to extend business credit, goods, or services to you and may terminate any such credit extended at any time. Any references to a requested amount of credit in this credit application will not be deemed a limitation of liability by you. You understand and agree that any credit granted by us to you will be governed by the provisions and conditions set forth in CFCAC's Customer Agreement (or similarly titled) between us where granted by CFCAC or the applicable agreements between us where granted by CFSC.

You acknowledge that this credit application is for business customers only (including sole proprietorships) and credit provided by us in connection with this credit application may not be used to acquire equipment or services for personal, household or family purposes. You acknowledge that you have read and fully understand the terms and conditions contained in this credit application.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning these creditors is the FTC Regional Office for the region in which the Cat Financial Companies operate or the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

If your application for business credit is denied, you have the right to a written statement of the specific reasons for the denial. To obtain the statement, contact us at the applicable address below within 60 days from the date you are notified of our decision. We will send you a written statement of the reasons for the denial within 30 days from receiving your request for the statement.

Caterpillar Financial Services Corporation, Attn: Credit Manager, 2120 West End Ave., P.O. Box 340001, Nashville, TN 37203

## SIGNATURES

**Required signatures:** If you are a legal entity (e.g., corporation, limited liability company or limited liability partnership), an authorized person must sign below on your behalf in addition to each owner listed in this credit application. If you are a partnership or a sole proprietorship, each owner must sign below.

Authorized Signature  *Elizabeth Daly*                                        Date  9/20/20 5
Printed Name  *Elizabeth Daly*                    Title  Owner

**Ownership** (To be completed by every owner identified in the OWNERSHIP Section of this Application; ID required)

1) Signature  *Elizabeth Daly*        Printed Name  Elizabeth Daly        Date  9/20/20 5
2) Signature  *Patrick Daly*          Printed Name  Patrick Daly          Date  9/20/20 5

## TO BE COMPLETED BY A CATERPILLAR REPRESENTATIVE OR CAT DEALER

Identity verified for all signatories listed above  ☐ Yes  ☐ No
Identification attached, if applying with Cat Financial Commercial Account  ☐ Yes  ☐ No
VOCATIONAL TRUCK / ENGINE / GEN SET: application number required for every transaction _____. Attach truck and body build sheets for vocational trucks.



