**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In Re:

DAREN C. DALY,                                    Case No: 22-15694-SMG

    Debtor.                                      Chapter 11 (Sub V)

_____/

### OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

Creditors/Movants, ALL PAVING & SEALCOATING, LLC, PATRICK DALY, ELIZABETH DALY, individually, and as the alleged majority owners and the only Directors on the Board of Directors of the Florida corporation, ALL PAVING, INC., hereby file their Objections to the Exemptions, and property claimed as exempt on Schedule C of the Debtor's Schedules filed by the Debtor as follows:

1.      This Objection is filed pursuant to Federal Rules of Bankruptcy Procedure (FRBP) Rule 4003(b)(1), which provides that: "… a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded, or within 30 days after any amendment to the list of supplemental schedules is filed, whichever is later."

2.      The §341(a) Meeting of Creditors to this Debtor took place on August 25, 2022, so that this objection is timely.

3.      This Objection is also brought pursuant to Local Rule 4003-1, Local Rules of the United States Bankruptcy Court, Southern District of Florida.

4.      §222.20 Fla. Stat. (2021), entitled "Nonavailability of federal bankruptcy exemptions." provides that: "[i]n accordance with the provision of s. 522(b) of the Bankruptcy

Code of 1978 (11 U.S.C. 522(b)), residents of this State shall not be entitled to the federal exemptions provided in s. 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522(d)). Nothing herein shall affect the exemptions given to residents of this State by the State Constitution and the Florida Statutes."

5.     The Debtor has asserted exemptions pursuant to § 222.25 (1) Fla. Stat. (2021). Section 222.25 (1) Fla. Stat. (2021) provides that: "[t]he following property is exempt from attachment, garnishment or other legal process: (1) A debtor's interest, not to exceed $1,000 in value, in a single motor vehicle as defined in s. 320.01."

6.     The Debtor has also asserted exemptions pursuant to Article X, Section 4 (a) (2) of the Florida Constitution. Article X, Section 4 (a) (2) of the Florida Constitution provides that: "personal property to the value of one thousand dollars" is exempt.

7.     The Debtor has asserted an exemption pursuant to 11 U.S.C. §522(d)(2), and §222.25 Fla. Stat. (2021), for a 2016 Chevrolet Suburban, claiming the value in said vehicle is exempt in the amount of $14,000.00. The Debtor has also asserted that an exemption under Florida Constitution Article X, Section 4(a)(2) is applicable to said 2016 Chevrolet Suburban.

8.     It is clear that exemptions pursuant to 11 U.S.C. §522(d) are inapplicable and not available to a Florida debtor pursuant to §222.20 Fla. Stat. Furthermore §222.25 (1) only allows the Debtor's interest, not to exceed $1,000 in a single motor vehicle to be claimed as exempt. Finally, the exemption pursuant to the Florida Constitution, Article X, Section 4 (a)(2) is limited to "personal property to the value of one thousand dollars." Therefore, the most that could be claimed as exempt by the Debtor in the 2016 Chevrolet Suburban is $1000.00 pursuant to Section

222.25 (1) Fla. Stat., and $1000.00 pursuant to Article X, Section 4 (a)(2) of the Florida Constitution, leaving $12,000.00 as non-exempt.

9.      The Debtor has also claimed an exemption of $30,000.00 on a 2020 Chevrolet Suburban pursuant to 11 U.S.C. Section 522 (d)(2), Fla. Stat. §222.25, and under the Florida Constitution Article X, Section 4(a)(2).

10.     The claimed exemption pursuant to 11 U.S.C. § 522 (d)(2) on the 2020 Chevrolet Suburban is not available to the Debtor pursuant to the provisions of Section 222.20 Fla. Stat (2021). Pursuant to Section 222.25, Fla. Stat. (2021), said exemption in a **single** motor vehicle, is limited to and shall not exceed $1,000 in value. Presuming that the personal property exemption pursuant to Article X, Section 4 (a)(2) has been used on the 2016 Chevrolet Suburban, and the exemption pursuant to Section 222.25 (1), limited to a single motor vehicle, was utilized on the 2016 Chevrolet Suburban, the entire $30,000.00 value of the 2020 Chevrolet Suburban is non-exempt, and Movants object to this exemption.

11.     The Debtor has claimed a 2022 Icon LX Golf Cart with a scheduled value of $7,000.00 is exempt pursuant to 11 U.S.C.§522(d)(5).

12.     As provided in §222.20 Fla. Stat. (2021), residents of this state shall not be entitled to the federal exemptions provided in s 522 (d) of the Bankruptcy Code of 1978 (11 U.S.C. s. 522 (d)). Accordingly, movants object to the 2022 Icon LX Golf Cart being declared as exempt, as the entire $7000.00 scheduled value is non-exempt.

13.     The Debtor has asserted an exemption in home furniture and furnishings with a value of $3,450.00 as exempt pursuant 11 U.S.C. § 522 (d)(3), and pursuant to the Fla. Constitution Article X, §4(a)(2).

