UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                              Chapter 11

DAREN C. DALY                                       Case No.: 22-15694-SMG

    Debtor.
_____/

## DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY OR TO MODIFY AUTOMATIC STAY [ECF NO. 45]

Daren C. Daly, as the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), hereby submits his objection ("Objection"), to the Motion for Relief From Automatic Stay or to Modify Automatic Stay [ECF No. 45] (the "Motion"), filed by Patrick Daly and Elizabeth Daly (the "Movants"), and support of the Objection states as follows:

### PRELIMINARY STATEMENT

The issue before the Court is whether the Court should lift the automatic stay as to the state court declaratory judgment action (the "Declaratory Judgment Action") filed by the Movants. The Movants seek to litigate their alleged ownership of All Paving Inc., which the Debtor founded, funded, and owns entirely. The ownership of the Company is the Debtor's primary asset and is indisputably property of the estate. Moreover, the Movants seek this relief prior to (i) the presentation and consideration of the Debtor's Chapter 11 Plan of Reorganization for confirmation ("Confirmation"); . The Movants argue that the stay should be lifted now. The Debtor contends that the stay should be maintained through completion of the Bankruptcy Case, where the issue of ownership of the Company will be efficiently and effectively resolved.

The Movants possess the initial burden of demonstrating cause to lift the automatic stay. They fail to meet their initial burden in several respects, especially given the nascent stage of this

Bankruptcy Case. First, and most glaringly, they fail to provide any evidence of prejudice if the Court denies stay relief prior to Confirmation. The Movants' declaratory judgment claim on ownership has ping-ponged between six (6) different judges presiding over the matter in state court, including a bench jury trial that ended in a declaration of mistrial. Now in its current iteration, the state court proceeding remains in the initial stages. Indeed, at the time this Bankruptcy Case was filed discovery was still pending and a new judge had recently been appointed to preside over the state court proceedings. Most recently the movants have failed to comply with the new judge's discovery orders and instead filed a writ of certiorari in the Florida Fourth District Court of Appeal that has yet to be heard. Simply put, the Movant's declaratory judgment claim on ownership is not ripe for resolution in the state court proceedings, and denial of the requested stay relief will not alter this fact. Judicial economy will be better served by resolving the dispute in the context of this streamlined Bankruptcy Case.

Second, the Movants wholly fail to demonstrate a probability of success on the merits. Rather than present applicable statutory or decisional authority supporting their claim to ownership in the Company, they misdirect the Court with reference to irrelevant facts asserted in the state court proceedings, misstate the findings in the state court proceedings, and rely on extra-jurisdictional authorities that are inapposite to the legal and factual issues presented here. The Movants have not made, and cannot make, the requisite threshold showing that they have a cognizable interest in the Company. *International Group, LLC v. Miami Yacht & Engine Works, LLC,* 83 So. 3d 930, 932 (Fla. 3d DCA 2012) (allowing dispute over purported interest in limited liability company to proceed to discovery and trial only after purported member produced operating agreement reflecting membership in the entity).

In addition to the foregoing, lifting the automatic stay will impose significantly more

hardship and prejudice on the Debtor than on the Movants. Relief from the automatic stay for the purposes sought will disrupt and jeopardize the Debtor's reorganization. Indeed, the state court "cannot determine the Debtor's membership interest in the pending litigation without asserting authority over the administration of the property of the Debtor's estate." *In re Melbourne Beach, LLC,* Case No. 6:17-bk-07975-KSJ, 2020 WL 5745966 at * 3 (Bankr. M.D. Fla. Mar. 19, 2020).

Judicial economy also favors stay preservation until at least the Debtor's plan of reorganization is considered for confirmation. First, as explained below, the Debtor's salary from the Company is the Debtor's primary source of income and will be necessary to fund the proposed reorganization. Second, the Debtor's equity interest in the Company is property of the estate and distribution of the same (including back to the Debtor as part of confirmed plan of reorganization) is in the exclusive jurisdiction of this Court. A ruling in the state court, even if issued with stay relief, has the potential of contradicting this court's determination of the extent and nature of the legitimate claimants—here the rightful equity interest owners—for purposes of distributing property of the estate. *In re Melbourne Beach, LLC,* 2020 WL 5745966 at * 4. In short, maintaining the stay through confirmation makes the most sense from both an economic and judicial resource perspective. Most importantly, maintaining the stay will maximize the Debtors' chances of successfully reorganizing.

