UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                          Chapter 11

DAREN C. DALY                                                                      Case No.: 22-15694-SMG

      Debtor.
_____/

**DEBTOR'S SUPPLEMENT TO OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY OR TO MODIFY AUTOMATIC STAY [ECF. NO. 56]**

Daren C. Daly, as the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), hereby submits his supplement ("Supplement") to the previously filed Objection to the Motion for Relief From Automatic Stay or to Modify Automatic Stay [ECF No. 56] (the "Objection"), and support of the Objection states as follows:

1.    On September 30, 2022, the Movants[1] filed Proof of Claim 13-1 against the Debtor's estate in the amount of $4,051,277.41 (the "Proof of Claim").

2.    As support of the Proof of Claim, the Movants attach a copy of their Second Amended Complaint against the Debtor pending in State Court. The Second Amended Complaint includes amount other counts the Declaratory Judgment Claim.

3.    As a result of the Proof of Claim, the Movants have submitted to the equity jurisdiction of this court to resolve all matters related to the Proof of Claim. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57–58 (1989) (citing *Katchen v. Landy*, 382 U.S. 323, 336 (1966)); *AASI Creditor Trust v. Peoplesoft USA, Inc. (In re All American Semiconductor),* Adv. Case No. 09-1466-BKC-LMI, 2010 WL 2854153 at *6 (Bankr. S.D. Fla. July 2010); *In re Palm Beach Finance*

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Objection.

*Partners, LP.,* 501 B.R. 799 (Bankr. S.D. Fla. 2013) (examining cases). *See also, Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1329-30 (2d Cir. 1993) ("the *Katchen, Granfinanciera,* and *Langenkamp* line of Supreme Court cases stands for the proposition that by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue that bears directly on the allowance of that claim-and does so not so much on a theory of waiver as on the theory that the legal issue has been converted to an issue of equity.").

WHEREFORE, the Debtor respectfully requests that this Court sustain the Debtor's objection to stay relief as set forth herein, and in the Objection, and grant such other and further relief as is just.

Dated: October 7, 2022

Respectfully submitted,

**DGIM Law, PLLC**
*Counsel for the Debtor*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Monique D. Hayes*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Supplement was served via CM/ECF Notification to all parties registered to receive electronic notice on this 7th day October, 2022.

*/s/ Monique D. Hayes*
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com