**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                          Case No. 22-15694-BKC-SMG

DAREN C. DALY,                                    Chapter 11 (Sub V)

      Debtor

_____/

## DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION

**You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. To assist you in your review, please note that a list of definitions and a section of frequently asked questions appear at the end of this document.**

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY TBD.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY TBD. THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS: U.S. BANKRUPTCY COURT, 299 E. BROWARD BLVD. #308, FT. LAUDERDALE, FL 33301.**

**Your rights may be affected by this Plan. You should consider discussing this document with an attorney**

**DGIM Law, PLLC**
*Counsel for the Debtor, Daren C. Daly*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Monique D. Hayes*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

## <u>TABLE OF CONTENTS</u>

ARTICLE 1 BRIEF HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 1190(1)(A) ........................................................................1

    1.1 Nature of Debtor's Business ................................................................................1

    1.1.1 Filing of the Debtor's Chapter 11 Case .....................................................1

    1.3 Current and Historical Financial Conditions ......................................................1

    1.4 Events Leading to the Filing of the Bankruptcy Case .......................................1

    1.5 Significant Events During the Bankruptcy Case ...............................................2

    1.6 Projected Recovery of Avoidable Transfers ......................................................2

ARTICLE 2 LIQUIDATION ANALYSIS PURSUANT TO 11 U.S.C. SECTION 1190(1)(B)....2

ARTICLE 3 PLAN IMPLEMENTATION AND FEASIBILITY......................................................2

    3.1 Projections for Implementation of Plan Pursuant to 11 U.S.C. Section 1190(1)(C) .....2

    3.2 Means for implementation of the Plan................................................................3

ARTICLE 4 CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN.......................................................................................................................3

ADMINISTRATIVE CLAIMS .........................................................................................................4

    4.1 Compensation of Debtor's Counsel ...................................................................4

    4.2 Compensation of Subchapter V Trustee ............................................................4

    4.3 Payment of Administrative Claims.....................................................................4

UNSECURED PRIORITY TAX CLAIMS.......................................................................................5

    4.4 Unsecured Priority Claims..................................................................................5

CLASSES OF CLAIMS TREATED UNDER THE PLAN ..............................................................5

    4.5 Classes of Claims and Treatment Under the Plan...............................................5

        A. Class 1- Broward County (Claim No. 2)...................................................5

B. Class 2- Americredit Financial Services, Inc. dba GM Financial (Claim No. 3)5

C. Class 3- General, Non-Priority, Unsecured Claims (Claim Nos. 4-6 together with Undisputed Scheduled Claims) ................................................................5

D. Class 4- Business Guaranty Claims (Clam Nos. 1. 7, 8, 9, 10, 11 and 14 together with Scheduled Claims of the US Small Business Administration and Other Business Creditors ...............................................................................6

E. Class 5- The Soto Law Group, P.A. (Claim No. 12-1) .......................................6

F. Class 6- Patrick Daly and Elizabeth Daly (Claim No. 13) .................................7

ARTICLE 5- ALLOWANCE AND DISALLOWANCE OF CLAIMS .........................................7

5.1 Meeting of Disputed Claim .............................................................................................7

5.2 Effect on Distribution .....................................................................................................8

ARTICLE 6- PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES 8

6.1 Executory Contracts and Unexpired Leases ....................................................................8

ARTICLE 7- EFFECT OF CONFIRMATION AND DISCHARGE OF DEBTOR .....................8

7.1 Binding Effect ................................................................................................................8

7.2 Plan Confirmed Under 11 U.S.C. Section 1191(a) ..........................................................9

7.3 Plan Confirmed Under 11 U.S.C. Section 1191(b) ..........................................................9

7.4 Exculpation ....................................................................................................................9

7.5 Injunction .....................................................................................................................10

7.6 Terms of Injunction of Stays .........................................................................................10

ARTICLE 8- RESERVATION OF CERTAIN CAUSES OF ACTION ......................................11

ARTICLE 9- TRUSTEE APPOINTED UNDER SUBCHAPTER V OF THE CHAPTER 11

TERMS AND COMPENSATION ..............................................................................................11

9.1 Term of Trustee under a Consensual Plan .....................................................................11

9.2 Term of Trustee under a Non-Consensual or Cramdown Plan ........................................11

ARTICLE 10- UNCLAIMED DISTRIBUTIONS, AMENDMENT OF CLAIMS AND
POSTPETITION INTEREST AND FEES .......................................................................12

ARTICLE 11- REMEDIES UPON DEFAULT BY DEBTOR........................................12

ARTICLE 12- GENERAL PROVISIONS ....................................................................13

    12.1 Definitions and Rules of Construction..........................................................13

    12.2 Tax Consequences of the Plan .....................................................................14

    12.3 Post Confirmation Management ...................................................................14

ARTICLE 13- CONCLUSION.....................................................................................15

Daren C. Daly, as the debtor and debtor-in-possession in the above-captioned bankruptcy case (the "Debtor"), having elected to file the above-captioned case under Subchapter V of Chapter 11 of the Bankruptcy Code, pursuant to sections 1189 and 1190 of the Bankruptcy Code, by and through undersigned counsel, respectfully files the following Plan of Reorganization:

## ARTICLE 1
## BRIEF HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR PURSUANT TO 11 U.S.C. § 1190(1)(A)

### 1.1.    Nature of Debtor's Business

The Debtor is an individual, who is the 100% owner and operator of All Paving, Inc. and Resurface Industries, LLC. Through these entities the Debtor provides roadway solutions, including paving, concrete overlay, sealcoating and related services to municipalities and commercial customers.  The Debtor's businesses operate in multiple counties in Florida. The principal office is located at 23123 N. State Road 7, Suite 250, Boca Raton, FL 33428. The Debtor's businesses are dependent on his business licenses, skill, relationships, and personal services.

