

**ORDERED in the Southern District of Florida on November 7, 2022.**

*Scott M. Grossman*
—————————————
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**
_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CHAPTER 11 |
| DAREN C. DALY, | Case No. 22-15694-SMG |
| Debtor _____/ | |

### ORDER SETTING DISCOVERY AND PRETRIAL DEADLINES IN CONTESTED MATTERS AND RELATED ADVERSARY PROCEEDING AND ABATING HEARING ON DEBTOR'S CHAPTER 11 SUBCHAPTER V PLAN OF REORGANIZATION AND SETTING RELATED DEADLINES

**THIS MATTER** came before the Court for Status Conference on the 2nd day of November, 2022, at 9:30 a.m., in Fort Lauderdale, upon the Court's Amended Order Setting Status Conference on (I) Debtor's Subchapter V Plan of Reorganization; and (II) Objection to Claim No. 13-1 [ECF No. 74] (the "Status Conference Order"). Having reviewed the record of these proceedings and

heard the representations of counsel for the Debtor, Subchapter V Trustee, and Patrick Daly, Elizabeth Daly, and All Paving and Sealcoating, Inc., it is thereupon **ORDERED, as follows:**

## CONSOLIDATED EVIDENTIARY HEARING AND TRIAL

1. With respect to the Objection to Claim No 13-1 and related adversary proceeding, case No. 22-01391-AP-SMG, the Court shall conduct a consolidated evidentiary hearing and trial of the issues presented. To expedite and facilitate the proceedings, in accordance with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016, the following deadlines and protocols shall apply:

   A. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

   B. **PRETRIAL CONFERENCE DATE AND TRIAL DATE**. The pretrial conference will be held at:

   Date: February 7, 2023

   Time: 10:00 a.m.

   Location: U.S. Courthouse, 299 E. Broward Blvd, Courtroom 308, Fort Lauderdale, FL 33301

At the pretrial conference, the Court will set the trial date(s) of the adversary proceeding and consolidated evidentiary hearing.

   C. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

   D. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS**. Unless otherwise ordered by the Court, the deadlines to join additional parties and to file motions to amend the pleadings are 14 days from the date of this Order.

E. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. The deadlines for filing motions for judgment on the pleadings, motions in limine, and Fed. R. Evid. 702 motions are 60 days from the date of this Order. Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so.

F. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

   (1) The initial disclosures required by Fed. R. Civ. P. 26(a)(1), must be made not later than 15 days* after entry of this Order.

   (2) The disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made not later than 15 days after entry of this Order. The party disclosing an expert witness must, within 14 days* of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

   (3) The pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made no later than one business day before the pretrial conference.

   (4) All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

G. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than seven days before the pretrial conference.

H. **DISCOVERY**. The parties must complete discovery not later than 60 days* from the date of this Order, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

I. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If any party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than 14 days before the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than one business day before the pretrial conference. The Court will not accept unilateral

statements and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

J. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

    (1) All exhibits must be exchanged and submitted via CM/ECF by no later than **4:00 p.m. four business days** before the scheduled pre-trial conference. The filing of exhibits via CM/ECF will constitute the parties' delivery of exhibits to opposing parties as required by this Order.

    (2) **OBJECTIONS TO EXHIBITS**. Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received not later than **4:00 p.m. two business days** before pre-trial conference. Objections to any deposition transcripts, including a recording (audio or video) or summary thereof, must follow the procedure specified in this paragraph:

        (A) The objection must: (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection.

        (B) An objection not so made − except for one under Fed. R. Evid. 402 or 403 − is waived unless excused by the Court for good cause.

K. **PRESENTATION OF EXHIBITS DURING TRIAL**. The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must make available at least two hard-copy books of all its exhibits for witnesses and the Court.

L. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of twenty pages. If specifically requested, the Court may also direct the parties to submit a copy of the

proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

M. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment

## SUBCHAPTER V PLAN CONFIRMATION HEARING

2. With respect to the Debtor's Subchapter V Plan of Reorganization [ECF No. 70], the Confirmation Hearing and Fee Application Hearing and all related deadlines are abated until further order of the Court which shall be entered after the consolidated evidentiary hearing and trial or other resolution of the issues presented therein.

# # #

Submitted by:
Monique D. Hayes, Esq.
DGIM Law, PLLC
*Counsel for Debtor, Daren Daly*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
mhayes@dgimlaw.com

Copies furnished to:
Monique D. Hayes, Esq.

*(Attorney Hayes is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court.)*