UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov


IN RE:                                                Chapter 11

DAREN C. DALY                                         Case No.: 22-15694-SMG

        Debtor.

_____/


**DEBTOR'S OBJECTION TO CLAIM 6-1 AND MOTION TO ENFORCE
ARBITRATION PROVISION**

**IMPORTANT NOTICE TO CREDITOR:
THIS IS AN OBJECTION TO YOUR CLAIM**

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**


Daren C. Daly (the "Debtor") objects to the claim (Claim No. 6-1) of Clayton Trial Lawyers, PLLC ("CTL") and requests that the Court enforce the arbitration provision between CTL and the Debtor and All Paving Inc and in support thereof states:


**BACKGROUND**

1.      On March 3, 2022, the Debtor, Jaime Schindler, and All Paving Inc ("API") signed an engagement agreement with CTL. A copy of the Engagement Agreement is attached as Exhibit 1 hereto (the "Engagement Agreement").

2.      The Engagement Agreement provides that only the Debtor and API will be responsible for payment of the invoices. Engagement Agreement at page 2.

3.      The Engagement Agreement further provides that:

> "[i]n the unlikely event that we cannot resolve any issue ourselves, you agree that in going forward with this representation, <u>any issue or dispute regarding our invoices, our services or the outcome of the matter shall be resolved by submission to confidential, binding arbitration in Fort Lauderdale, Florida in accordance with the rules then in effect of the American Arbitration Association</u>, and judgment on the award rendered may be entered in an court having jurisdiction thereof."

4.      CTL served as counsel to its client for about 4 months (March 7, 2022, through July 26, 2022, when this bankruptcy case was filed).

5.      In that period, CTL was paid $75,000.00.

6.      CTL now seeks payment of an additional $114,308.50.

## ARGUMENT

The Debtor and API[1] dispute the amount that CTL seeks for the services it claims to have rendered during the period from March 7, 2022, until the filing of the bankruptcy because they are not reasonable attorneys' fees for the work that was performed. The Debtor believes that the amount charged for a series of preliminary motions and discovery disputes in state court was excessive.

On December 19, 2023, API received correspondence from CTL demanding payment for substantially the same amounts claimed in Proof of Claim 6-1. On December 28, 2023, the Debtor on behalf of API wrote to CTL stating "All Paving Inc disputes your invoices and performance in this matter as you have previously been made aware of.   We are invoking your arbitration clause

---

[1] Undersigned counsel does not represent API and is not making an appearance in this matter of API. Rather as noted in the email quoted above, it appears to be a fact that API has provided notice of its dispute over the CTL invoices.

in the retainer agreement.  We demand that this dispute be filed immediately in front of the American Arbitration within the next 15 days, inaction or non-filing in AAA will be viewed as a waiver of the venue clause."

On December 22, 2023, the Debtor filed his Second Amended Chapter 11 Small Business Subchapter V Plan [ECF 226], which provides that at CTL's option it can either receive 5% of the claim as filed or if the Debtor objects, then the Debtor will pay the sum awarded by the American Arbitration Association. The Debtor is prepared to stand by the proposed treatment in the Plan.

Under Florida law "attorneys have an ethical duty to charge reasonable fees regardless of the terms of the fee agreement." *Schwartz v. Bloch*, 88 So.3d. 1068, 1071 (Fla. 4th DCA 2012). The Debtor disputes that fees claimed by CTL are reasonable given the alleged work performed. Indeed, the Debtor believes that during the short time that CTL was active in state court matters, it filed 16 motions totaling 84 pages. CTL failed to obtain any discovery from the opposing parties. CTL had to seek rehearing or reconsideration on similar issues because it failed to convince the state court to rule in favor of the Debtor. The Debtor believes that there may be other issues as well regarding CTL's performance.

Bankruptcy Courts enforce arbitration provisions if doing so does not conflict with the Bankruptcy Code. *See In re Statewide Realty Co*., 159 B.R. 719, 722 (Bankr. D. N.J. 1993)(enforcing arbitration provision to determine claim against the debtor); *In re Interactive Video Resources, Inc*., 170 B.R. 716, 720-21 (S.D. Fla. 1994)(enforcing arbitration provision in prepetition contract between debtor and creditor). Indeed, "in the absence of an inherent conflict with the purpose of another federal statute, the Federal Arbitration Act mandates enforcement of contractual arbitration provisions, we refuse to find such an inherent conflict based solely on the jurisdictional nature of a bankruptcy proceeding. Rather, as did the Third Circuit in Hays, we

believe that nonenforcement of an otherwise applicable arbitration provision turns on the underlying nature of the proceeding, i.e., whether the proceeding derives exclusively from the provisions of the Bankruptcy Code and, if so, whether arbitration of the proceeding would conflict with the purposes of the Code." *In re National Gypsum Co.,* 118 F.3d 1056, 1067 (5th Cir. 1997)(internal citations and quotations omitted).

