

**ORDERED in the Southern District of Florida on January 16, 2024.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

DAREN C. DALY,                                   Case No. 22-15694-SMG

    Debtor.                                       Chapter 11 (subchapter V)

_____/

### ORDER DENYING CREDITOR CLAYTON TRIAL LAWYERS' EX PARTE MOTION TO SHORTEN TIME TO RESPOND TO SUBPOENAS

This matter came before the Court on Creditor Clayton Trial Lawyers' *ex parte* motion to shorten time to respond to subpoenas[1] (the "Motion"). Upon consideration of the Motion, the response[2] filed by Debtor Daren C. Daly, and the record in this case, the Motion will be denied for the reasons that follow.

To begin, the Motion cites no rule, statute, or other authority for the relief requested. This is reason alone to deny the Motion.[3] But the Motion is also

---

[1] ECF No. 234.
[2] ECF No. 237.
[3] *See* Fed. R. Bankr. P. 9013 (a motion must "state with particularity the grounds therefor").

unnecessary. Unlike document requests under Federal Rule of Civil Procedure 34 (made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7034), Federal Rule of Civil Procedure 45 (made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016) does not set a minimum time for compliance.[4] While Rule 45(d)(3)(A)(i) does require a Court to quash or modify a subpoena that "fails to allow a reasonable time to comply,"[5] Rule 45 does not set any minimum time for compliance with a subpoena. Likewise, Rule 45(d)(2)(B) does set a deadline to object to a command to produce documents, but it specifies that any objection must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."[6] Accordingly, so long as the deadline to comply with a subpoena is "reasonable" (neither the Debtor nor any of the other subpoenaed witnesses have moved to quash or modify any subpoena contending these deadlines were not reasonable),[7] no court order is needed to require compliance with these subpoenas.

It is therefore **ORDERED** that the Motion is **DENIED**.

### #

*Copies furnished to all counsel of record by CM/ECF.*

---

[4] *See* Fed. R. Civ. P. 45; *Kupritz v. Savannah Coll. of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994) ("Federal Rule of Civil Procedure 45 provides neither a maximum nor a minimum period of time for compliance."); *see also In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *5 (E.D.N.Y. 2010), *report and recommendation adopted in part*, 2010 WL 1686811 (E.D.N.Y. 2010) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable . . . .").
[5] Fed. R. Civ. P. 45(d)(3)(A)(i).
[6] Fed. R. Civ. P. 45(d)(2)(B).
[7] Although in the context of this case nine days to produce documents may border on the edge of unreasonableness, the Court cannot conclude that the subpoenas fail to provide a reasonable time to comply here.