

**ORDERED in the Southern District of Florida on February 29, 2024.**

_____
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 22-15694-SMG |
| DAREN C. DALY, | Chapter 11 (Sub V) |
| Debtor | |
| _____/ | |

**ORDER CONFIRMING THE DEBTOR'S**
**SUBCHAPTER V PLAN FOR REORGANIZATION**

This matter came before the Court on February 6, 2024 at 1:30 p.m. to consider confirmation of *Debtor's Second Modified Subchapter V Plan of Reorganization* (the "Plan") [ECF. No. 226] as modified by [ECF No. 251], by Daren C. Daly (the "Debtor"). In connection with the confirmation of the Plan, the Court has considered the evidence admitted into the record of this case, including: (i) the Exhibits in support of Confirmation [ECF No. 258 and 262]; the confirmation declaration of Daren C. Daly [ECF No. 256] (ii) the certificate of proponent of plan

[ECF No. 253] (iv) and the proffered and accepted testimony of the Debtor, (v) the objections to confirmation filed by Patrick Daly, Elizabeth Daly and All Paving and Sealcoating, LLC [ECF No. 244] and Clayton Trial Lawyers [ECF No. 245], and the Debtor's responses to the objections [ECF No. 257]. The Court, having considered the evidence, the record, and the arguments/stipulations on the record (noted below) of counsel, after notice and a hearing, the Court finds and concludes as follows:

## **FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A.  **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.  **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.  **Notice**. Due, adequate, and sufficient notice of the Plan and the order continuing hearing on confirmation [ECF No. 220] (the "Confirmation Hearing Order") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

2

D.	**Judicial Notice**. The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

E.	**Objections to Confirmation**.  Present at the hearing were the Debtor, Isaac M. Marcushamer and Monique D. Hayes, Counsel for the Debtor; Tarek Keim, Subchapter V Trustee; Counsel for Patrick and Elizabeth Daly, Counsel for Clayton Trial Lawyers.  All objections to confirmation of the Plan that have been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan therein, are withdrawn and/or overruled for the corresponding reasons stated on the record at the Hearing or otherwise stated below.

F.	**Modifications to the Plan.** The Plan, as amended consistent with the announcements on the record and filed with the Court and as set forth herein, incorporated into the Plan Confirmation Order, contains modifications (collectively, the "Modifications") to the Plan to resolve objections raised by various parties. The description of the Modifications announced on the record, constitute due and sufficient notice thereof under the circumstances of this Chapter 11 Case.

The following are additional modifications announced at the Hearing which are incorporated herein and made part of the Plan:

(1). Section 7.4 of the Plan is amended to <u>not</u> cover fraud, gross negligence, or willful misconduct.

(2). All disbursements under the Plan shall be made by the Debtor directly.

3

(3). The Treatment of Clayton Trial Lawyers is modified to reflect that Clayton Trial Lawyers shall receive the total of $35,000.00 in full satisfaction of its Allowed Claim 6-1. The payment shall be made in 12 equal monthly installments by either the Debtor or All Paving Inc (who are joint and severally liable) commencing on the 25th of the Month following the expiration of the stay in Fed. R. Bankr. P. 3020(e).

Therefore, in accordance with section 1193 of the Bankruptcy Code and Bankruptcy Rule 3019(a), all holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan, as modified. No holder of a Claim that has voted to accept the Plan shall be permitted to change its acceptance to a rejection as a consequence of the Modifications. The Modifications incorporated into the Plan, announced on the record, and filed with the Court comply with section 1193 of the Bankruptcy Code and Bankruptcy Rule 3019(a).

G. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

H. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

I. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

J.      **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

K.      **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Section 2.5 of the Plan provides adequate means for the Plan's implementation.

L.      **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**.  The Debtor is an individual. Therefore Section 1123(a)(6) is inapplicable.

M.      **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Debtor is an individual. Therefore Section 1123(a)(7) is inapplicable.

N.      **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Section 2.4 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

O.      **Retention of Debtor Rights and Claims – 11 U.S.C. § 1123(b)(3).** The Debtor shall retain and may enforce any claims, demands, rights, defenses, and causes of action that the Debtor or Estate may hold against any entity, including any litigation rights, to the extent not released under the Plan, by this Order, or as a result of any other Order of the Court entered before the Confirmation Date (which is the date that the Court enters this Order).

P.      **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

Q.      **Cure of Defaults – 11 U.S.C. § 1123(d).** The executory contracts and unexpired leases being assumed under the Plan, if any, are current and therefore no cures are necessary. Thus, the Plan complies with § 1123(d) of the Bankruptcy Code.

R. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

S. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

T. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

U. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan (1) satisfies the applicable requirements of 11 U.S.C. § 1129(a), and (2) does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. As a result, the Plan is confirmed under § 1191(a) in view of Clayton Trial Lawyers amending its Ballot to an "acceptance" on the record. With respect to the applicable provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan (including all necessary documents to effectuate the Plan) was proposed in good faith and not by any means forbidden by law.

The Injunctions contained in the Plan are essential to the Debtor's reorganization because of the Debtor's need to be free from continuous litigation. Moreover, the Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate and effectuating a successful reorganization of the Debtor. The Plan accomplishes maximization of the Debtor's Estate by providing the means through which the Debtor may resolve nearly a decade of litigation and effectuate significant distributions to his Creditors. The holders of all impaired Claims have voted overwhelmingly to accept the Plan and all of the Debtor's significant creditors, support the Plan.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan provides that the Debtor who is an individual will manage his own affairs.

5. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6. **11 U.S.C. § 1129(a)(9)**. There have not been any claims asserted against the estate that are of a kind specified in Section 507(a)(2), through 507(a)(7) accordingly, 1129(a)(9) is inapplicable to the Plan.

7. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

8. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the Plan.

9. **11 U.S.C. §1191(c)(2)(B).** As demonstrated by the Declaration of the Debtor in support of Confirmation, the value of the property distributed under the Plan in the 5-year period after the Effective Date is equal to or greater than the Debtor's projected disposable income, moreover, the pursuant to the Plan the Debtor is paying 100% of the allowed amount of Claims. Accordingly, the Debtor has satisfied 1191(c)(2)(B).

10. **Preservation of Causes of Action and other Matters.** It is in the best interests of the Debtor and his creditors that the Debtor retain all causes of action except those that have been released under the Plan, by this Order, or as a result of any other Order of the Court entered before the Confirmation Date (which is the date that the Court enters this Order). No stay pending appeal has been sought regarding this Court's Memorandum Opinion, or its Orders [ECF No. 190, 191 in the Main Case or ECF No. 185, 186 in the Adversary Proceeding] and nothing herein shall be construed as a stay pending appeal.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The plan is confirmed under 11 U.S.C. § 1191(a) and as provided for herein all objections have been withdrawn or are deemed **OVERRULED**.

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the (i) Debtor, (ii) any creditor, whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor, has accepted the Plan, (iii) any and all non-debtor parties to assumed executory contracts and unexpired leases with the Debtor, (iv) those parties who provided formal and informal objections to the Plan, (v) every other party in interest in this Chapter 11 Case, including persons and entities that received the notice of the Plan.

3. **Objections**. All parties against the Debtor have had a full and fair opportunity to litigate all issues raised by the objections, or which might have been raised, and the objections have been fully and fairly litigated or settled.

4. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

5. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate his business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

6. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1192 and 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).  **All entities who have held, hold, or may hold Claims against the Debtor are, with respect to any such Claims, permanently, enjoined from and after the Confirmation Date from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or any of his property; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any encumbrance of any kind against the Debtor; (iii) asserting any right of setoff, directly or indirectly, against any obligation due the Debtor, or any of his property, except as contemplated or allowed by the Plan; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (v) prosecuting or otherwise asserting any right, claim or cause of action against any Exculpated Party, that has been exculpated pursuant to the Plan; provided, however, that the injunction provided herein above shall neither bar any entity from asserting any defense in an action commenced by or on behalf of the Debtor, nor prohibit any entity from asserting any right expressly preserved or contemplated by the Plan. All entities who have held, hold, or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from (i) commencing,**

**conducting, or continuing in any manner, directly or indirectly, any action or other proceeding of any kind with respect to any such Claim against the Debtor; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor on account of any such Claim; and (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance or lien of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim; provided, however, that nothing contained in the Plan shall preclude (a) the IRS from pursuing an action against any entity, or (b) any governmental entity from pursuing a criminal action against any entity, then provided, further, that nothing in the Plan shall constitute a waiver of any rights or defenses of such persons with respect to such actions set forth in subsections (a) or (b) of this paragraph. All creditors and all other parties with actual or constructive notice of this bankruptcy shall be bound by the injunctions set forth herein.**

7. **Patrick and Elizabeth Daly**. As stated on the record at the Confirmation Hearing, Patrick and Elizabeth Daly have appealed the Court's earlier ruling including the disallowance of their Claim. The Court's ruling with respect to their Claim is in full force and effect. Due to the pending appeal, the Claim filed by Patrick and Elizabeth Daly is a Disputed Claim pursuant to Article 5.5.1 of the Plan. This Court retains jurisdiction, within the confines of the Bankruptcy Code, to consider any appropriate modification to the Plan and this Order, if Patrick and Elizabeth Daly are successful in their appeal. Moreover, Patrick and Elizabeth Daly expressly waive any right to recover or seek the return of any payments made to any creditor pursuant to the Plan or the Confirmation Order.

8. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

9. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

10. **Executory Contracts and Leases**. The Debtor does not have any executory contracts.

11. **Service of Confirmation Order**. Isaac M. Marcushamer, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within five days of the entry of this Order.

12. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

13. **Discharge of the Subchapter V Trustee**. Except as provided in the Plan or this Confirmation Order, the Debtor shall act as the disbursing agent for all payments under the Plan. Under 11 U.S.C. §1183, the service of the Subchapter V Trustee in the case shall terminate when the Plan has been substantially consummated. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments previously received in accordance with the Plan. Not later than 14 days after the Plan is

substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" on the later of: (a) substantial consummation of the Plan, or (b) entry of a final order resolving all disputed claims.

14. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

    a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

    b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

    c. Adjudicate objections to claims;

    d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

    e. Adjudicate modifications of the plan under 11 U.S.C. § 1193;

    f. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

    g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

# # #

Copies furnished to:
Isaac M. Marcushamer, Esq.

*(Attorney Marcushamer is directed to serve a signed copy of this Order upon all interested parties and to file a Certificate of Service with the Court within 3 days of entry of the Order)*