TAGGED OPINION



**ORDERED in the Southern District of Florida on January 8, 2025.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

DAREN C. DALY,                                   Case No. 22-15694-SMG

      Debtor.                                  Chapter 11

_____/

### ORDER GRANTING IN PART MOTION
### TO ENFORCE DISCHARGE INJUNCTION

      Debtor Daren C. Daly (the "Debtor") moves[1] to enforce the discharge injunction

entered in his chapter 11 bankruptcy case, by requiring his parents Patrick and

Elizabeth Daly (together, the "Dalys") and their business All Paving & Sealcoating,

LLC ("Sealcoating") to dismiss their claims asserted against him in the state court

action styled *All Paving Inc., et al. v. Daly*[2] (the "State Court Action"). He also

---

[1] ECF No. 287. The Debtor – who is a law school graduate but not a licensed attorney – was represented by counsel from commencement of this case through and after confirmation of his plan of reorganization. With respect to this post-confirmation motion, however, he is proceeding pro se.

[2] Case No. CACE17014794 (17th Jud. Cir., Broward Cnty., Fla.).

requests that the Dalys and Sealcoating, and their counsel, be held in contempt of court and fined if they do not dismiss the state court claims against him. The Dalys and Sealcoating oppose the Debtor's motion and argue that they have not violated the discharge injunction, have not proceeded affirmatively against the Debtor in the State Court Action, and have not interfered with his confirmed chapter 11 plan. But, they assert that because they have a pending appeal of certain pre-confirmation litigation in this bankruptcy case, they may be prejudiced if they are required to dismiss their state court claims before resolution of that appeal. Specifically, they are concerned that if they dismiss their state court claims now, then win their appeal, they will have lost their remedies because refiling any state court claims might then be time-barred. After a hearing[3] and consideration of the parties' written submissions,[4] for the reasons discussed below, the Court will grant the Debtor's motion in part and require dismissal of certain (but not all) of the claims against him in the State Court Action, but without prejudice. The Court will not, however, hold any party in contempt or otherwise award any sanctions at this time.

## I.    Background.

### A.    The State Court Action.

For years the Debtor, the Dalys, and Sealcoating have been involved in extensive and contentious litigation over ownership of a business called All Paving, Inc.[5] The litigation began in 2017 when the Dalys – together with Sealcoating and

---

[3] ECF No. 291.
[4] ECF Nos. 287, 295, 296, 299, 300.
[5] *See generally In re Daly*, 655 B.R. 255 (Bankr. S.D. Fla. 2023).

All Paving, Inc. (purportedly by the Dalys as alleged majority shareholders) – sued the Debtor and his fiancé, Jamie Schindler, in the State Court Action. The Dalys allege that they rightfully own 87.5% of the equity in All Paving, Inc., and that the Debtor and Ms. Schindler are liable to them for a myriad of damages stemming from the alleged conversion of those equity interests. Ultimately, through their Second Amended Complaint[6] they asserted thirteen causes of action:

(I)     Conversion of business interests in All Paving, Inc., against both the Debtor and Ms. Schindler;

(II)    Conspiracy to convert the business interests in All Paving, Inc., against both the Debtor and Ms. Schindler;

(III)   Aiding and abetting the conversion of business interests in All Paving, Inc., against both the Debtor and Ms. Schindler;

(IV)    Conversion of the "All Paving" tradename, trademark, logo, and the AllPaving.com domain name, against both the Debtor and Ms. Schindler;

(V)     Conspiracy to convert the "All Paving" tradename, trademark, logo, and the AllPaving.com domain name, against both the Debtor and Ms. Schindler;

(VI)    Aiding and abetting the conversion of the "All Paving" tradename, trademark, logo, and the AllPaving.com domain name, against both the Debtor and Ms. Schindler;

(VII)   Breach of fiduciary duties, against the Debtor;

(VIII)  Conspiracy to breach fiduciary duties, against both the Debtor and Ms. Schindler;

(IX)    Aiding and abetting the breach of fiduciary duties, against both the Debtor and Ms. Schindler;

(X)     Tortious interference, against both the Debtor and Ms. Schindler;

(XI)    Violation of the Florida Deceptive and Unfair Trade Practices Act, against both the Debtor and Ms. Schindler;

(XII)   Declaratory Judgment regarding ownership of All Paving, Inc., against both the Debtor and Ms. Schindler; and

---

[6] Copy attached as an exhibit to Claim No. 13-1.

> (XIII) Declaratory Judgment regarding ownership of the All Paving, Inc. tradename, trademark, logo, and the AllPaving.com domain name, against the Debtor and Ms. Schindler.