14. The claimed exemption pursuant to 11 U.S.C. § 522 (d)(3) is unavailable to the Debtor pursuant to the provisions of §222.20 Fla. Stat. (2021). In addition, presuming that the Debtor has used his Article X, §4(a)(2) exemption on the 2016 Chevrolet Suburban, said exemption is not available to exempt the scheduled value of $3450.00 for household furniture and furnishings.

15. The Debtor has asserted an exemption in 6 Sony TV's having a value of $900.00, and an exemption of $250.00 in a cellphone pursuant to U.S.C. §522(d)(3) and 11 U.S.C. §522 (d)(6) respectively. As stated previously, §222.20 Fla. Stat (2021) provides that the exemptions available under 11 U.S.C. §522(d) are not available to residents of the State of Florida, and Movants object to the Debtor's assertion of exemptions for this personal property.

16. The Debtor has asserted as exempt, his interest in a Charles Schwab account having a value of $6,341.80 under 11 U.S.C §522(d)(10)(E). As stated previously, §222.20 Fla. Stat (2021) provides that the exemptions available under 11 U.S.C. §522(d) are not available to residents of the State of Florida, and Movants object to the Debtor's assertion of an exemption regarding this financial account.

17. The Debtor has asserted his interest in a Wells Fargo Savings Account #9894 in the amount of $6,101.47 pursuant to 11 U.S.C. §522(d)(5), and Section 222.11 Fla. Stat. (2021). To the extent that Debtor asserts an exemption in this account pursuant to 11 U.S.C. §522 (d)(5), movants object as a result of the provisions of §222.20 Fla. Stat. (2021). To the extent that Debtor claims an exemption under §222.11 Fla. Stat. (2021), Movants demand proof that the funds in the Savings account #9894 were credited or deposited in any financial institution from earnings or wages received not more than six (6) months after the earnings were received by the Debtor, and

object to this exemption if the funds in said account resulted from earnings received by the Debtor more than six (6) months before they were deposited in said account.

18.    The Debtor has asserted an exemption in his interest in a Wells Fargo Checking Account #9738 in the amount of $1027.66 pursuant to 11 U.S.C. §522(d)(5), and Section 222.11 Fla. Stat. (2021).  To the extent that Debtor asserts an exemption in this account pursuant to 11 U.S.C. §522 (d)(5), movants object as a result of the provisions of §222.20 Fla. Stat. (2021) making the provisions of 11 U.S.C. §522 (d) unavailable to the residents of the State of Florida.  To the extent that Debtor claims an exemption under §222.11 Fla. Stat. (2021) in the Checking Account, Movants demand proof that the funds in said account were deposited or credited in any financial institution from earnings or wages received not more than six (6) months after the earnings were received by the Debtor, and accordingly object to this exemption.

19.    The Debtor has claimed an exemption pursuant to 11 U.S.C. §522(d)(3). in various clothing and shoes by Nike having a value of $2,000.00. This claimed exemption exceeds the permissible claimed exemption provided in Article X §4(a)(2) on the grounds that same exceed the $1,000.00 amount for personal property, or in the alternative, said exemption has been utilized in conjunction with the 2016 Chevrolet Suburban.

20.    The majority of the Debtor's exemptions are asserted pursuant to the subsections of 11 U.S.C. 522(d).  As Florida has opted out of the Federal Bankruptcy scheme, the Debtor is limited to the Florida Constitutional or Statutory exemptions, and cannot claim the benefit of the exemptions of 11 U.S.C. 522 (d).

WHEREFORE, Creditors/Movants, ALL PAVING & SEALCOATING, LLC, PATRICK DALY, ELIZABETH DALY, individually, and as the alleged majority owners and the only

Directors on the Board of Directors of the Florida corporation ALL PAVING, INC., object to the Exemptions asserted by DAREN DALY and request that the Court rule that the exemptions claimed are not available to the Debtor.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2022, I electronically filed the following document with the Clerk using CM/ECF, and that a true and correct copy of the Objections to Debtor's Claim of Exemptions was furnished via CM/ECF to Monique D. Hayes, Esq., monique@dgimlaw.com , and Isaac M. Marcushamer, Esq. isaac@dgimlaw.com  both with DGIM LAW, PLLC, and all other interested parties via CM/ECF.

I HEREBY CERTIFY that I am admitted to the
Bar of the United States District Court  for the Southern
District of Florida and I am in compliance
with the additional qualifications
to practice in this court as set forth in Local
Rule 2090-1(c)(3).

C. DAVID TANGORA, P.A.
Attorney for Creditors/Movants,
Patrick & Elizabeth Daly,
and All Paving
& Sealcoating, LLC
200 S.E. 18th Court
Ft. Lauderdale, FL 33316
(954) 779-1005-Phone
(954) 764-4502-Facsimile
tangoralaw@bellsouth.net

By /s/ C. David Tangora
     C. David Tangora, Esq.
     Florida Bar No: 522104