For these reasons, and those set forth below, the Debtor respectfully requests that the Court deny the relief requested by the Movants.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

2. Venue of this case, the Motion, and this Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

    **A. The Company**

3.    On September 19, 2013, the Debtor formed All Paving, Inc. ("API" or the "Company") as a corporation operating under the laws of the State of Florida (the "Formation"). At the time of Formation, the Debtor identified his fiancé, Jamie A. Schindler ("Jaime"), as the president and 80% owner or the Company. The Debtor identified himself as a 10% owner and Patrick Daly[1] ("Patrick") as the holder of the remaining 10% ownership interest.

4.    Prior to the Formation, the Debtor worked with Patrick in a business, All Paving & Sealcoating, LLC ("APS") formed by Patrick in 2012. The Debtor continued to work with Patrick and APS after the Debtor founded API.

5.    In late 2015, the Debtor and Patrick agreed to share and maintained operational affiliations, but had distinguished businesses for taxes, revenue, customers and services. Under the arrangement, Patrick was to maintain full control and ownership of APS. The Debtor was to maintain full control and ownership of API. Elizabeth Daly[2], who is claiming majority ownership in the declaratory action did not work at business, and never held an ownership interest in the API.

6.    The separate companies shared a common office, fictious name, equipment, some vendor accounts, and certain personnel. They maintained separate bookkeeping and filed separate tax returns. The arrangement clearly benefited both companies due to economies of scale.

7.    Both APS and API flourished under the arrangement.

8.    Between Fall 2015 and May 2017, the companies operated as separate entities sharing resources and a business office with Patrick at the helm of APS and the Debtor at the helm

---

[1] Patrick Daly is the Debtor's father.
[2] Elizabeth Daly is the Debtor's mother.

of API. Periodic financial reconciliations were conducted between the companies that were reviewed and approved by both Patrick and the Debtor.

9.  In late 2016, Jaime completely relinquished her ownership interest in API to the Debtor.

10. Beginning in 2016, discord arose between Patrick and the Debtor regarding the business arrangements.

11. Between late 2016 and spring 2017, the Debtor and Patrick, engaged in discussions to disaffiliate the businesses. Those discussions culminated in a meeting on April 14, 2017 at BankUnited to disburse the funds on hand in the API Operating Account as a "separation reconciliation". An agreement was reached to facilitate the separation with the payment of certain funds to Patrick.

12. The parties also acknowledged API's past use of Patrick's paving license, a customary practice in the industry.

13. The purpose of the separation, and related payments, was to facilitate complete business disassociation between the Debtor, Patrick and Elizabeth. The parties intended to extinguish any claim of ownership Patrick and Elizabeth had in API and any claim of ownership the Debtor had in APS. In other words, each side was going separate ways.

14. On or about May 22, 2017, Patrick removed all APS files and materials from the shared business office, opened a new office down the street, stopped using the "all paving" fictious name and trademark, and registered a different fictitious name for APS on May 22, 2017.

15. Months after the agreed separation and both business moved forward with their operations the Movants, for the first time, asserted their unwarranted claim of majority ownership in API.

### B. Declaratory Relief Sought By the Movants

16. On August 4, 2017, the Movants initiated a lawsuit against the Debtor in the Seventeen Judicial Circuit Court in and for Broward County Florida (the "State Court").

17. The Movants originally filed a three-count Complaint for tortious interference, FDUPTA violation, and declaratory judgment. The first two counts revolved around the claim that the Debtor interfered with the Movants' email accounts and a domain name in 2017. The latter count (the "Declaratory Judgment Claim") claimed that Patrick and Elizabeth were "beneficial owners" of API.

18. The State Court entered a severance order in March 2019, severing the non-jury claims of declaratory judgment from the jury-demand claim of tortious interference and FDUPTA. However, the order was shown to be procedurally flawed, and a jury trial was ordered by the State Court in October 2020 and confirmed in December 2020.

19. The Movants moved to amend their pending Second Amended Complaint by interlineation deleting the reference in the Declaratory Judgment Claim to "ownership" from "beneficial ownership", i.e., for the first time claiming they were the legal owners of API in accordance with Chapter 607.