The Debtor is a devout father and head-of-household. His family includes 6 minor children and his fiancé, who is a non-debtor and is not involved in the Debtor's businesses. As reflected in the Debtor's Schedules I and J, the Debtor income is used to satisfy the expenses of the family.

### 1.1.1.    Filing of the Debtor's Chapter 11 Case

On July 26, 2022, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 case is pending in the Bankruptcy Court in Southern District of Florida, Fort Lauderdale Division.

### 1.3.    Current and Historical Financial Conditions.

Since the start of this Bankruptcy Case the Debtor has filed his required Monthly Operating Reports. As reflected in the Monthly Operating Reports, the Debtor's current income is limited to salary-based income. The Debtor's income and expenses have been consistent over the past three years.

### 1.4.    Events Leading to the Filing of the Bankruptcy Case.

Pre-petition, the Debtor was faced with mounting debts principally associated with his business operations and pending litigation in Broward County Circuit Court and the Fourth District Court of Appeal involving the Debtor's parents and related entities, including *All Paving, Inc. v. Daren C. Daly, et al.;* Case No. CACE 17-014794(09), *All Paving, Inc. v. All Paving & Sealcoating, LLC, et al.;* Case No. CACE 18-21093(08) and *All Paving & Sealcoating, LLC v.*

1

*Daren C. Daly, et al;* Appellate Case No. 4D22-1825. The debtor initiated this bankruptcy proceeding to reorganize his debts and resolve litigation claims.

## 1.5.    Significant Events During the Bankruptcy Case.

During the Bankruptcy Case the following significant events have occurred:

- Retention of DGIM Law PLLC as bankruptcy counsel [ECF No. 5], approved by the Court [ECF No. 32].

- 341 Meeting of Creditors was held and concluded. [ECF No. 13].

- Patrick and Elizabeth Daly filed a Motion to Dismiss the Debtor's Chapter 11 Case [ECF No. 44], which was objected to by the Debtor [ECF No. 58], and denied by the Court [ECF No. 61]

- Patrick and Elizabeth Daly filed a Motion for Relief from the Automatic Stay [ECF No. 45], which was objected to by the Debtor [ECF No. 56], and denied by the Court [ECF No. 60]

- Patrick and Elizabeth Daly filed an Objection to the Debtor's Claim of Exemptions [ECF No. 51], which was sustained in part and resolved by the Court [ECF No. 63]

- The Debtor filed a number of claim objections which are pending before the Court [ECF Nos. 66, 67, 68, and 69]

## 1.6.    Projected Recovery of Avoidable Transfers

The Debtor does not anticipate recovering any avoidable transfers. The Debtor does not believe the estate holds any viable avoidance actions. The Debtor estimates the value of such actions to the estate to be $0.00.

## ARTICLE 2

## LIQUIDATION ANALYSIS PURSUANT TO 11 U.S.C. §1190(1)(B)

The Debtor's real and personal property are set forth in Schedule A/B [ECF No. 37].  A liquidation analysis is included by referenced and attached to the Plan as **Exhibit A**. The Debtor's value estimate for All Paving, Inc. and Resurface Industries, LLC is included by reference and attached to the Plan as **Exhibit B**.

## ARTICLE 3
## PLAN IMPLEMENTATION AND FEASIBILITY

## 3.1.    Projections For Implementation of Plan Pursuant To 11 U.S.C. § 1190(1)(C)

The Debtor projects that all plan payments will be funded by the Debtor's cash on hand, disposable income, and a loan from the Debtor's business Resurfacing Industries, LLC. The Debtor projects that the disposable income resulting from his salary and the anticipated loan will be sufficient to fund his plan of reorganization. The Debtor's projection summary is included in **Exhibit A.** The Debtor reserves the right to seek authority to sell or otherwise dispose of exempt assets, if necessary, to fund his plan or reorganization.

### 3.2.    Means for Implementation of the Plan

On Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor.

As part of Confirmation of the Plan the Debtor will request that the Court authorize the Debtor to incur debt in the amount of $150,000.00 via a loan from Resurface Industries, LLC. The Debtor holds 100% of the membership interests in Resurface Industries, LLC. Accordingly, the Debtor will have approximately $170,000.00, including anticipated loan proceeds and cash on hand, in funds available for Confirmation. The Debtor will use these funds to pay his Administrative Creditors and his Priority Tax Claims. Any remaining funds more than the foregoing payments shall be held in reserve for Disputed claims as detailed in the Plan. Plan Payments to creditors during the life of the Plan will be funded from the Debtor's Disposable Income.