In this case, there is no conflict with the Bankruptcy Code. Resolution before the American Arbitration Association of the fee dispute between API and the Debtor on one hand and CTL on the other will not delay or impede the resolution of this bankruptcy case. The Debtor's Plan provides that whatever the American Arbitration Association awards shall be paid. Moreover, API (not a party in this bankruptcy case) will be able to fully participate without its rights to arbitration under the Engagement Agreement being affected. Whereas, if this Court resolved the dispute API would have to either waive its right to arbitration or there would be the risk of inconsistent results.

Dated: January 10, 2024.

Respectfully submitted,

**DGIM Law, PLLC**
*Counsel for the Debtor*
2875 NE 191st Street, Suite 705
Aventura, FL 33180
Phone: (305) 763-8708

*/s/ Isaac Marcushamer*
Isaac Marcushamer, Esq.
Florida Bar No. 0060373
isaac@dgimlaw.com
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I **HEREBY CERTIFY** that a copy of the foregoing was served via CM/ECF Notification

to all interested parties via CM/ECF and via U.S. Mail to all parties on the attached service list on

this <u>10th</u> day of January, 2024.

<u>*/s/ Monique D. Hayes*</u>
Monique D. Hayes, Esq.
Florida Bar No. 0841573
monique@dgimlaw.com

**<u>SERVICE LIST</u>**

Clayton Trial Lawyers, PLLC
401 E Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
claytonw@ctllawyers.com

# EXHIBIT 1



William R. Clayton
Tel 954.712.2300
claytonw@CTLlawyers.com

March 3, 2022

**VIA E-MAIL**

Mr. Daren C. Daly
Ms. Jamie A. Schindler
All Paving, Inc.
23123 N. State Road 7, Suite 250
Boca Raton, Florida 33428

Re:     Engagement as Counsel
        *Patrick and Elizabeth Daly, et al. v. Daren C. Daly and Jamie A. Schindler*
        Case No. CACE 17-014794 (09) 17th Jud. Cir., Broward County, Florida

Dear Daren and Jamie:

Pursuant to our recent conversations, we are pleased that you and All Paving, Inc. (collectively "you" or "Client") have decided to retain Clayton Trial Lawyers PLLC ("CTL") to represent you in the case styled *All Paving Inc., Patrick and Elizabeth Daly, et al. v. Daren C. Daly and Jamie A. Schindler*, Case No. CACE 17-014794 (09), Broward County, Florida.

While I have been often asked to come in and take over a case as second counsel, it is rare that I have been asked substitute in as counsel when the case has already been tried (albeit, partially, here). In the interests of time and attorney efficiency, this will confirm that you are not asking us to pretend we are starting a case anew; we will take the pleadings and depositions as they are. We will focus only on the pleadings and testimony, to the extent that the Second Amended Complaint (fourth amended, you have said) inserts or injects new allegations or damage claims.

From our discussions, you have an in-depth knowledge of the facts, documents and testimony. At your direction, you and Pablo Mora are adept at document organization and retrieval – for publication to the judge or jury. I have explained that we will count on Pablo's assistance at pre-trial and perhaps the trial stages.

The purpose of this letter is to further to confirm our engagement as counsel and go over certain information concerning our fees, billing and collection policies, and other terms that will govern our professional relationship. Although we do not wish to be overly formal in our professional relationships, we have found it a helpful practice to confirm with our clients further details on the nature and scope of our representation. Thus, you will see attached Terms of Engagement, which are incorporated by reference. Please review these and let me know if you have any questions concerning them.

Engagement as Counsel
March 3, 2022
Page 2

Once our engagement has begun, it will be terminable at will by either of us, subject to payment of attorneys' fees for services performed and costs advanced through the date of termination.

If the terms and conditions described above and in the attachment are satisfactory to you, would you please wire transfer to CTL for $50,000 as a retainer for fees and costs. Of that sum, $25,000 will be applied to the final invoice, and $25,000 will be applied to current invoices and replenished as it is drawn down. The wire transfer instructions are attached. And would you each please sign this letter. For our respective ease, a signed letter sent to me via e-mail will be deemed to be as effective as an original signature. In the event one or more signatures are not supplied below, this letter will nonetheless be the written engagement between us for CTL to represent you.

Nothwithstanding the foregoing, Jamie will not be asked or required to fund any of the litigation. We are looking only to Daren and his company All Paving, Inc., for payment of invoices. To confirm our representation of her in the case, as she is a defendant, we thus ask her to sign below.

Once we have this engagement letter signed and returned to us and the wire hits, our representation will begin -- vigorously.

We look forward to working with you both in this matter and thank you for retaining CTL.

Very truly yours,

*/s/ William R Clayton*

William R. Clayton

Attachments

The foregoing is agreed to and approved this __03__ day of March 2022.

By: _____
      Daren C. Daly, Individually

By: _____
      Jamie A. Schindler, Individually

**ALL PAVING INC.**

By: _____
      Its: President

March 3, 2022
Page 3

## TERMS OF ENGAGEMENT

We appreciate your decision to retain Clayton Trial Lawyers, PLLC, ("CTL", "we" or "firm") as your legal counsel. Our engagement is limited to the matter identified in the letter to which these Terms of Engagement are attached. The terms of this Agreement will also apply to any future or additional matters we will handle on Client's behalf.