This litigation was scheduled for trial in November 2022.[7] On July 26, 2022, the Debtor filed a voluntary chapter 11 bankruptcy petition, electing to proceed under subchapter V of chapter 11 as a small business debtor.[8] His bankruptcy filing, of course, stayed the State Court Action.[9]

        B.      <u>Bankruptcy Litigation and Appeal</u>.

After the Debtor filed for bankruptcy, the Dalys and Sealcoating moved to dismiss his bankruptcy case or alternatively sought relief from the automatic stay to continue their litigation in state court.[10] After a hearing and consideration of the briefs, the Court denied both the motion to dismiss and the motion for relief from stay.[11] None of the movants appealed the Court's orders denying stay relief or dismissal.[12]

With the bankruptcy case moving forward, the Dalys and Sealcoating filed a proof of claim[13] for $4,051,277.41 based on the same claims asserted in the State Court Action. They attached to their proof of claim a copy of their Second Amended Complaint (with its 27 exhibits), plus five excerpted pages from their expert witness's July 26, 2022 summary report regarding the value of All Paving, Inc. The crux of

---

[7] ECF No. 45-6, at 8.
[8] ECF No. 1.
[9] *See* 11 U.S.C. § 362(a).
[10] ECF Nos. 44, 45.
[11] ECF Nos. 60, 61.
[12] *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37-38 (2020) (adjudication of a motion for relief from the automatic stay that unreservedly grants or denies relief is a final appealable order).
[13] Claim No. 13-1.

their claim was that the Dalys were the true owners of 87.5% of the equity in All Paving, Inc., and that the Debtor was liable to them for $4,051,277.41 in damages based on his alleged commandeering of that equity. The Debtor, on the other hand, maintained that he rightfully owned 100% of the stock of All Paving, Inc., and that he was not liable for any damages. Accordingly, he objected to Claim No. 13-1.[14]

At the same time, the Dalys, Sealcoating, and the Dalys (purportedly) as majority shareholders of All Paving, Inc., filed a complaint against the Debtor seeking a determination that the debts he allegedly owed them were excepted from any discharge that he might receive in this bankruptcy case.[15] Specifically, they alleged that the Debtor owed them debts excepted from discharge under 11 U.S.C. § 523(a)(2)(A) for money and property obtained by false pretenses, a false representation, or actual fraud; under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity or embezzlement; and under 11 U.S.C. § 523(a)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. All related to these disputes, of course, was the predicate issue of who owned the stock of All Paving, Inc.

After a nine-day trial, the Court made the following determinations (the "Pre-Confirmation Rulings"):

1. The Debtor owned 100% of the stock of All Paving, Inc.;

2. The Dalys and Sealcoating failed to prove that the Debtor owed any debts to them; and

---

[14] ECF No. 69.
[15] Adv. No. 22-01391-SMG.

      3.      The Dalys and Sealcoating failed to prove that the Debtor owed any debts to them that would be excepted from discharge.[16]

The Dalys and Sealcoating appealed[17] the Pre-Confirmation Rulings but did not seek a stay pending appeal or any other provisional relief.[18] That appeal remains pending before the United States District Court for the Southern District of Florida.

      C.    <u>Plan Confirmation and Discharge Injunction</u>.

After issuing the Pre-Confirmation Rulings, the Court scheduled a hearing to consider confirmation[19] of the Debtor's Modified Subchapter V Plan of Reorganization,[20] which was then further modified[21] (the "Second Modified Plan"). The Second Modified Plan classified the "disputed claims asserted by Patrick Daly and Elizabeth Daly related to their unsubstantiated claim of an interest in the Debtor's company All Paving, Inc." in Class 6.[22] The only claim in that class was Claim No. 13-1, filed by the Dalys and Sealcoating. The Second Modified Plan provided the following treatment for Class 6:[23]

---

[16] *Daly*, 655 B.R. at 276.
[17] ECF No. 196; *see also* Adv. No. 22-01391-SMG, ECF No. 192.
[18] *See, e.g.*, Fed. R. Civ. P. 62(g)(2) (made applicable by Fed. R. Bankr. P. 7062) ("This rule does not limit the power of the appellate court . . . to issue an order to preserve the status quo . . ."); Fed. R. Bankr. P. 8007(e)(2) ("Despite Rule 7062— but subject to the authority of the district court . . . —while the appeal is pending, the bankruptcy court may: . . . (2) issue any appropriate order to protect the rights of all parties in interest.").
[19] ECF No. 220.
[20] ECF No. 219.
[21] ECF No. 226.
[22] *See* 11 U.S.C. § 1123(a)(1) ("a plan shall . . . designate . . . classes of claims").
[23] *See* 11 U.S.C. § 1123(a)(3) ("a plan shall . . . specify the treatment of any class of claims . . . that is impaired under the plan").

### F.    Class 6 – Patrick Daly and Elizabeth Daly (Claim No. 13)

(a) Description: Class 6 consists of the disputed claims asserted by Patrick Daly and Elizabeth Daly related to their unsubstantiated claim of an interest in the Debtor's company All Paving, Inc.

(b) Treatment: This claim has been disallowed. No further treatment is necessary.