20. The Declaratory Judgment Claim went to non-jury trial in September 2020. The trial was strictly set at five days per side. After three days the Movants called one witness. When they called their second witness, Daren's brother, Defendants moved to exclude the witness for violation of the rule against sequestration, which ultimately led to a mistrial recusal of the presiding judge. The Movants then moved to have the case transferred to the Broward County complex business division. The request was initially accepted and the case and the Declaratory Judgment

Claim re-set for non-jury trial in November and December 2020. However, after considering the legal arguments involving the severance order and its effect on the other counts and counterclaim, the State Court determined the entire case had to be heard in a single jury trial.

21.     In March 2021, the Movants further amended and expand their claims in State Court into eleven (11) counts.

22.     The Debtor, by counterclaim, asserted a number of allegations against the Movants including as it relates to Patrick Daly's misappropriation of more than $278,000 in funds belonging to API.

### D. The Subchapter V Bankruptcy Case

23.     On July 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of title 11 of the Bankruptcy Code.

24.     The Debtor is an individual, who is the owner of All Paving, Inc. and Resurface Industries, LLC. Through these entities the Debtor provides roadway solutions, including paving, concrete overlay, sealcoating and related services to municipalities and commercial customers. The Debtor operates in multiple counties in Florida with offices at 23123 N. State Road 7, Suite 250, Boca Raton, FL 33428.

25.     The Debtor is operating his business and managing his affairs as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code.

26.     The Debtor's businesses are dependent on his paving license, skill, relationships, and personal services.

27.     On July 27, 2022, the United States Trustee filed notice of the appointment Tarek Kiem to serve as Subchapter V Trustee in this case [ECF No. 11].

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

### I. NO CAUSE EXISTS TO LIFT THE AUTOMATIC STAY

28. The automatic stay provisions of the Bankruptcy Code compel judgment creditors, like the Movant, to stay all proceedings against the Debtor and his property after he petitions for bankruptcy relief. 11 U.S.C. § 362(a)(1); *Ellison v. Northwest Eng'g Co.,* 707 F.2d 1310, 1311 (11th Cir. 1983); *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001) ("As a general rule, the filing of a bankruptcy petition operates to stay litigation involving prepetition claims against a debtor.").

29. The party seeking relief from the automatic stay has the burden of making a *prima facie* case for showing cause exists and only if *such prima facie* case is shown, the debtor has the burden of proving by preponderance of the evidence that cause does not exist. *See In re Paxson Elec. Co.,* 242 B.R. 67 (Bankr. M.D. Fla. 1999); *In re Hong-Yin Chan,* Case No. 6:18-bk-03297, 2019 WL 3948202, * 2 (Bankr. M.D. Fla. June 3, 2019) (citing *In re R.J. Groover Const., LLC,* 411 B.R. 473, 477 (B;ankr. S.D. Ga. 2008). The Movants have failed to establish that cause exists to lift the automatic stay. The Movant's primary argument that cause exists is their untenable position that judicial economy will be served by returning the salient issue of ownership of the Company to state court where the relatively simple issue has languished for years, at great expense to the Debtor. To date, the Debtor has incurred more than $1 million in legal fees defending against the Movants' baseless claims.

30. As discussed herein, the Movants have failed to make a threshold showing of their purported membership interests in the Company, as such their request for stay relief should be summarily denied. *In re Sonnax Indus., Inc.* 907 F.2d 1280, 1285 (2d Cir. 1990) (in context of case seeking stay relief to pursue judicial proceeding, court observed that movant possessed initial burden of proving cause and that, if movant fails to make initial showing of cause, "the court

8

should deny relief without requiring any showing from the debtor that it is entitled to continued protection.").

### A. The Movants Fail to Demonstrate Cause Under Any Recognized Balancing Test

31. Section 362(d)(1) does not define "cause," so a bankruptcy court must determine "cause" based on the totality of the circumstances. *In re Aloisi,* 261 B.R. at 508.

32. In *Aloisi,* the court recognized the development of a "balancing test for determining whether to modify the automatic stay to permit a pending action to proceed in another forum." *Id.* In considering such motions, courts weigh "the prejudice to the debtor against the hardship to the moving party if the stay remains in effect as well as consider the efficient use of judicial resources, the location of witnesses, documents, and other necessary parties." *Id.*

33. Here, the Debtor would suffer great prejudice if the state court proceedings were continued as he would be forced to litigate in two forums advancing the costs of such litigation and detracting time and attention necessary to reorganize.