### ARTICLE 4
### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

The Debtor's Plan must describe how its Creditors will be paid.  Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment.  For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled.  If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in impaired classes may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan

## ADMINISTRATIVE CLAIMS

**4.1.    Compensation of Debtor's Counsel**.

The Debtor has employed Isaac M. Marcushamer, Esq., and DGIM Law, PLLC ("DGIM") to represent him in this bankruptcy proceeding. The Debtor's counsel shall file a fee application consistent with the rules of this Court. Pre-petition, the Debtor paid Debtor's Counsel $68,143.00 prior to the filing of the bankruptcy. Of the $68,143.00 advance fee, $16,880.00 was utilized to satisfy fees incurred pre-petition and an additional $1,738.00 was utilized to satisfy pre-petition costs, including the filing fee. Of the initial advance fee, $49,525.00 remains on deposit with DGIM. DGIM estimates that the Debtor will owe a total of approximately $120,000.00 in fees and costs through confirmation. DGIM will apply to the Court for an award of compensation based on the actual fees and costs incurred, which may be higher or lower than the estimate stated herein, through the application process that is used by professionals. DGIM will file a final fee application for compensation to be heard with the other final fee applications in the case. DGIM may file additional or supplemental fee applications throughout the life of the Plan.

**4.2.    Compensation of Subchapter V Trustee**.

Under section 330 of the Bankruptcy Code, the case-by-case Subchapter V Trustee shall be compensated for services and reimbursed for expenses.  However, the method of payment of the Subchapter V Trustee compensation depends on the provision under which the Plan is confirmed.  The Subchapter V Trustee compensation is estimated to be $20,000.00 through confirmation. The Subchapter V Trustee will apply to the Court for an award of compensation through the application process that is used by professionals. The Subchapter V Trustee will file a final fee application for compensation to be heard with the other final fee applications in the case.

If the Plan is confirmed on a consensual basis under section 1191(a) of the Bankruptcy Code, then the Subchapter V Trustee's service ends with substantial consummation of the Plan under section 1183(c)(1), and the Subchapter V Trustee may collect approved compensation for all services.

 If the Plan is confirmed on a non-consensual basis under section 1191(b) of the Bankruptcy Code, then the Subchapter V Trustee will remain in place throughout the life of the Plan, and the Subchapter V Trustee may be entitled to additional compensation for services provided after confirmation. As such, the Subchapter V Trustee may file additional or supplemental fee applications throughout the life of the Plan.

**4.3.    Payment of Administrative Claims.**

If the Plan is confirmed under Section 1191(b), each administrative claimant shall be paid the full amount of their allowed administrative claim over 36-months in equal monthly installments commencing on the Effective Date unless the administrative claimant agrees to another treatment in writing.

4

If the Plan is confirmed under Section 1191(a), each administrative claim shall be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holders of the administrative claim and the Debtor.

## UNSECURED PRIORITY TAX CLAIMS

**4.4.    Unsecured Priority Claims.**

No unsecured priority claims have been filed against the estate pursuant to 11 U.S.C. §507(a)(8). Nevertheless, to the extent such tax claims exist and are allowed as priority claims prior to the Effective Date, those claims will be paid in full plus applicable interest on the Effective Date.

## CLASSES OF CLAIMS TREATED UNDER THE PLAN

**4.5.    Classes of Claims and Treatment Under the Plan**

**A.    CLASS 1 – Broward County (Claim No. 2)**

(a) Description: Broward County secured claim related to the Debtor's 2022 tax real estate tax obligation on his homestead.

(b) Treatment: Broward County shall have a claim against the Debtor in the amount of $10,323.48, and subject to an eighteen percent (18%) annual interest. This claim shall be paid in full on the Effective Date or when otherwise due, whichever is later. As such, the eighteen percent (18%) interest rate shall be inapplicable.

(c) Impairment: Class 1 is unimpaired.

**B.    CLASS 2 – Americredit Financial Services, Inc. dba GM Financial (Claim No. 3)**

(a) Description: GM Financial secured claim related to Debtor's family vehicle a 2020 Chevrolet Suburban.

(b) Treatment: GM Financial filed Proof of Claim No. 3 in the amount of $30,044.80, and subject to interest at a rate of three and ninety-nine hundredths (3.99%) per year. This claim will be paid in full over sixty (60) months with the first payment commencing on the Effective Date. The Debtor shall reaffirm the debt obligation to GM Financial.

(c) Impairment: Class 2 is impaired.

**C.    CLASS 3 – General, Non-Priority, Unsecured Claims (Claim Nos. 4-6 together with Undisputed Scheduled Claims)**

(a)    Description: Class 3 consists of the allowed, non-priority, general unsecured claims ("GUC Claims") against the Debtor.

5

(b)    Treatment: GUC Claims shall be paid in full over sixty (60) months with the first payment commencing on the Effective Date. The claims in this class, as filed, total $136,637.14. An additional $7,179.30 of claims in this class were scheduled as undisputed.

(c) Impairment: Class 3 is impaired.

**D.    CLASS 4 – Business Guaranty Claims (Claim Nos. 1, 7, 8, 9, 10, 11, and 14 together with the Scheduled Claims of the US Small Business Administration and Other Business Creditors)**

(a) Description: Class 4 consists of disputed, secured[1] claims asserted against the Debtor and related to corporate obligations guaranteed by the Debtor. The claims in this class, as filed, total $354,169.14. Additional scheduled claims in this class total $2,000,000.00. The Debtor, in his capacity as guarantor, does not dispute the existence or validity of the claims in this class, but disputes the enforceability of each of the claims against the Debtor as the subject loans are not in default; the obligor on the debts, All Paving, Inc. is servicing the debt, and there is sufficient equity in the subject collateral to secure payment.

(b) Treatment: The Debtor shall reaffirm his guaranty of the underlying business debts. Each business guaranty claim holder shall retain their lien interest in their collateral until paid in full. The Debtor has objected to the filed claims of the business guaranty holders as the respective loans are not in default and the claims are unenforceable against the Debtor or property of the Debtor's estate. The deadline for these creditors to respond to the Debtor's claim objections has not yet expired. A claim or interest in Class 4 shall be deemed "Disputed" until such claim or interest is deemed Allowed or Disallowed.