Please take note that you may have rights under your insurance policies that would entitle you to a defense or indemnification for your potential losses in this matter. CTL has significant experience in addressing these coverage issues and would be pleased to assist you in that regard. However, unless you have specifically requested our assistance in writing to pursue your coverage rights, our engagement does not include that.

We typically bill monthly throughout the engagement for a matter (on occasion, we may bill more frequently), and our statements are due when rendered.  In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally liable for our fees and with respect to the representation.

From time to time, during the course of the representation, the firm may seek an additional retainer. We may have the need to engage local counsel, to assist us in the representation, in our sole discretion, who if engaged will invoice you separately and will be in addition to CTL's  charges.

At CTL we record and bill our time at our then prevailing hourly rates and in one-tenth hour (six minute) increments to one-quarter hour (fifteen minute) increments. For example, my standard hourly rate in 2022 is $675 per hour; and Miguel Aristizabal is at $450 per hour. Oher attorneys may have rates of $300-450 per hour.  Paralegals hourly rates range from about $125-250 per hour. Our fees and costs may be adjusted on an annual basis commencing on January 1 of each year.

In addition to legal fees, our statements may include out-of-pocket expenses that we have advanced on behalf of the Client for certain support activities. Advanced costs generally will include such items as courier services, complex document production sent to a vendor, electronically stored information (ESI) gathering by a vendor, court reporter fees or costs of transcripts, mediation services with a mediator, travel expenses, postage, filing, recording, certification, and registration fees charged by governmental bodies. We may request an advance cost deposit to cover certain of such expenses. During our representation, it may be appropriate or necessary to hire third parties to provide services on your behalf. These services may include consulting or testifying experts and investigators. Because of the legal "work product" protection afforded those services that an attorney requests from third parties, in certain situations our firm may assume responsibility for hiring or retaining the appropriate service providers. Even if we do so, however, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these costs.

At approximately sixty (60) days prior to any evidentiary hearing or trial proceeding, we may ask you to receive an additional deposit in anticipation of the costs and fees which may be incurred. You agree that you will provide this retainer upon our request, and we will bill you against this amount on an ongoing basis for those costs and fees once any proceeding begins. You also agree to promptly replenish this retainer upon our request if it is later deemed insufficient to cover the fees and costs that were anticipated by us.

Our statements are due upon receipt. If our invoices are not paid within twenty (20) days after they are rendered, we reserve the right to discontinue services until our account is brought current. Any payments made on past due statements are applied first to the oldest outstanding statement. This will further confirm that, if you have any objections to any of the fees or costs described in any invoice, you will inform us in writing within twenty (20) days of the date of each invoice; otherwise, the Client will be deemed to have agreed to any such statement. In the event of any settlement, CTL will be paid from closing proceeds: (i) all outstanding fees and costs, and (ii) a contingency fee, if any was agreed to.

You agree that we have made no guarantees or representations as to the outcome or the amounts recoverable in connection with this matter.

We will maintain any documents you furnish us in our Client files. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to turn over to you. We will retain any remaining documents in our files for a reasonable period of time and ultimately delete or destroy them in accordance with our record retention program schedule then in effect.

In the event that our representation is terminated and you have not paid us for all outstanding invoices or services, we may, to the extent permitted by law, assert or file a retaining and/or charging lien against any current or future recovery, settlement sum, files or data until such invoices or services are paid.

We are also not providing you advice relating to any tax advice or implications which may result from the subject matter of our representation.

You agree to allow us to publicize or publicly announce the results or outcome of the matter and to identify you or your company by name.

It is possible that because we have been appointed in a matter, or because we have received documents or information in the course of, or in connection with, a matter, we may be required in the future to participate in an inquiry, commission or proceedings arising out of, or in connection with, the matter. This may, for example, involve us producing documents, seeking to claim or defend your privilege to resist inspection or disclosure of certain documents or information or giving evidence at an inquiry. We will seek your instructions if these circumstances arise, but you agree to pay us for our expenses and services at then prevailing hourly rates.

We appreciate the opportunity to serve as your attorneys and look forward to a harmonious relationship between us. In the event you become dissatisfied for any reason with any aspect of our relationship, we would deeply appreciate your bringing this to our attention immediately; we will do the same if we perceive an issue with the representation. It is our belief that such issues can usually be resolved by good faith discussions between us. In the unlikely event that we cannot resolve any issue ourselves, you agree that in going forward with this representation, any issue or dispute regarding our invoices, our services or the outcome of the matter shall be resolved by submission to confidential, binding arbitration in Fort Lauderdale, Florida in accordance with the rules then in effect of the American Arbitration Association, and judgment on the award rendered may be entered in any court having jurisdiction thereof. **By this agreement to arbitration, Client specifically and expressly agrees to waive any right to a jury or court trial.**

We encourage you to consult with other counsel or advisors of the choices regarding all of these matters and to consider fully the possible implications of our representation on the basis described above.

Clayton Trial Lawyers, PLLC | 401 E. Las Olas Blvd. | Suite 1400 | Fort Lauderdale FL | www.ctllawyers.com