However, because the claimants in this class have had their claim disallowed and are insiders of the Debtor, their vote shall not be considered for plan confirmation purposes pursuant to section 1129(a)(10) of the Bankruptcy Code.[24]

The Dalys and Sealcoating timely objected[25] to confirmation of the Second Modified Plan. They raised three principal arguments in their objection:

(1) the plan failed to contain enough information to determine whether creditors would receive more in a liquidation than under the plan and if the Debtor could meet his projected obligations under the plan;[26]

(2) the plan does not satisfy the "best interests of creditors test," which requires that a plan provide more value to each class of creditors that has not accepted the plan than they would receive in a liquidation;[27] and

(3) the plan cannot be confirmed because it "improperly separately classifies the[ir] claim" and "provides no treatment for said claim in the event it is reinstated on appeal."[28]

In advance of the confirmation hearing – and as permitted by 11 U.S.C. § 1193(a) – the Debtor further modified his plan, filing a "Clarified" Second Modified Plan[29] (the "Third Modified Plan") on January 31, 2024. The Third Modified Plan contained certain additional modifications requested by the subchapter V trustee.[30] As it

---

[24] ECF No. 226, at 11-12; *see* 11 U.S.C. § 1129(a)(10).

[25] ECF No. 244.

[26] *See* 11 U.S.C. § 1190(1) (a plan filed under subchapter V of chapter 11 must include a liquidation analysis and projections).

[27] *See* 11 U.S.C. § 1129(a)(7)(A)(ii).

[28] They did not cite to any provision of the Bankruptcy Code in support of this argument.

[29] ECF No. 251.

[30] A subchapter V trustee is a disinterested person appointed by the United States trustee in cases under subchapter V, whose duties are delineated in 11 U.S.C. § 1183(b). These duties include a mandate to "facilitate the development of a consensual plan of reorganization." 11 U.S.C. § 1183(b)(7).

pertained to Class 6, the Third Modified Plan added a sentence to the treatment of Claim No. 13-1, which stated: "To be clear, no reserve is being made for this claim."[31]

The Court conducted the confirmation hearing on February 6, 2024,[32] at which the Dalys and Sealcoating appeared through counsel. At the commencement of the hearing, counsel for the Debtor represented that he had reached an agreement with counsel for the Dalys and Sealcoating to resolve their objection to confirmation.[33] In exchange for withdrawing their objection, the Dalys and Sealcoating agreed[34] to inclusion of the following language in an order confirming the plan:[35]

> 7.  **Patrick and Elizabeth Daly**. As stated on the record at the Confirmation Hearing, Patrick and Elizabeth Daly have appealed the Court's earlier ruling including the disallowance of their Claim. The Court's ruling with respect to their Claim is in full force and effect. Due to the pending appeal, the Claim filed by Patrick and Elizabeth Daly is a Disputed Claim pursuant to Article 5.5.1 of the Plan. This Court retains jurisdiction, within the confines of the Bankruptcy Code, to consider any appropriate modification to the Plan and this Order, if Patrick and Elizabeth Daly are successful in their appeal. Moreover, Patrick and Elizabeth Daly expressly waive any right to recover or seek the return of any payments made to any creditor pursuant to the Plan or the Confirmation Order.[36]

With this resolution – and with the Debtor having also resolved the objection of another creditor[37] – the Debtor then proceeded to present his case in support of confirmation. Upon consideration of the evidence admitted in support of confirmation[38] and the unobjected to proffers of fact, the arguments of counsel, and

---

[31] ECF No. 251, at 11-12.
[32] ECF No. 220.
[33] ECF No. 275, at 5:16-25.
[34] *Id*. at 14:13-15:20.
[35] ECF No. 273.
[36] *Id*. at 11.
[37] ECF Nos. 248, 259.
[38] ECF Nos. 258, 262, 264.

the record in the case, the Court concluded that the Debtor satisfied the applicable requirements of 11 U.S.C. § 1129(a) for confirmation of his Third Modified Plan as a "consensual" plan under 11 U.S.C. § 1191(a). On February 29, 2024, the Court then entered its *Order Confirming the Debtor's Subchapter V Plan for Reorganization*[39] (the "Confirmation Order"), which included the agreed-upon provision negotiated between the Debtor and the Dalys and Sealcoating. In addition – and consistent with 11 U.S.C. § 1141 – the Confirmation Order contained the following provision regarding the Debtor's discharge:

> 6.    **Injunction and Discharge.** Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1192 and 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a). **All entities who have held, hold, or may hold Claims against the Debtor are, with respect to any such Claims, permanently, enjoined from and after the Confirmation Date from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or any of his property[.] . . . All entities who have held, hold, or may hold Claims against the Debtor are permanently enjoined from and after the Confirmation Date from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any action or other proceeding of any kind with respect to any such Claim against the Debtor. . .**[40]

The Third Modified Plan defined its "Effective Date" as "the first business day following the date that is 14 days after entry of the confirmation order."[41] But if "a

[39] ECF No. 273.
[40] ECF No. 273, at 10-11 (emphasis in original).
[41] ECF No. 251, at 18.

9

stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated."[42] Neither the Dalys, Sealcoating, nor any other party in interest appealed the Confirmation Order or sought a stay of it. Accordingly, the Effective Date of the Third Modified Plan occurred on March 15, 2024.[43]

  D. <u>Post-Confirmation Litigation</u>.

  Based on the unstayed and final Confirmation Order, the Debtor has demanded that the Dalys and Sealcoating dismiss their claims against him in the State Court Action. After they refused to do so, the Debtor filed his motion to enforce the discharge injunction. The Debtor argues that their refusal to dismiss the State Court Action as to him is the continuation of an action against or affecting him or his property, which violates the discharge injunction provided by 11 U.S.C. § 524 and the Confirmation Order.