34. Having failed to establish a prima facie case of cause for relief from the automatic stay to continue state court proceedings against the Debtor to fund additional pursuits against the Debtor, the Motion should be denied. *See e.g., In re 412 Boardwalk, Inc.,* 520 B.R. 126, 132 (Bankr. M.D. Fla. 2014) (noting "the party seeking relief from the automatic stay must establish a prima facie case of cause for relief. Absent such showing, relief from the effect of the stay will be denied."). [3]

---

[3] In support for the relief requested, the Movants site a number of cases that authorized relief from stay where the state court presiding over the prepetition litigation had a clear command of the issues and significantly advanced the litigation accordingly. That is simply not the case presented here and the authorities cited are wholly inapposite. *See In re Bison Resources, Inc.,* 230 B.R. 611, 614 (Bankr. N.D. Ok. 1999) (matter was trial ready). *Robbins v. Robbins,* 964 F.2d 342 (4th Cir. 1992) (affirming bankruptcy court decision allowing stay relief so state court divorce proceedings could be completed and noting deference to state court in domestic matters); *In re Chana Taub,* 413 B.R. 55, 64 (Bankr. E.D.N.Y. 2009) (authorizing stay relief to bring divorce proceedings to a conclusion noting state court expertise in matrimonial matters); *In re Brandon Farmer's Market, Inc.,* 34 B.R. 148, 150 (Bankr. M.D. Fla. 1983)

### B. Lifting The Stay Would Be Highly Prejudicial to the Debtor

35. Courts are reluctant to grant stay relief if there is any realistic possibility of an effective reorganization and, under such circumstances, will, generally, defer consideration of the stay relief motion until the confirmation hearing. *See, e.g., In re Pine Trace Corp.,* 87 B.R. 695 (Bankr. M.D. Fla. 1988) (Paskay, J.) (Even though it had "serious misgivings" about the debtor's ability to effectuate its plan, the court did not want to pre-judge the plan's feasibility and denied stay relief); *In re Discount Wallpaper Center, Inc.,* 19 B.R. 221, 222 (Bankr. M.D. Fla. 1982) (Court denied stay relief motion because there was nothing to indicate that the debtor's business was "so hopelessly beyond salvage that it will not be able to effectuate a reorganization of its business if given a reasonable opportunity to do so.").

36. If the Court grants relief from the automatic stay, the Debtor would face immense hardship and the overall goals of the Bankruptcy Code will go unfulfilled. The Debtor filed for bankruptcy protection in part to halt the slow burn of the Debtor's limited resources in state court proceedings. As such, returning to the state court would frustrate part of the Debtor's purpose for filing its voluntary petition. *In re Jefferson Cty., Ala.*, 491 B.R. 277, 297-98 (Bankr. N.D. Ala. 2013) (granting stay relief would defeat the very purpose of the debtor's bankruptcy petition).

37. Since filing, with the protection of the automatic stay, the Debtor has efficiently and in good faith proceeded to effectively reorganize. He has cooperated with the United States Trustee and Subchapter V Trustee, and attempted to engage creditors, including the Movants in a effort to being forth a consensual plan. *B.F. Goodrich Emps. Fed. Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505, 512 n.9 (11th Cir. 1992) (recognizing that the automatic stay is "one

---

(dismissing chapter 11 case filed without appropriate corporate authority in order to gain improper access to automatic stay); *In re MPX Technology, Inc.,* 310 B.R. 453, (Bankr. M.D. Fla. 2009) (awarding Rule 9011 sanctions against party initiating chapter 11 filing without appropriate corporate authority).

10

of the fundamental debtor protections provided by the bankruptcy laws," which "permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."). However, the Movants' apparent strategy is to frustrate the reorganizational efforts of the Debtor.

38.     The Movants' baseless allegations against the Debtor continue to deplete the Debtor's limited resources. Another strategy employed by the Movants in the state court proceedings, and now in this bankruptcy case, has been to cause the Debtor to expend his limited resources on legal fees in order to coerce the Debtor into making a payment to the Movants or, worse, to destroy the Debtor and the value of the Company. Such litigation strategy is highly prejudicial and should not be condoned because to do so would either place a tremendous strain on the Debtor's resources thereby preventing any meaningful distribution to his legitimate creditors or frustrate the Debtor's ability to reorganize in this chapter 11 case.