(c) Impairment: Class 4 is impaired.

**E.    CLASS 5 – The Soto Law Group, P.A. (Claim No. 12-1)**

(a) Description: Disputed secured and unsecured claim of The Soto Law Group, P.A. related to pre-petition legal services.

(b) Treatment: The Soto Law Group, P.A. ("Soto") filed Proof of Claim No. 12-1 in the amount of $73,196.77, of which $49,116.34 is purported to be secured by a retaining lien on funds held by the firm. The Debtor has objected to this claim. The deadline ("Soto") to respond to the Debtor's claim objection has not yet expired. Claim No. 12-1 shall be deemed "Disputed" until such time as it is deemed Allowed or Disallowed.

A cash reserve, in the amount of $401.34, shall be funded for an initial distribution payable under the Plan to Soto on account of Claim No. 12-1, if Allowed.  If Claim No. 12-1 becomes an Allowed claim or interest, then within 5 business days of such claim or interest becoming Allowed, the amount held in reserve shall be paid to Soto with all remaining payments made directly to the Soto over a period of sixty (60) months.

---

[1] The subject claims are not purported to be secured by property of the Debtor's estate. Instead, the claims are secured by property owned by the Debtor's company, All Paving, Inc.

If Claim No. 12-1 becomes "Disallowed" then the amounts held in reserve shall be disbursed to the Debtor. The Debtor reserves the right to challenge Soto's lien claim and to assert all available claims and defenses in separate legal proceedings.

(c) Impairment: Class 5 is impaired.

**F.      CLASS 6 – Patrick Daly and Elizabeth Daly (Claim No. 13)**

(a) Description: Class 6 consists of the disputed claims asserted by Patrick Daly and Elizabeth Daly related to their unsubstantiated claim of an interest in the Debtor's company All Paving, Inc.

(b) Treatment: Patrick Daly and Elizabeth Daly filed Claim No. 13 in the amount of $4,051,277.41. The Debtor has objected to Claim No. 13. The deadline for these claimants to respond to the Debtor's claim objection has not expired. Claim No. 13 shall be deemed "Disputed" until such time as it is deemed Allowed or Disallowed.

A cash reserve, in the amount of $6,752.13, shall be funded for an initial distribution payable under the Plan on account of Claim No. 13, if Allowed.  If Claim No. 13 becomes an Allowed claim or interest, then within 5 business days of such claim or interest becoming Allowed, the amount held in reserve shall be paid to Patrick Daly and Elizabeth Daly with all remaining payments made directly to Patrick Daly and Elizabeth Daly over a period of sixty (60) months.

If Claim No. 13 becomes "Disallowed" then the amounts held in reserve shall be disbursed to the Debtor. The Debtor reserves the right to challenge the ownership and interest claims of Patrick Daly and Elizabeth Daly and to assert all available claims and defenses in separate legal proceedings.

(c) Impairment: Class 6 is impaired. However, because the claimants in this class are insiders of the Debtor, their vote shall not be considered for plan confirmation purposes pursuant to section 1129(a)(10) of the Bankruptcy Code.

## ARTICLE 5
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.1.    Meaning of Disputed Claim**

A "disputed claim" is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

A.      A proof of claim has been field or deemed filed, and Debtor or another party in interest has filed an objection;

or

B.    The Debtor scheduled a claim and marked the claim disputed, contingent, or unliquidated in the schedules and the Debtor or other interested party has filed an objection.

**5.2.    Effect on Distribution.**

No distribution will be made, but all amounts that may be due under the Plan will be held in reserve on account of a disputed claim until such claim is allowed or disallowed by a final non-appealable order.

The Debtor shall retain the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

A claim that was scheduled as disputed, but with respect to which no proof of claim was filed shall be disallowed in its entirety upon confirmation of the Plan and no distribution shall be made on account of such claim.

## ARTICLE 6
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1.    Executory Contracts and Unexpired Leases**

A.    The Debtor assumes the following executory contracts and unexpired leases as of the Effective Date and this Plan shall also constitute a motion to assume:

(i) The executory contracts with All Paving, Inc. with respect to the Debtor's employment; and
(ii) The automobile finance agreement with Americredit Financial Services, Inc. dba GM Financial with respect to the Debtor's family vehicle.

B.    Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date, or that are subject of a pending motion to assume, and if applicable assign, Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

C.    A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than the later of: (i) 14 days after the date of the order confirming this Plan, or (ii) 14-days after the entry of the order granting the motion to reject. Any such allowed claim shall be considered a general unsecured claim.

## ARTICLE 7
## EFFECT OF CONFIRMATION AND DISCHARGE OF DEBTOR

**7.1.    Binding Effect**.

8

The Plan shall be binding upon and inure to the benefit of the Debtor, all present and former holders of Claims and Equity Interests, and their respective successors and assigns.

## 7.2.    Plan Confirmed under 11 U.S.C §1191(a).

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose  before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

## 7.3.    Plan Confirmed under 11 U.S.C. §1191(b).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## 7.4.    Exculpation.