  The Dalys and Sealcoating, however, argue that they are not required to affirmatively dismiss their claims against the Debtor in light of their pending appeal of the Pre-Confirmation Rulings. If they dismiss their claims now, but then prevail on their appeal, they argue that they will have lost their remedies because refiling dismissed state court claims might then be time-barred. They further contend that they have not taken any affirmative action against the Debtor in state court pending their appeal, that they have every right to proceed against Ms. Schindler, and that they have every right to defend themselves against the Debtor's counterclaim against

---

[42] *Id.*
[43] ECF No. 276.

them. Finally, they note that the state court itself has issued a stay of that litigation pending the outcome of their federal appeal (the "State Court Stay").[44]

## II.    Jurisdiction.

This Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) to determine the Debtor's motion to enforce the discharge injunction. This matter is a core proceeding,[45] which the Court has authority to hear and determine under 28 U.S.C. § 157(b) and the general order of reference from the United States District Court for the Southern District of Florida.[46]

The pending appeal of the Pre-Confirmation Rulings does not affect this Court's jurisdiction to enforce the discharge injunction. As the Supreme Court explained in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, orders in bankruptcy cases are "immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case."[47] This is because a "bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'"[48] It is therefore "common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending. Delaying appeals from discrete, controversy resolving decisions in

---

[44] ECF No. 295-1, at 3. The State Court Stay, however, does not affect the trial date currently set in the State Court Action, and does not apply to outstanding discovery requests due from the Dalys and Sealcoating. *Id.*

[45] *In re Ajasa*, 627 B.R. 6, 11 (Bankr. E.D.N.Y. 2021) ("Enforcement of the discharge injunction is a core proceeding arising under the Bankruptcy Code."); *In re WVF Acquisition, LLC*, 420 B.R. 902, 906 (Bankr. S.D. Fla. 2009) (enforcement of the discharge injunction is a core proceeding "because the relief requested is 'integrally involved in the bankruptcy court's authority to enforce its own orders.'") (quoting *In re Thigpen*, 2004 WL 6070299, at *3 (Bankr. S.D. Ala. 2004)).

[46] S.D. Fla. Local Rule 87.2(a).

[47] 589 U.S. at 39 (cleaned up).

[48] *Id.* (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)).

bankruptcy cases would long postpone appellate review of fully adjudicated disputes."[49] Here, with no stay pending appeal of the Pre-Confirmation Rulings, the remainder of the Debtor's chapter 11 case continued on, resulting in entry of the Confirmation Order, which no party appealed and which is now a final order. The Debtor now asks the Court to enforce the discharge injunction provided for by 11 U.S.C. § 524(a) and the Confirmation Order. The Court has jurisdiction to do so.[50]

## III.  Analysis.

The Debtor contends that despite his repeated requests, the Dalys and Sealcoating refuse – in violation of the discharge injunction – to dismiss the State Court Action against him. Specifically, the Debtor contends that all claims asserted against him in the State Court Action are pre-petition claims that were discharged in his bankruptcy case. The Dalys and Sealcoating disagree and maintain that even though the State Court Action remains pending, they have not violated the discharge injunction because the State Court Action is currently "stayed pending appeal" and they "have not proceeded affirmatively in any way against the Debtor and have not in any way interfered with the administration of the confirmed plan."[51] The discharge injunction, however, requires more than just maintaining the status quo.

### A.  The Scope and Effect of a Bankruptcy Discharge.

As the Supreme Court stated in *Harrington v. Purdue Pharma L. P.*:[52]

a bankruptcy court's order confirming a plan discharges the debtor from any debt that arose before the date of such confirmation, except as

---

[49] *Id.* at 38.
[50] *See In re McIntosh*, 657 B.R. 279, 284-285 (Bankr. S.D. Fla. 2024).
[51] ECF No. 295, at ¶¶ 3, 6-7.
[52] 603 U.S. 204, 214-15 (2024) (cleaned up); *see also* 11 U.S.C. § 524.

provided in the plan, the confirmation order, or the code. That discharge not only releases or voids any past or future judgments on the discharged debt; it also operates as an injunction prohibiting creditors from attempting to collect or to recover the debt.

Certain provisions of the Bankruptcy Code, together with the chapter 11 plan and the order confirming the plan, delineate the scope of a debtor's discharge. The starting point for this analysis is Bankruptcy Code section 1141,[53] which provides in relevant part[54] that:

(a) . . . the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim . . . of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) . . . except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors . . .

(d)

(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

(A) discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not—

(i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;

---

[53] 11 U.S.C. § 1141.