### C. The Movants Fail to Show Any Prejudice To Them If Stay Relief Is Not Granted

39.     Pending state court litigation against the Debtor, alone, is insufficient cause to lift the automatic stay. Though pending for a few years now, the state court proceedings have not reached an advanced stage. *In re Coffey*, 595 B.R. 501, 505 (Bankr. D.S.C. 2018) ("Lifting the stay to allow the non-bankruptcy litigation to go forward has been found appropriate where the non-bankruptcy litigation 'has reached an advanced stage and it would cause hardship to begin litigation in another forum.'") (quoting *In re Mitchell*, 546 B.R. 339, 347 (Bankr. D.S.C. 2016)). *Arnold Dev., Inc., v. Collins (In re Collins),* 118 B.R. 35, 38 (Bankr. D. Md. 1990) (declining to lift stay where parties in state court proceeding had not yet begun discovery). Here, discovery has yet to be completed in the state court proceedings, there have been multiple reassignments, and a mistrial. In fact, the matter was only recently reassigned to the current judge.

40. Nor does the fact that the state court proceedings involve only questions of state law establish sufficient cause to lift the automatic stay. The causes of action raised in the Declaratory Judgment Action, none of which require a nuanced examination or application of state law, are well within the bounds of this Court's expertise. *In re Mitchell*, 546 B.R. at 347 ("The majority of debts considered and determined by bankruptcy courts involve the application of state law.").

41. There is no evidence in the record of prejudice to the Movants since the filing of the Debtor's petition for bankruptcy relief. An inability proceed in state court simply does not equate to cause to lift the automatic stay where this Court can efficiently and effectively resolve all relevant disputes.

42. Given that the Movants have shown no prejudice or likelihood of undue delay if the ownership issue is resolved in this Court, stay relief is unwarranted.

**D. The Movants Do Not Demonstrate A Prospect for Success**

43. "[A] creditor must have a probability of prevailing on the merits in order for the automatic stay to be lifted to pursue litigation in a non-bankruptcy forum." *In re Jefferson Cty., Ala.*, 484 B.R. 427, 466 (Bankr. N.D. Ala. 2012); *see also In re Melbourne Beach, LLC,* 2020 WL 5745966 at *4 (declining request for stay relief to pursue disputed equity interest in property of the estate in state court proceeding).

44. The Movants have failed to demonstrate a probability of success in the state court proceedings. Indeed, the Movants have not made, and cannot make, a threshold showing of their purported interests in the Company as evidenced by the organizational documents of the Company. *International Group, LLC v. Miami Yacht & Engine Works, LLC,* 83 So. 3d at 932. Nor have the Movants presented evidence of a recognizable transfer of interests in the Company. *Guthhartz v.*

*Park Centre West Corp.,* 409 Fed. Appx. 248, 2010 WL 4627861 at *2 (11th Cir. Nov. 16, 2010) (declining to entertain family member's disputed claim of interest in company where purported transfer of such interest failed to meet requirements of Florida's UCC requirements for transfer of unregistered stock).

45. Instead, the Movants make various unfounded and conclusory allegations regarding the Debtor and the Company—none of which, under applicable statutory and decisional authority, entitle Movants to an ownership interest in the Company. Considering similar claims, the Eleventh Circuit in *Park Centre West Corp.* noted the threshold requirements "exist to prevent situations exactly like the one at bar: he said/she said lawsuits where one party asserts that a transfer was made based on some document not reflected in the corporate records." 2010 WL 4627861 at * 2.

### E.  Judicial Economy Does Not Favor Lifting the Stay

46. In balancing the factors relevant to a stay relief determination, courts may consider whether the stayed litigation will result in a complete resolution of the issues between the parties. *See In re Paxson Elec. Co.,* 242 B.R. at 71(denying stay relief after recognizing the state court bifurcation of issues and likely need to return to bankruptcy court for ultimate resolution even if stay relief was granted and determining that because the bankruptcy court could "resolve this matter as fast, if not faster, as the state court, judicial economy is best served by having the dispute resolved by [the bankruptcy court]."). *See also, In re Cummings,* 221 B.R. 814, 821 (Bankr. N.D. Ala. 1998); *Truebro, Inc. v. Plumberex (In re Plumerex Specialty Prods., Inc.),* 311 B.R. 551, 562 Bankr. C.D. 2004). Here, the proposed state court determination cannot render a final resolution because to do so would violate section 362(a)(3) of the Bankruptcy Code, in particular, prohibits any act to exercise control over property of the estate. 11 U.S.C.§ 362(a)(3).