**Notwithstanding any provision contained in the Plan to the contrary, the Debtor, the Debtor's professionals, the Subchapter V Trustee, the Subchapter V Trustee's professionals, and any property of the foregoing (collectively, the "Exculpated Parties") shall not have or incur any liability to any entity for any pre-petition act taken or omitted to be taken in connection with, related to or arising from authorizing, preparing for or filing this bankruptcy, or any post-petition act taken or omitted to be taken in connection with, related to or arising from the formulation, negotiation, preparation, dissemination, implementation, administration of the Plan, the exhibits to the Plan, or any contract, instrument, or other agreement or document created or entered into in connection with the Plan, or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor, the bankruptcy case, or the confirmation or consummation of the Plan, including, but not limited to (i) any orders approving sales; (ii) formulating, preparing, disseminating, implementing, confirming, consummating, or administrating the Plan (including soliciting acceptances thereof); (iii) any contract, instrument, release or other agreement or document entered into or any action taken or not taken in connection with the Plan; or (iv) any distributions made pursuant to the Plan, except for acts constituting willful misconduct, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Notwithstanding the foregoing, for the avoidance of doubt, this section does not (i) prevent or limit the ability of the Debtor to object to a Claim of an Exculpated Party on any basis other than matters exculpated herein, or (ii) prevent or limit the ability of the Debtor to object to, or defend against, on any basis (a) any Administrative Claim of an Exculpated Party for substantial contribution, or (b) any Administrative Claim of an Exculpated Party arising solely from the Exculpated Party's capacity as a director.**

### 7.5.    Injunction.

**The Confirmation Order shall provide, among other things, that all entities who have held, hold, or may hold Claims against the Debtor are, with respect to any such Claims, permanently, enjoined from and after the Confirmation Date from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or any of their property; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any encumbrance of any kind against the Debtor; (iii) asserting any right of setoff, directly or indirectly, against any obligation due the Debtor, or any of their property, except as contemplated or allowed by the Plan; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (v) prosecuting or otherwise asserting any right, claim or cause of action against any Exculpated Party, that has been exculpated pursuant to the Plan; provided, however, that the injunction provided herein above shall neither bar any entity from asserting any defense in an action commenced by or on behalf of the Debtor, nor prohibit any entity from asserting any right expressly preserved or contemplated by the Plan.**

**The Confirmation Order shall also provide, among other things, that all entities who have held, hold, or may hold Claims against the Debtor is permanently enjoined from and after the Confirmation Date from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any action or other proceeding of any kind with respect to any such Claim against the Debtor; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor on account of any such Claim; and (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim; provided, however, that nothing contained in the Plan shall preclude (a) the IRS from pursuing an action against any entity, or (b) any governmental entity from pursuing a criminal action against any entity, then provided, further, that nothing in the Plan shall constitute a waiver of any rights or defenses of such persons with respect to such actions set forth in subsections (a) or (b) of this paragraph. All creditors, interest holders, and other parties with actual or constructive notice of this bankruptcy shall be bound by the injunctions set forth herein.**

### 7.6.    Terms of Injunctions or Stays.

**In any Plan confirmed pursuant to 11 USC 1191(a) or (b), property of the estate shall remain property of the estate and not re-vest in the Debtor until the earlier of completion of plan payments, the case is dismissed, or the subject property is otherwise no longer property of the estate.  Unless otherwise provided in the Plan or an Order of the Court, all injunctions or stays provided for in the bankruptcy case pursuant to sections 105 or 362 of the Bankruptcy Code or otherwise in existence on the Confirmation Date, shall remain in full**

force and effect until the bankruptcy case is closed, except a bankruptcy case that is "conditionally closed" or "administratively closed" shall not be deemed to be closed for purposes of this section.

## ARTICLE 8
## RESERVATION OF CERTAIN CAUSES OF ACTION

The Debtor shall retain the right to abandon, pursue or settle any, and all, claims and causes of action, including without limitation, as acknowledged herein. The Debtor has indicated his intent to assert cause(s) of action against purported creditors (1) The Soto Law Group, P.A., and (2) Patrick Daly and Elizabeth Daly.

The Debtor, pursuant to his business judgment, shall retain the right to abandon, settle, sell or assert the claims against The Soto Law Group, Inc. and Patrick and Elizabeth Daly. Any recovery shall be distributed pursuant to the Confirmation Order with any net proceeds that would be payable to the Debtor being used to supplement any payments to unsecured creditors in Class 3 (General Unsecured Claims) on a pro-rata basis until their filed and allowed claims are paid in full, with any further balance of the recovery being retained by the Debtor.

## ARTICLE 9
## TRUSTEE APPOINTED UNDER SUBCHAPTER V OF CHAPTER 11 TERM AND COMPENSATION

**9.1.    Term of Trustee under a Consensual Plan.**

If the Plan of the Debtor is confirmed under section 1191(a) of the Bankruptcy Code, the service of the trustee appointed under Subchapter V of Chapter 11 (the "Subchapter V Trustee" or "Trustee") in the case shall terminate when the Plan has been substantially consummated. As such, the Debtor shall make all payments under the Plan, including any deposits required by the Plan to be distributed on confirmation.

**9.2.    Term of Trustee under a Non-Consensual or Cramdown Plan.**

If the Plan is confirmed under section 1191(b) of the Bankruptcy Code, except as otherwise provided in the Plan or in the order confirming the Plan, the Subchapter V Trustee shall make payments to creditors under the Plan. As such, the following provisions shall apply to all claims and disbursements made by the Subchapter V Trustee under the Plan:

i. The Debtor shall file with the Court as a supplement to the Plan, and provide notice to all creditors at or before confirmation, a list of all the creditors and their addresses as listed on the Schedules and/or Proof of Claim who will be receiving payments under the Plan, the total amount to be paid to each creditor under the Plan (inclusive of all allowed interest and fees) and the payment terms and schedule for each creditor under the Plan.

ii. The Debtor shall timely pay to the Trustee all funds needed to make payments to creditors under the Plan.