[54] Subsections (d)(2)–(d)(6) do not apply here. (d)(2) does not apply because the Court determined in the Pre-Confirmation Rulings that the Debtor did not owe any debts to the Dalys and Sealcoating that were excepted from discharge under 11 U.S.C. § 523. 11 U.S.C. § 1141(d)(2). (d)(3) does not apply because the Third Modified Plan was not a plan of liquidation, the Debtor was engaging in business after consummation of the plan, and he would not have been denied a chapter 7 discharge. 11 U.S.C. § 1141(d)(3). (d)(4) does not apply because the Debtor did not waive his discharge. 11 U.S.C. § 1141(d)(4). (d)(5) does not apply in cases under subchapter V. 11 U.S.C. § 1181(a). And (d)(6) does not apply because the Debtor is not a corporation. 11 U.S.C. § 1141(d)(6). Bankruptcy Code section 1192 (which is located in subchapter V and titled "Discharge") only applies to nonconsensual plans confirmed under section 1191(b), but here the Debtor confirmed his plan as a consensual plan under section 1191(a). 11 U.S.C. § 1192.

> (ii) such claim is allowed under section 502 of this
> title; or
>
> (iii) the holder of such claim has accepted the
> plan . . .

As applied to this case, section 1141 provides that the Confirmation Order is binding

on the Debtor, the Dalys, and Sealcoating, and that except as otherwise provided in

the Third Modified Plan or in the Confirmation Order:

- all property of the Debtor's bankruptcy estate vested in the Debtor
  upon confirmation;

- all property dealt with by the plan is free and clear of all claims and
  interests of creditors; and

- confirmation of the Third Modified Plan discharged the Debtor from
  any debt that arose before the date of confirmation, whether or not a
  claim was allowed in the case.

11 U.S.C. § 524(a) then delineates the effect of a bankruptcy discharge. It

states in relevant part, that:

> (a) A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that
> such judgment is a determination of the personal liability of the
> debtor with respect to any debt discharged under section 727, 944,
> 1141, 1192, 1228, or 1328 of this title, whether or not discharge of
> such debt is waived; [and]
>
> (2) operates as an injunction against the commencement or
> continuation of an action, the employment of process, or an act, to
> collect, recover or offset any such debt as a personal liability of
> the debtor, whether or not discharge of such debt is waived. [55]

Distilled down to its essence, section 524(a)(1) voids any judgment against the debtor

for personal liability on a discharged debt. Section 524(a)(2) then provides that the

---

[55] Subsection (a)(3) applies only to cases involving spouses and community property and therefore is
inapplicable here. 11 U.S.C. § 524(a)(3).

14

bankruptcy discharge operates as an injunction against the commencement **or continuation** of an action to collect, recover, or offset any discharged debt as a personal liability of the debtor.

### B.    The Debtor is Entitled to the Full Protection of His Discharge.

Consistent with sections 524(a)(2) and 1141(d)(1)(A), paragraph 6 of the Confirmation Order (quoted above)[56] makes clear that as of the plan's March 15, 2024 effective date,[57] the Debtor received a bankruptcy discharge "to the fullest extent provided by" the Bankruptcy Code and that "all holders of discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a)."[58] Neither the Dalys nor Sealcoating appealed the Confirmation Order. Accordingly, the Confirmation Order – including its discharge injunction – is in full force and effect. As a result, the continuation *in any way* of an action against the Debtor to collect on a discharged debt – including the refusal to dismiss pending litigation even if that litigation is stayed – violates the discharge injunction.[59]

### 1.    *Dischargeability of Unliquidated Claims.*

The Dalys and Sealcoating argue that because their claims in the State Court Action were unliquidated when the Debtor filed for bankruptcy, if they dismiss those

---

[56] Note 40, *supra*.

[57] ECF No. 276.

[58] ECF No. 273, at 10.

[59] *See Taggart v. Lorenzen*, 587 U.S. 554, 558 (2019) ("The words of the discharge order, though simple, have an important effect: A discharge order 'operates as an injunction' that bars creditors from collecting any debt that has been discharged.") (citing 11 U.S.C. § 524(a)(2)); *cf. In re Gurrola*, 328 B.R. 158, 174 (B.A.P. 9th Cir. 2005) ("a creditor has a *duty* to obey the discharge injunction, which duty is a modern corollary of the venerable rule that 'all persons concerned in executing [void] judgments . . .

15

claims now but it is ultimately determined on appeal that those claims are excepted from the Debtor's discharge, their ability to re-file those claims may be time-barred. That there remains the unresolved appeal of this Court's dischargeability determination and the pending State Court Action to liquidate those claims, however, does not diminish the effectiveness of the discharge injunction.

For creditors who had notice of a bankruptcy case, debts of a kind alleged in sections 523(a)(2), (4), or (6) are automatically included within the scope of any discharge granted to the debtor, unless the creditor timely files a complaint to determine dischargeability.[60] The Dalys and Sealcoating had notice of the bankruptcy case and preserved their rights by timely filing their complaint.[61] But where – as here – a debtor receives a discharge of an unliquidated debt when a final determination of dischargeability has not yet been made, a "potential problem arises."[62] The Bankruptcy Court in *In re Pacheco*[63] couched the question as follows: "does the discharge injunction apply to prevent continuation of the state court action before there has been a determination of dischargeability?"[64] Looking to the text of Bankruptcy Code section 523(c)(1) and agreeing with the analysis of the Tenth

---

are considered in law as trespassers.'") (citing *Elliott v. Peirsol*, 26 U.S. (1 Pet.) 328, 340 (1828)); *In re Bearden*, 382 B.R. 911, 923 (Bankr. D. S.C. 2008) ("The failure to dismiss the Debtor from the state court litigation after Defendants were served with the answer which indicated that Debtor had received a discharge may be a violation of the discharge injunction.").