47. Moreover, the Declaratory Judgment Action which the Movants seek to proceed with in state court requests a determination that they have an interest in the Company. There is no question that the Company is property of the Debtor's estate. Thus, even if the Movants were to prevail in the action, they would have to return to this Court to realize on any value in the Company. *In re Melbourne Beach, LLC,* 2020 WL 5745966 at * 3-4; *see also, In re Quality Properties, LLC,* Case No. 10-42783-JJR-11, 2011 WL 2321883 (Bankr. N.D. Ala. Jan. 31, 2011) ("Allowing piecemeal adjudication by conceding jurisdiction to state courts, especially in core proceedings, defeats the single-forum benefits of bankruptcy jurisdiction.").

48. In support of their argument that judicial economy favors stay relief, the Movants cite to extra-jurisdictional cases[4] granting stay relief where the matters were clearly trial ready in state court. Here, the declaratory judgment claim is not trial ready and in fact discovery issues are appending appeal. The record demonstrates that the state court has not developed a mastery of the issues or parties superior to that of this Court. And, it is highly likely that this Court can advance the salient issues efficiently and effectively.

49. Judicial economy is therefore best served by having all disputes between the parties resolved in this Court.

## CONCLUSION

Surely and as detailed above, when this Court considers and analyzes the totality of the circumstances in this case, there is simply no legal or factual basis for granting relief from stay under section 362(d) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) sustaining the objection, (ii) denying the Motion, and (iii) granting the Debtor such other and B.R.

---

[4] *In re American Spectrum Realty, Inc.,* 540 B.R. 730 (Bankr. C.D. 2015) and *In re Tricare Rehabilitations Syatems, Inc.,* 181 B.R. 569 (Bankr. N.D. Ala. 1994).

further relief as the Court deems just and proper.

    Dated: September 30, 2022

> Respectfully submitted,
>
> **DGIM Law, PLLC**
> *Counsel for the Debtor*
> 2875 NE 191st Street, Suite 705
> Aventura, FL 33180
> Phone: (305) 763-8708
>
> */s/ Monique D. Hayes*
> Isaac Marcushamer, Esq.
> Florida Bar No. 0060373
> isaac@dgimlaw.com
> Monique D. Hayes, Esq.
> Florida Bar No. 0841573
> monique@dgimlaw.com

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing was filed and served via CM/ECF Notification to all parties registered to receive electronic notice and/or U.S. Mail to all parties on the attached service list on this 30th day of September, 2022.

> */s/ Monique D. Hayes*
> Monique D. Hayes, Esq.
> Florida Bar No. 0841573
> monique@dgimlaw.com