11

iii. Within two (2) weeks of receiving the funds from the Debtor to make the Plan payments, the Trustee will disburse the amounts collected from the Debtor, to the holders of allowed claims pursuant to the treatment in their respective classes and as indicated below:

    a. All payments under the Plan will be made by the Trustee to the holder of each allowed claim at the address of such holder as listed on the Schedules and/or Proof of Claim, unless the Trustee has been notified in writing of a change of address.

    b. Any payment required to be made under the Plan on a day other than a business day shall be made on the next succeeding business day.

## ARTICLE 10
## UNCLAIMED DISTRIBUTIONS, AMENDMENT OF CLAIMS AND POSTPETITION INTEREST AND FEES

The following provisions regarding unclaimed distributions, amendments of claims, post-petition interest and fees applies whether the Plan in confirmed on a consensual or nonconsensual basis.

i.    Any distributions of cash or other property under the Plan that is unclaimed for a period of six (6) months after such distribution was made shall constitute unclaimed property and any entitlement of any holder of any claim to such distribution shall be extinguished, forever barred, and shall be returned to the Debtor. Claimants shall not be permitted to amend or otherwise modify any claim after the later of the claims bar date or the confirmation date without leave of the Bankruptcy Court. Any amendment to a claim filed after the later of the claims bar date or the confirmation date shall be deemed disallowed in full and expunged without any action by the Trustee or the Debtor unless the claimholder has obtained prior Court authorization for the filing of such amendment. The Trustee shall have no obligation to recognize any transfer of any claim after distributions have started.

ii.    Unless expressly provided in the Plan or confirmation order, post-petition interest and fees shall not accrue on or after the Petition Date on account of any claim.

## ARTICLE 11
## REMEDIES UPON DEFAULT BY DEBTOR

If the Debtor fails to timely make any Plan payment to the Trustee or a Creditor as required

by the terms of this Plan, then Trustee and/or Creditor may file and serve a notice of delinquency upon the Debtor and the Debtor's attorney at the below listed notice address. The Debtor shall have 45-days from the date of the notice of delinquency to make all payments due under the Plan, including any payments that become due within 45-day period. If the Debtor is seeking to cure the delinquency in a modified Plan, the Debtor must file a motion to modify the confirmed Plan within 45 days of the date of the notice of delinquency. If the Debtor is not current with Plan payments on the 45th day after the date of the notice of delinquency or has not filed a motion to

modify within that time period, the Trustee and/or Creditor will file and serve a report of non-compliance and may, thereafter, seek the appointment of a Chapter 11 trustee, dismissal or conversion of the case to Chapter 7.  The Debtor reserves the right to seek reinstatement or reconversion.

**Address for Notice of Delinquency**:

Daren C. Daly
10248 NW 2 Court
Pompano Beach, FL 33076

Copy to:

Monique D. Hayes, Esq.
Counsel for Debtor
2875 NE 191st Street, Ste. 705
Aventura, FL 33180
Email: monique@dgimlaw.com

**ARTICLE 12**
**GENERAL PROVISONS**

**12.1.    Definitions and Rules of Construction**

A.      The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented below.

B.      "Allowed" means a claim or interest that either was not subject to a dispute or was a claim or interest subject to dispute that was resolved by a withdrawal of an objection to claim or and order entered overruling an objection or approving a settlement of an objected to claim or interest becoming final and non-appealable.

C.      "Disallowed" means a claim or interest that was subject to a dispute where such dispute was resolved by the withdrawal of the claim or interest or an order entered sustaining or approving a settlement whereby the claim or interest amount is reduced to zero, becoming final and non-appealable.

D.      "Disposable Income" means the Debtor's net income less expenses as reflected in the Debtor's Schedules I and J, respectively (i.e. $3,317.16 per month).

E.      "Effective Date" of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order.  If, however, a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

13

F.    "Plan" shall mean this plan of reorganization in its entirety, together with all addenda, exhibits, schedules and other attachments hereto, in its present form or as it may be modified, amended or supplemented from time to time.

G.    "Priority Claim" shall mean a Claim entitled to priority under section 507(a)(3)-(7) of the Bankruptcy Code.

H.    "Priority Tax Claim" shall mean a Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

I.    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

J.    Binding effect:  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

K.    Captions: The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

L.    Controlling effect: Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

M.    Retention of Jurisdiction:  The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Plan after the Effective Date of the Plan.

## 12.2.  Tax Consequences of the Plan.

*Creditors concerned with how the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.*

The following are the anticipated tax consequences of the Plan: (1) tax consequences to the Debtor as a result of the Plan; (2) general tax consequences on creditors as a result of any discharge, and (3) the general tax consequences on creditors as a result of the receipt of Plan consideration after Confirmation.

## 12.3.  Post Confirmation Management.

The Debtor is an individual. Accordingly, he will continue to manage his own affairs post-confirmation.

## ARTICLE 13
## CONCLUSION

Under the Plan, most creditors of the Debtor will participate in some manner in the distribution to be made thereunder. The Debtor believes that the distributions contemplated in the Plan are fair and afford all Claimants equitable treatment.

**ACCORDINGLY, THE DEBTOR RECOMMENDS THAT ALL CLAIMANTS AND INTEREST HOLDERS VOTE TO ACCEPT THE PLAN.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 24th day of October, 2022, via CM/ECF and/or U.S. Mail as applicable pursuant to the below service lists.