[60] *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c).

[61] Adv. No. 22-1391-SMG, ECF No. 1.

[62] *In re Pacheco*, 616 B.R. 126, 136 (Bankr. D. N.M. 2020).

[63] *Id.*

[64] *Id.* In *Pacheco*, the Bankruptcy Court had not yet adjudicated the non-dischargeability determination. *Id.* In this case, the Court has adjudicated non-dischargeability, but that determination has been appealed, and the appeal has not yet been resolved.

Circuit Bankruptcy Appellate Panel in *Buke, LLC v. Eastburg (In re Eastburg)*,[65] the court in *Pacheco* concluded that debts alleged to be nondischargeable under sections 523(a)(2), (4), or (6) are nevertheless "'presumptively discharged' until the bankruptcy court makes a determination regarding dischargeability."[66]

Here, this Court has already made a dischargeability determination, concluding that the Dalys and Sealcoating failed to prove the Debtor owed them any debts excepted from discharge under sections 523(a)(2), (4), or (6). Although that decision is on appeal, these debts are nevertheless "presumptively discharged," for the same reasons articulated in *Pacheco*. "To hold otherwise and allow nonbankruptcy litigation to proceed unimpeded . . . while the non-dischargeability action relating to the debt is pending would lead to an absurd result that could not have been intended by the legislature."[67] If this Court's determination is ultimately affirmed on appeal, without the presumption of dischargeability the Debtor would have been "deprived of the benefit of the bankruptcy discharge contrary to the fresh start policy of the Bankruptcy Code."[68] Such a scenario would "throw those types of debts into 'debt limbo,' with neither the automatic stay nor the discharge injunction functioning to protect debtors."[69] Thus, unless modified, the discharge injunction – which is in full force and effect – prohibits continuation of the State Court Action "in

---

[65] 447 B.R. 624, 632 (B.A.P. 10th Cir. 2011).

[66] *Pacheco*, 616 B.R. at 136 (quoting *Eastburg*, 447 B.R. at 632).

[67] *Id*. at 136-37.

[68] *Id*. at 137.

[69] *Id*. (quoting *Eastburg*, 447 B.R. at 632 n.38). When a debtor files for bankruptcy, the automatic stay arises, protecting him from creditor collection actions. 11 U.S.C. § 362(a). When a debtor receives a discharge, the discharge injunction then replaces the automatic stay. *Pacheco*, 616 B.R. at 136, 139.

any manner."[70] And neither the agreed-upon language in the Confirmation Order, nor the State Court Stay diminish this protection afforded to debtors.

        2.    *The Agreed Language in the Confirmation Order.*

Paragraph 7 of the Confirmation Order correctly recites that the Dalys have appealed the Pre-Confirmation Rulings, and that the Court's ruling disallowing Claim No. 13-1 is in full force and effect. The next sentence says that due to their pending appeal, their claim is a "Disputed Claim" as that term is defined in Article 5.5.1 of the Third Modified Plan. Under Article 5, section 5.1 of the Third Modified Plan, the term "disputed claim" is defined as:

> a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:
>
> > A.    A proof of claim has been field [sic] or deemed filed, and Debtor or another party in interest has filed an objection;
> >
> > or
> >
> > B.    The Debtor scheduled a claim and marked the claim disputed, contingent, or unliquidated in the schedules and the Debtor or other interested party has filed an objection.

So it is correct that Claim No. 13-1 meets the definition of a "Disputed Claim" under the plan. But given the treatment of the claim in the Third Modified Plan, that the claim constitutes a "Disputed Claim" is of no consequence because Class 6 provides no distinction between allowed and disputed claims. With respect to Class 6, the Third Modified Plan accurately recites that the claim has been disallowed and makes

---

[70] ECF No. 273, at 10-11. *See also* 11 U.S.C. § 524(a)(2); *Taggart*, 587 U.S. at 558; *cf. Gurrola*, 328 B.R. at 174; *Bearden*, 382 B.R. at 923.

clear that no reserve was being made for it.[71] Nothing in paragraph 7 of the Confirmation Order changes this treatment.

The third sentence of paragraph 7 then states that the "Court retains jurisdiction, within the confines of the Bankruptcy Code, to consider any appropriate modification to the Plan and this Order, if Patrick and Elizabeth Daly are successful in their appeal." But because the Third Modified Plan was confirmed under 11 U.S.C. § 1191(a) and the Effective Date of the plan has already occurred,[72] the plan can no longer be modified. Bankruptcy Code section 1193(b) addresses modification of a "consensual" subchapter V plan after confirmation. It provides that:

> If a plan has been confirmed under section 1191(a) of this title, ***the debtor may modify the plan at any time after confirmation of the plan <u>and before substantial consummation of the plan</u>***, but may not modify the plan so that the plan as modified fails to meet the requirements of sections 1122 and 1123 of this title, with the exception of subsection (a)(8) of such section 1123. The plan, as modified under this subsection, becomes the plan only if circumstances warrant the modification and the court, after notice and a hearing, confirms the plan as modified under section 1191(a) of this title.[73]

Under the Third Modified Plan, the transactions undertaken on the Effective Date[74] resulted in "substantial consummation" of the plan as of that date. "Substantial consummation" is defined in section 1101(2) of the Bankruptcy Code to mean:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;

---

[71] ECF No. 251, at 11-12.
[72] ECF No. 276.
[73] 11 U.S.C. § 1193(b) (emphasis added).
[74] *See* ECF No. 251, at §§ 4.2, 4.3, 4.4, 4.5.C, 6.1, 7.2, 7.6.