## **SERVICE LIST**

**To all parties on the attached mailing matrix.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 22-15694-SMG<br>Southern District of Florida<br>Fort Lauderdale<br>Fri Sep 30 16:30:08 EDT 2022 | All Paving, Inc.<br>23123 N State Road 7<br>Syite 250<br>Boca Raton, FL 33428-5489 | Ally Bank, c/o AIS Portfolio Services, LLC<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 |
| AmeriCredit Financial Services, Inc. dba GM<br>P O Box 183853<br>Arlington, TX 76096-3853 | Broward County<br>c/o Records, Taxes & Treasury<br>Attn:  Bankruptcy Section<br>115 S. Andrews Ave. A-100<br>Ft. Lauderdale, FL 33301-1888 | Tokyo Century (USA) Inc<br>c/o Dennis Dressler<br>Dressler Peters LLC<br>70 W. Hubbard St.<br>Suite 200<br>Chicago, IL 60654-5677 |
| All Paving and Sealcoating, LLC<br>Bruce A. Goodman<br>5531 N. University Drive<br>Pompano Beach, FL 33067-4649 | All Paving, Inc.<br>10248 NW 62nd Ct<br>Pompano Beach FL 33076-2349 | Ally Financial, Inc.<br>Ally Detroit Center<br>500 Woodward Ave<br>Detroit, MI 48226-3416 |
| BMO Harris Bank N.A.<br>PO Box 3040<br>Cedar Rapids, IA 52406-3040 | BMO Transportation Finance<br>300 E John Carpenter Freeway<br>Suite 500<br>Irving TX 75062-2370 | Best Buy CBNA<br>POB 78009<br>Phoenix, AZ 85062-8009 |
| CIT Bank NA<br>10201 Centurion Parkway N 110<br>Jacksonville, FL 32256-4101 | Cadence Bank NA<br>25 South Links Avenue<br>Sarasota, FL 34236-5906 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| (p)CATERPILLAR FINANCIAL SERVICES CORPORATION<br>2120 WEST END AVENUE<br>NASHVILLE TN 37203-5341 | Clayton Trial Lawyers<br>401 E. Las Olas Blvd<br>Suite 1400<br>Fort Lauderdale, FL 33301-2218 | Clayton Trial Lawyers, PLLC<br>401 E Las Olas Blvd, Suite 1400<br>Ft. Lauderdale, FL 33301-2218 |
| Elizabeth Daly<br>Bruce Goodman Esq.<br>5531 N. University Drive<br>Pompano Beach, FL 33067-4649 | First Citizens Bank & Trust Comapny<br>PO Box 593007<br>San Antonio, TX 78259-0200 | Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 |
| Isuzu Finance of America, Inc.<br>2500 Westchester Ave Ste 312<br>Purchase, NY 10577-2578 | Komatsu Financial<br>c/o Linder Industrial Machinery<br>1601 S Plant City, FL 33563-2014 | Kubota Credit Corporation USA<br>1000 Kubota Drive<br>Grapevine, TX 76051-2334 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Patrick Daly<br>Bruce Goodman, Esq.<br>5531 N. University Drive<br>Pompano Beach, FL 33067-4649 | Suntrust Mastercard<br>6260 Powerline Road<br>Fort Lauderdale, FL 33309-2018 |
| Synchrony Bank/Paypal Credit<br>POB 530975<br>Orlando, FL 32896-0001 | Tax Collector Palm Beach County<br>Attn Anne M Gannon<br>POB 3353<br>West Palm Beach, FL 33402-3353 | The Meadow Run Association, Inc.<br>c/o Paul J. Milberg, Esq.<br>5550 Glades Road, Suite 630<br>Boca Raton, FL 33431-7206 |

| | | |
|---|---|---|
| The Soto Law Group, PA<br>2400 E. Commercial Blvd, Suite 400<br>Fort Lauderdale, FL 33308-4026 | UHealth<br>POB 2978<br>Munice, IN 47307-0978 | US Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington DC 20500 |
| US Department of Education<br>400 Maryland Avenue SW<br>Washington DC 20202-0001 | (p)U S  ATTORNEY'S OFFICE<br>99 NE 4TH STREET SUITE 300<br>MIAMI FL 33132-2131 | Daren C. Daly<br>10248 NW 62 CT<br>Pompano Beach, FL 33076-2349 |
| Isaac M Marcushamer Esq.<br>DGIM Law, PLLC<br>2875 NE 191st Street<br>Suite 705<br>Aventura, FL 33180-2803 | Monique D Hayes<br>DGIM Law, PLLC<br>2875 NE 191 Street<br>Suite 705<br>Aventura, FL 33180-2803 | Tarek Kirk Kiem<br>PO Box 541325<br>Greenacres, FL 33454-1325 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Caterpillar Financial<br>POB 340001<br>Nashville, TN 37203-0001 | United States Attorney<br>99 NE 4th Street<br>Miami, FL 33131 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)All Paving And Sealcoating, LLC<br>Bruce A. Goodman<br>5531 N. University Drive, Suite 101Pompa | (d)Ally Bank c/o AIS Portfolio Services, LLC<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (d)AmeriCredit Financial Services, Inc. dba G<br>P O Box 183853<br>Arlington, TX 76096-3853 |
| (d)Broward County<br>c/o Records, Taxes & Treasury<br>Attn:  Bankruptcy Section<br>115 S. Andrews Ave. A-100<br>Ft. Lauderdale, FL 33301-1888 | (u)Name,Address1,Address2,Address3,City,State<br>Ally Financial Inc,Ally Detroit Center 5<br>Best Buy CBNA,PO Box 78009,,,Phoenix,AZ,<br>BMO Transportation Finance,300 E John Ca<br>Capital One Bank,1680 Capital One Dr,,,M<br>CIT Bank NA,10201 Centurion Parkway N 10 | End of Label Matrix<br>Mailable recipients    38<br>Bypassed recipients     5<br>Total                   43 |