Respectfully submitted,

By: */s/ Monique D. Hayes*

## SERVICE LIST

## ALL PARTIES ON THE ATTACHED MAILING MATRIX

Label Matrix for local noticing
113C-0
Case 22-15694-SMG
Southern District of Florida
Fort Lauderdale
Mon Oct 24 14:50:18 EDT 2022

All Paving, Inc.
23123 N State Road 7
Syite 250
Boca Raton, FL 33428-5489

Ally Bank, c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

AmeriCredit Financial Services, Inc. dba GM
P O Box 183853
Arlington, TX 76096-3853

Broward County
c/o Records, Taxes & Treasury
Attn:  Bankruptcy Section
115 S. Andrews Ave. A-100
Ft. Lauderdale, FL 33301-1888

Tokyo Century (USA) Inc
c/o Dennis Dressler
Dressler Peters LLC
70 W. Hubbard St.
Suite 200
Chicago, IL 60654-5677

All Paving and Sealcoating, LLC
Bruce A. Goodman
5531 N. University Drive
Pompano Beach, FL 33067-4649

All Paving, Inc.
10248 NW 62nd Ct
Pompano Beach FL 33076-2349

Ally Financial, Inc.
Ally Detroit Center
500 Woodward Ave
Detroit, MI 48226-3416

BMO Harris Bank N.A.
PO Box 3040
Cedar Rapids, IA 52406-3040

BMO Transportation Finance
300 E John Carpenter Freeway
Suite 500
Irving TX 75062-2370

Best Buy CBNA
POB 78009
Phoenix, AZ 85062-8009

CIT Bank NA
10201 Centrurion Parkway N 110
Jacksonville, FL 32256-4101

Cadence Bank NA
25 South Links Avenue
Sarasota, FL 34236-5906

Capital One Bank (USA), N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

(p)CATERPILLAR FINANCIAL SERVICES CORPORATION
2120 WEST END AVENUE
NASHVILLE TN 37203-5341

Clayton Trial Lawyers
401 E. Las Olas Blvd
Suite 1400
Fort Lauderdale, FL 33301-2218

Clayton Trial Lawyers, PLLC
401 E Las Olas Blvd, Suite 1400
Ft. Lauderdale, FL 33301-2218

Elizabeth Daly
Bruce Goodman Esq.
5531 N. University Drive
Pompano Beach, FL 33067-4649

First Citizens Bank & Trust Comapny
PO Box 593007
San Antonio, TX 78259-0200

Internal Revenue Service
POB 7346
Philadelphia, PA 19101-7346

Isuzu Finance of America, Inc.
2500 Westchester Ave Ste 312
Purchase, NY 10577-2578

Komatsu Financial
c/o Linder Industrial Machinery
1601 S Plant City, FL 33563-2014

Kubota Credit Corporation USA
1000 Kubota Drive
Grapevine, TX 76051-2334

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Patrick Daly
Bruce Goodman, Esq.
5531 N. University Drive
Pompano Beach, FL 33067-4649

Suntrust Mastercard
6260 Powerline Road
Fort Lauderdale, FL 33309-2018

Synchrony Bank/Paypal Credit
POB 530975
Orlando, FL 32896-0001

Tax Collector Palm Beach County
Attn Anne M Gannon
POB 3353
West Palm Beach, FL 33402-3353

The Meadow Run Association, Inc.
c/o Paul J. Milberg, Esq.
5550 Glades Road, Suite 630
Boca Raton, FL 33431-7206

The Soto Law Group, PA
2400 E. Commercial Blvd, Suite 400
Fort Lauderdale, FL 33308-4026

Tokyo Century (USA) Inc.
C/O Dennis A. Dressler
Dressler Peters LLC
70 W. Hubbard St., Ste. 200
Chicago, IL 60654-5677

UHealth
POB 2978
Munice, IN 47307-0978


US Attorney General
950 Pennsylvania Avenue, NW
Washington DC 20500

US Department of Education
400 Maryland Avenue SW
Washington DC 20202-0001

(p)U S  ATTORNEY'S OFFICE
99 NE 4TH STREET SUITE 300
MIAMI FL 33132-2131


Daren C. Daly
10248 NW 62 CT
Pompano Beach, FL 33076-2349

Isaac M Marcushamer Esq.
DGIM Law, PLLC
2875 NE 191st Street
Suite 705
Aventura, FL 33180-2803

Monique D Hayes
DGIM Law, PLLC
2875 NE 191 Street
Suite 705
Aventura, FL 33180-2803


Tarek Kirk Kiem
PO Box 541325
Greenacres, FL 33454-1325


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Caterpillar Financial
POB 340001
Nashville, TN 37203-0001

United States Attorney
99 NE 4th Street
Miami, FL 33131


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)All Paving And Sealcoating, LLC
Bruce A. Goodman
5531 N. University Drive, Suite 101Pompa

(d)Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)AmeriCredit Financial Services, Inc. dba G
P O Box 183853
Arlington, TX 76096-3853


(d)Broward County
c/o Records, Taxes & Treasury
Attn:  Bankruptcy Section
115 S. Andrews Ave. A-100
Ft. Lauderdale, FL 33301-1888