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.[75]

Thus, to the extent paragraph 7 of the Confirmation Order sought to preserve the ability "within the confines of the Bankruptcy Code," to consider any appropriate modification to the plan based on the outcome of the appeal, the Bankruptcy Code does not permit modification of the plan after substantial consummation.[76]

The Third Modified Plan provided no distribution to, nor any reserve for, Claim No. 13-1. The Dalys and Sealcoating withdrew their objection to confirmation. The Court confirmed the plan as a consensual plan under section 1191(a). The effective date of the plan was March 15, 2024, when it was substantially consummated. Accordingly, the Third Modified Plan may no longer be modified further, even if the Dalys and Sealcoating were to prevail on their appeal. The Confirmation Order is therefore in full force and effect and must be enforced.

3.    *The State Court Stay.*

The State Court Stay does not relieve the Dalys and Sealcoating of their obligation to dismiss their claims for personal liability against the Debtor. A bankruptcy discharge is "an absolute, nonwaivable defense,"[77] which a creditor "has a *duty* to obey."[78] "Congress intended the discharge injunction 'to eliminate any doubt concerning the effect of the discharge as a total prohibition of debt collection efforts'

---

[75] 11 U.S.C. § 1101(2).
[76] *See In re Nat'l Tractor Parts, Inc.*, 640 B.R. 916, 922 (Bankr. N.D. Ill. 2022).
[77] *Gurrola*, 328 B.R. at 163, 170.
[78] *Id.* at 174.

and to ensure that 'once a debt is discharged, the debtor will not be pressured in any way to repay it.'"[79] As such, it is not for the Dalys and Sealcoating or the state court to fashion their own remedy here. The Debtor received a discharge. It must be honored, and the state court claims against the Debtor seeking to impose personal liability against him must be dismissed.

> 4.    *Seeking Declaratory Relief Does Not Violate the Discharge Injunction.*

While the discharge injunction prohibits the continuation of an action for personal liability against the Debtor, it does not bar claims for declaratory relief.[80] The claims in Counts I through XI in the State Court Action each sought damages against the Debtor, so each of those claims has been discharged.[81] But the claims in Counts XII and XIII – which seek only declaratory relief – do not need to be dismissed on that basis.[82] Count XII, however, seeks the same determination – ownership of All Paving, Inc. – that this Court has already made after a nine-day trial. As such, the Dalys and Sealcoating may be precluded from relitigating that issue in state court,[83] but that is for the state court to determine. Neither the Confirmation Order, nor the discharge injunction, however, require its dismissal.

---

[79] *McIntosh*, 657 B.R. at 284 (quoting *In re Anderson*, 641 B.R. 1, 43 (Bankr. S.D.N.Y. 2022)).

[80] *In re Bahary*, 528 B.R. 763, 774 (Bankr. N.D. Ill. 2015).

[81] The Dalys and Sealcoating have stated on the record that the state court had previously dismissed Count XI, which sought damages against the Debtor for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-213.

[82] *See Bahary*, 528 B.R. at 774.

[83] *See Jaffree v. Wallace*, 837 F.2d 1461, 1467 (11th Cir. 1988) (under federal common law, "a final judgment retains all of its res judicata consequences pending decision of the appeal.") (cleaned up); *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1171 (11th Cir. 2018) (a state court may apply res judicata to a federal district court judgment that was pending appeal); *cf. Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.").

Count XIII seeks a declaratory judgment as to the ownership of the All Paving, Inc. tradename, trademark, logo, and the AllPaving.com domain name – issues that this Court specifically noted it was not deciding in the Pre-Confirmation Rulings.[84] Regardless, the Debtor argues that pursuit of this count is also enjoined. In support of his argument, he points to 11 U.S.C. § 1141(b), which provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."[85] The Debtor argues that because he listed all of these assets on his bankruptcy schedules, they were all property of his estate, and because no one raised an objection to confirmation as to his asserted ownership thereof, then upon confirmation, those assets vested in him and the Confirmation Order precludes any interested party from later contesting ownership. The Debtor's argument assumes too much.

The commencement of a bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.[86] Those property interests, though, "are created and defined by state law," unless a federal interest requires a different result.[87] While debtors are required to file comprehensive and complete schedules of their assets and liabilities,[88] the mere act of listing property on a debtor's bankruptcy schedules does not make such

---

[84] *Daly*, 655 B.R. at 260 n.8.
[85] 11 U.S.C. § 1141(b).
[86] 11 U.S.C. § 541(a)(1).
[87] *Butner v. U.S.*, 440 U.S. 48, 55 (1979); *Southtrust Bank of Ala. v. Thomas (In re Thomas)*, 883 F.2d 991, 995 (11th Cir. 1989).
[88] 11 U.S.C. § 521(a)(1)(B)(i); Fed. R. Bankr. P. 1007(b)(1)(A).

property estate property. Rather, if ownership is contested – as it is here – ownership of those assets must be resolved in an appropriate forum under applicable state law.