(u)Name,Address1,Address2,Address3,City,State
Ally Financial Inc,Ally Detroit Center 5
Best Buy CBNA,PO Box 78009,,,Phoenix,AZ,
BMO Transportation Finance,300 E John Ca
Capital One Bank,1680 Capital One Dr,,,M
CIT Bank NA,10201 Centurion Parkway N 10

| End of Label Matrix | |
| --- | --- |
| Mailable recipients | 39 |
| Bypassed recipients | 5 |
| Total | 44 |

**EXHIBIT A**

**LIQUIDATION ANALYSIS**

**Daren Daly**
**Hypothetical Liquidation Analysis**
**Projected Liquidation Under Chapter 7**
**As of October 24, 2022**
**(unaudited)**

**Daren Daly**
**Projected Distributions Under Chapter 11 Plan**
**As of October 24, 2022**
**(unaudited)**

| Note Ref. | | Chapter 7 | | |
|---|---|---|---|---|
| | | Values | | |
| | | $ | % | Payout |
| | **Assets (A)** | | | |
| 1 | Cash On Hand as of October 24, 2022 | $ 20,371 | | |
| 2 | Non-Exempt Personal Property | $ 58,150 | | |
| 3 | Non-Exempt Financial Assets | 6,341 | | |
| 4 | All Paving Inc | 165,681 | | |
| 5 | Resurface Industries | 185,445 | | |
| 6 | Avoidance Actions | - | | |
| | | - | | |
| 7 | Gross Liquidation Proceeds Available for Admin and Priority Claims | $ 435,988 | | |
| | **Administrative Expenses (E)** | | | |
| 8 | Ch. 11 Trustee Fees & Accumulated & Unpaid Ch. 11 Trustee Fees | 139,517 | 100.00% | $ 139,517 |
| | | | | $ - |
| 9 | Ch. 7 Professional Fees | 30,000 | 100.00% | $ 30,000 |
| 10 | Chapter 7 Trustee fee | 15,500 | 100.00% | $ 15,500 |
| | | $ 185,017 | | |
| | **Claims (C)** | | | |
| 11 | Priority Claims | $ - | | |
| 12 | Priority Tax Claims | 10,323 | 100.00% | $ 10,323 |
| 13 | Secured Claims | 89,485 | 100.00% | $ 89,485 |
| 14 | Unsecured Claims | 4,652,505 | 8.43% | $ 392,164 |
| 15 | | | | $ - |
| 16 | | | | $ - |
| 17 | Amount Available for Equity | - | | $ - |

| Note Ref. | | Chapter 11 | | |
|---|---|---|---|---|
| | | Values | | |
| | | $ | % | Payout |
| | **Assets (A)** | | | |
| 18 | Cash On Hand as of October 24, 2022 | $ 20,371 | | |
| 19 | Non-Exempt Personal Property | $ 58,150 | | |
| 20 | Non-Exempt Financial Assets | $ 6,341.00 | | |
| 21 | All Paving Inc | 165,681 | | |
| 22 | Resurface Industries | 185,445 | | |
| 23 | Shareholder Loan from Resurface Industries | 150,000 | | |
| 24 | Disposable Income | 238,454 | | |
| 25 | Gross Liquidation Proceeds Available for Admin and Priority Claims | $ 824,443 | | |
| | **Administrative Expenses (E)** | | | |
| 26 | Trustee Fees | 20,000 | 100.00% | $ 20,000 |
| 27 | U.S. Trustee Fees | - | | |
| 28 | Accumulated & Projected Professional Fees to Effective Date | 119,517 | 100.00% | 119,517 |
| | | | | - |
| | | $ 139,517 | | |
| | **Claims (C)** | | | |
| 26 | Priority Claims | $ - | | |
| 27 | Priority Tax Claims (Class 1) | $ 10,323.48 | 100.00% | 10,323 |
| 28 | GM Financial (Class 2) | $ 30,044.80 | 100.00% | 30,045 |
| 29 | Unsecured Claims (Class 3) | $ 143,816.44 | 100.00% | $ 143,816 |
| 30 | Business Guaranty Claims (Class 4) | $ 354,169.14 | 0.00% | - |
| 31 | Soto Law Group (Class 5) | $ 73,196.77 | 100.00% | 73,197 |
| 32 | Patrick and Elizabeth Daly (Class 6) | $ 4,051,277.41 | 1.00% | 40,513 |

**Notes:**

2  As Scheduled

3  As Scheduled

6  The Debtor estimates $0.00 is viable avoidance actions

**Notes:**

21  This is the Debtor's best estimate as owner of the company of the value of his interest in the company

22  This is the Debtor's best estimate as owner of the company of the value of his interest in the company

30  Debtor has reaffirmed these allowed claims

28  Only reflects the principal amount, Claim will accrue interest at 3.99% for the period of 60 months

31  Debtor has objected to this claim and the Creditor is holding $49,116.34

# **EXHIBIT B**

# **VALUE ESTIMATE**

| All Paving Inc | | | | Resurface Industries | |
|---|---|---|---|---|---|
| | | | | | |
| Cash all accounts | $140,000.00 | $140,000.00 | | Cash | $124,453.40 |
| | | | | | |
| AR | $638,181.13 | $638,181.13 | | AR | $30,802.53 |
| AP | -$300,828.86 | -$300,828.86 | | AP | -$5,921.08 |
| Current Value of Assets owned | $120,967.00 | $120,967.00 | | | |
| Long Term Liabiltiies | -$432,637.92 | -$932,537.92 | | | |
| | $165,681.35 | -$334,218.65 | | Current Value of Assets owned | $86,109.98 |
| | | | | Long Term Liabiltiies | -$50,000.00 |
| | | | | | $185,444.83 |