To issue the Pre-Confirmation Rulings, this Court did not need to decide – and did not decide – who owned the "All Paving" trade name, trademark, or logo, or the allpaving.com domain name.[89] Thus, under 11 U.S.C. § 1141(b), the Third Modified Plan, and the Confirmation Order, whatever rights (if any) the Debtor had in these assets as of his petition date vested in him on the effective date of his plan – nothing more, nothing less. There remained at that time an unresolved dispute as to ownership of those assets, and neither the Confirmation Order nor the discharge injunction preclude further litigation to determine their ownership, although any claim for personal liability attendant to that dispute would be barred. Insofar as Count XIII seeks only a declaratory judgment to determine ownership of these assets, that count is not barred by the Confirmation Order or the discharge injunction.

## IV.    Remedy and Sanctions.

The Debtor seeks an order from this Court requiring the Dalys and Sealcoating to dismiss their claims against him in the State Court Action with prejudice,[90] and requests that the Court hold the Dalys and Sealcoating, along with their attorneys, in contempt of court and fine them if they fail to do so.[91] In his supplemental brief, the Debtor then asked that $30,000 in attorneys' fees "he has had to pay counsel to

---

[89] *Daly*, 655 B.R. at 260 n.8.
[90] ECF No. 296, at 7.
[91] ECF No. 287.

enforce the confirmation plan and discharge injunction be reimbursed so these amounts can be used to pay plan creditors."[92]

As a remedy, the Court will only require dismissal of the claims asserted against the Debtor in Counts I through XI of the State Court Action to be without prejudice. This will ensure the Debtor receives the full benefit of his discharge but will preserve the possibility (subject to any defenses the Debtor may have, or any mandate dictated by an appellate court) of the Dalys and Sealcoating re-asserting these claims in the event the Pre-Confirmation Rulings are reversed on appeal.[93]

As for sanctions, the Debtor's request for reimbursement of attorneys' fees expended in the State Court Action so those funds could be used to pay creditors under his plan will be denied. Under the Third Modified Plan, the treatment provided for each impaired class of creditors was not dependent on any future recoveries by the Debtor.[94] And, as discussed above, the Third Modified Plan has been substantially consummated and cannot be modified further. Thus, were the Court to award attorneys' fees to the Debtor, no provision of the Bankruptcy Code, Third Modified Plan, or Confirmation Order provides any mechanism to distribute any such award to creditors at this point.

---

[92] ECF No. 300.
[93] Of course if the Pre-Confirmation Rulings are affirmed, then these claims could not be re-asserted without violating the discharge injunction.
[94] The only impaired classes were Classes 3, 5, and 6. As discussed, Class 6 provided no recovery at all. Class 5 provided for a single $100.00 payment in full satisfaction of the claim in that class. And Class 3 provided its creditors with the option to receive either 5% of their claims on the effective date, or if those claims were contested, the amount awarded upon resolution.

**V.    Conclusion.**

A bankruptcy discharge is absolute, not conditional.[95] The Debtor received a discharge here and is entitled to its full scope and protections.[96] Neither the pending appeal of the Pre-Confirmation Rulings, the agreed-upon language in paragraph 7 of the Confirmation Order, nor the State Court Stay modify the scope and protections of the discharge injunction to which the Debtor is entitled. The claims asserted against the Debtor seeking personal liability in the State Court Action must therefore be dismissed, albeit without prejudice. For the foregoing reasons, it is

**ORDERED** that:

1.    The Debtor's *Motion to Enforce Discharge Injunction* is **GRANTED IN PART**, as set forth herein.

2.    Within 14 days of entry of this Order, Patrick Daly, Elizabeth Daly, and All Paving & Sealcoating, LLC must (to the extent not already dismissed) dismiss without prejudice Counts I, II, III, IV, V, VI, VII, VIII, IX, X, and XI of the Second Amended Complaint in *All Paving Inc., et al. v. Daly*, Case No. CACE17014794.

3.    To the extent Counts XII and XIII seek only declaratory relief to determine ownership of property, and not to impose any personal liability on the Debtor, the discharge injunction does not prohibit continued litigation of those claims.

4.    Nothing in this Order affects any claims asserted against Jamie Schindler in the State Court Action.

---

[95] *See Gurrola*, 328 B.R. at 174.
[96] *See McIntosh*, 657 B.R. at 284.

5.     Nothing in this Order affects the rights of Patrick Daly, Elizabeth Daly, and All Paving & Sealcoating, LLC to defend against any counterclaims asserted by the Debtor against them in the State Court Action.

6.     The Debtor's request for sanctions is **DENIED**.

7.     The Court retains jurisdiction to enforce this Order.

### # # #

Copies furnished to:

All counsel of record by CM/ECF

Daren C. Daly
10248 NW 62 CT
Pompano Beach, FL 33076